### FIFTH CAUSE OF ACTION
### AGAINST ADA ANDREA FREUND FOR HER
### WRONGFUL VIOLATION OF PLAINTIFF'S CIVIL
### RIGHTS UNDER COLOR OF STATE LAW (FAILURE TO
### INVESTIGATE & DELIBERATE FABRICATION OF EVIDENCE)

164.    Plaintiff repeats, reiterates, and realleges each and every allegation set forth in this Complaint in paragraphs 1 through 163, inclusive, with the same force and effect as if set forth at length herein.

165.    Defendant ADA Freund and various ADA John/Jane Does are personally liable for damages because of their unwarranted, unreasonable and unconstitutional acts during the investigation phase of the criminal case including, but not limited to: (a) ignoring evidence of Plaintiff's innocence during the investigation phase of the case; (b) failing to reveal exculpatory evidence to the defense during the investigation phase of the case; (c) fabricating evidence during the investigation phase of the case; (d) failing to investigate and follow up on leads that indicated the guilt of others and the innocence of Plaintiff during the investigation phase of the case; (e) pressuring eyewitnesses to make an identification of Plaintiff despite their independent inability to do so or despite statements that they "were not sure" of their previous identifications during the investigation phase of the case; (f) failing to order tests on physical evidence collected by the NYPD (and/or failing to reveal the results of any such testing) during the investigation phase of the case; (g) losing or secreting critical exculpatory evidence either during the investigation phase of the case or post-conviction, and (h) otherwise acting with reckless disregard of Plaintiff's constitutional rights.

166.    Upon information and belief, Defendants ADA Freund, and various ADA John/Jane Does, acting within the scope of their employment and under color of state

law, supervised NYPD investigators during the investigation phase of the criminal case and deliberately failed to conduct a constitutionally adequate investigation of the crimes of which Alan Newton was charged (*i.e.*, ADA Freund, *et al.*, supervised investigators who acted with reckless disregard of Plaintiff's constitutional rights), including without limitation the following:

a.    Failing to obtain a full and complete description of VJ's assailant from the two eyewitnesses before beginning photo displays and physical lineups;

b.    Failing to question the vague and "evolving" description of the rapist offered by VJ;

c.    Failing to investigate fully and then disclose to Mr. Newton and his attorneys that VJ was an epileptic who had consumed a substantial amount of alcohol on the evening in question in direct contravention of her doctor's instructions (very unreliable witness);

d.    Failing to investigate VJ's original claim that a man named "Willie," who drove a blue and white Pontiac Grand Prix, raped her;

e.    Failing to investigate the claims of a third-party witness, Deborah Chamberlin, that a "local" man named "Willie" could be linked to the crime scene and a blue and white Pontiac Grand Prix automobile;

f.   Failing to test the blood, semen and hair recovered from the victim's body to determine whether any of this physical evidence confirmed the guilt or innocence of Mr. Newton;

g.   Failing to test sneakers taken from Mr. Newton at or around the time of his arrest to determine: (i) whether the treads on those sneakers matched the sneaker tread marks found on the victim's body and clothing, and (ii) whether there was any blood on the sneakers that could be traced to the victim (the sneakers were allegedly lost by the NYPD and the results of testing, if any, on the sneakers was never disclosed to Mr. Newton or his attorneys);

h.   Failing to record the confidence level of the eyewitnesses in their identifications of Mr. Newton after they allegedly selected his photo in arrays and picked him out of lineups;

i.   Failing to ensure that fair, proper and untainted visual and voice identification procedures were conducted for the two eyewitnesses (who offered the only evidence in support of the charges asserted against Mr. Newton);

j.   Failing to investigate the merits of Mr. Newton's alibi defense by interviewing those allegedly with him at or around the times the crimes were committed; and

k.   Failing to seek or obtain a search warrant to determine: (i) whether the clothing on the assailant described by VJ might be found

within Mr. Newton's apartment, or (ii) whether any clothing found within Mr. Newton's apartment had VJ's blood on it; and

l.    Improperly influencing eyewitnesses – one who could not identify Mr. Newton in open court, and the second, who recanted and advised after the Suppression Hearing that she could not confidently testify that Mr. Newton was her assailant.

167.    Upon information and belief, Defendant ADA Freund, and various NYPD John/Jane Does, acting within the scope of their employment and under color of state law, actively supervised NYPD investigators who employed procedures that violated Plaintiff's constitutional rights during the investigation phase of the criminal case:

a.    NYPD investigators had repeatedly employed unduly suggestive conduct to induce the two eyewitnesses to misidentify Alan Newton at physical and photographic identification procedures, *viz*:

i.    Showing the two eyewitnesses photographs and photo arrays in which Mr. Newton's photograph was noticeably different from all other photographs;

ii.    Showing the two eyewitnesses photographs and photo arrays, including Mr. Newton's photograph, prior to their viewing him in a physical lineup (where he became the only common denominator);

iii.    Deliberately failing to document such repeated displays of Mr. Newton's photograph to the two eyewitnesses;

iv. Pressuring the two eyewitnesses to make an identification of Mr. Newton;

v. Providing the two eyewitnesses with suggestive information about Mr. Newton prior to the physical lineups including his identity, his address and arrest history;

vi. Advising the two eyewitnesses that one of the people in the physical lineup, Mr. Newton, was the prime suspect and that the other eyewitness had already identified him;

vii. Engaging in post-identification suggestion by telling the two eyewitnesses that they had selected the right person and, further, that the other eyewitness had already identified Mr. Newton;

168.    Failing to advise Mr. Newton and his attorneys that the NYPD had not fully investigated the claims of a third-party witness, Deborah Chamberlin, that a "local" man named "Willie" could be linked to the crime scene and a blue and white Pontiac Grand Prix automobile (and, thereafter, failing to turn over any exculpatory materials relating to the Chamberlin interview and "background check");

169.    Failing to advise Mr. Newton and his attorneys that the NYPD had not tested the blood, semen and hair recovered from the victim's body to determine whether any of this physical evidence confirmed the guilt or innocence of Mr. Newton;

170.    Failing to advise Mr. Newton and his attorneys that the NYPD had not tested the sneakers taken from Mr. Newton at or around the time of his arrest to determine: (i) whether the treads on those sneakers matched the sneaker tread marks

found on the victim's body and clothing, and (ii) whether there was any blood on the sneakers that could be traced to the victim (and that the sneakers were lost by the NYPD).

171.    The aforesaid conduct operated, *inter alia*, to deprive Mr. Newton of important and well established rights under the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, and rights established by the Constitution of the State of New York, including Plaintiff's right not be significantly detained pretrial except pursuant to a fair and reliable determination of probable cause, his right to be free from a bad-faith prosecution, his right to a fair trial, his right to freedom from the deprivation of liberty without due process of law, and his right to be free from cruel and unusual punishment. Such misconduct also directly and proximately caused his arrest, his indictment, his conviction, his sentence and his incarceration for over twenty-two years.

172.    As a direct and proximate result of the deliberate (or reckless) failure to conduct a constitutionally adequate investigation and the deliberate (or reckless) suppression of material favorable evidence to Mr. Newton, Defendant ADA Freund and various ADA John/Jane Does, caused Mr. Newton to endure a wrongful arrest and an unfair trial in violation of his clearly established constitutional rights; Mr. Newton was maliciously prosecuted, forced to endure a wrongful conviction and then wrongfully imprisoned for over two decades. During all of these events, Mr. Newton endured substantial physical, emotional and pecuniary injuries detailed above.

173.    Any "absolute prosecutorial immunity" that might otherwise apply was lost when ADA Freund and various ADA John/Jane Does became actively involved in the pre-Indictment and pretrial investigation aspects of the crime. Records obtained from

the Bronx DA's Office indicate that ADA Freund involved herself in the criminal investigation as early as June 29, 1984 by, among other things, interviewing the two individuals who allegedly identified Mr. Newton as VJ's assailant (less than six days after the crime) and supervising the investigation performed by the NYPD.

174.    ADA Freund and various ADA John/Jane Does are liable personally and in their official capacity for these acts which damaged Plaintiff.

175.    Thus, pursuant to 42 U.S.C. § 1983, Plaintiff Alan Newton now demands judgment against Defendant ADA Freund, and various ADA John/Jane Does, for compensatory damages totaling One Hundred Million Dollars ($100,000,000.00), plus attorney fees, costs, expenses, and any other and further relief this Court deems just and proper.

## SIXTH CAUSE OF ACTION
### AGAINST DEFENDANTS SHEEHAN & TRABITZ FOR WRONGFUL VIOLATION OF PLAINTIFF'S CIVIL RIGHTS UNDER COLOR OF STATE LAW (SUPERVISORY LIABILITY)

176.    Plaintiff repeats, reiterates, and realleges each and every allegation set forth in this Complaint in paragraphs 1 through 172, inclusive, with the same force and effect as if set forth at length herein.

177.    The acts of Defendants Sheehan, Trabitz, and various NYPD John/Jane Does, were committed under their authority as NYPD Commanding Officers vested under and by virtue of the laws of the State of New York; their acts were, therefore, committed under the color of New York State law.

178.    Defendants Sheehan, Trabitz, and various NYPD John/Jane Does, knew or should have known of the need for additional screening, training, supervising and disciplining of NYPD personnel to: (a) refrain from ignoring evidence of a criminal

defendant's innocence; (b) refrain from misrepresenting withholding or falsifying evidence, (c) exercise care and thoroughness in the investigation and prosecution of a case of a crime involving no other evidence but identifications; (d) accurately identify and handle exculpatory material; (e) refrain from obtaining indictments in bad faith and without probable cause; and (f) record, inventory, protect, preserve and produce all criminal evidence entrusted to their care and custody that might lead to the exoneration of a criminal defendant.

179.   Through an intentional and deliberate indifference and/or a reckless disregard of basic civil rights, Defendants Sheehan, Trabitz, and various NYPD John/Jane Does, failed to provide adequate screening, training, supervising, and disciplining of NYPD personnel with respect to: (a) misrepresenting, withholding and falsifying evidence, (b) conducting a proper investigation, (c) obtaining indictments in bad faith without probable cause, (d) identifying and handling exculpatory material in a proper manner, and (e) protecting, preserving and producing all criminal evidence entrusted to their care and custody that might lead to the exoneration of a criminal defendant.  This reckless disregard of basic constitutional rights is evidenced by prior decisions of the courts of the State of New York reporting that the NYPD engaged in various acts of police misconduct and constitutional violations including: withholding exculpatory evidence from accused individuals, acting in a manner to obtain conviction at all costs rather than seeking truth and justice and, generally, in failing to act in a constitutional manner.

180.   Defendants Sheehan, Trabitz, and various NYPD John/Jane Does, personally and/or through their authorized delegates, at all relevant times, had final,

discretionary authority to promulgate and implement policies and procedures, including policies and procedures as to personnel training and supervision, with respect to the performance of duties by NYPD personnel. Defendants Sheehan, Trabitz, and various NYPD John/Jane Does, were NYPD "policy makers" on behalf of the NYPD and The City; Defendants Sheehan, Trabitz, and various NYPD John/Jane Does, acted, however, with a reckless disregard to the constitutional rights of persons coming into contact with the NYPD in the manner set forth above.

181.    Upon information and belief, NYPD personnel have not been disciplined by the NYPD for their misconduct, despite repeated judicial findings that NYPD personnel have engaged in misconduct. Such failure constitutes a reckless disregard toward the constitutional rights of the accused, and such misconduct includes, but is not limited to, withholding or secreting exculpatory evidence from the criminally accused.

182.    Defendants Sheehan, Trabitz, and various NYPD John/Jane Does, knew or should have known that the need for adequate screening, training, supervising, and disciplining of NYPD personnel was and is compelling because of the overriding credo of NYPD personnel to obtain and sustain convictions at all costs with deliberate and total disregard for the truth and the constitutional rights of the accused.

183.    Specifically, with respect to the NYPD Defendants named in this action, Defendants Sheehan, Trabitz, and various NYPD John/Jane Does, knew or should have known of the inherent risks of permitting the NYPD defendants named herein to handle this sex crime case and the resulting evidence.

184.    Defendants Sheehan, Trabitz, and various NYPD John/Jane Does, knew that Bronx Sex Crimes Unit of the NYPD and the Property Clerk's Department would do

all in their power to obtain and sustain a rape, robbery and assault conviction. This circumstance required an even more heightened and controlled level of supervision which should have been exercised or, alternatively, all conceivable steps should have been taken to ensure that the Bronx Sex Crimes Unit and Property Clerk's Division would act ethically and, specifically, in accordance with their duties as officers of the peace and, specifically under <u>Brady v. Maryland</u> and similar cases.

185.    However, rather than providing more scrutiny and supervision to avoid such concerns, Defendants Sheehan, Trabitz, and various NYPD John/Jane Does, actually fostered and instigated the wrongful conduct of NYPD personnel. Supervisory personnel and others were apparently directly involved and became aware of, but ignored, the evidence and strong indications that Plaintiff Alan Newton was innocent and that material evidence was being withheld from Mr. Newton and his attorneys.

186.    In addition, during Mr. Newton's post-convictions proceedings and hearings, the NYPD and its management used every tool to prevent the disclosure of exculpatory evidence and hide the improper behavior of its employees. Upon information and belief, it did no investigation into the circumstances surrounding this improper behavior but sought only to protect the "integrity" of the NYPD.

187.    But for the deliberate indifference of Defendants Sheehan, Trabitz, and various NYPD John/Jane Does, in failing to adequately provide screening, training, supervision, and discipline of NYPD personnel, the innocent Plaintiff would not have been prosecuted nor convicted of the crime, nor would he have continued to suffer through the failure of his post-conviction motions.

188.    The aforesaid conduct operated, *inter alia*, to deprive Mr. Newton of important and well established rights under the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, and rights established by the Constitution of the State of New York, including Plaintiff's right not be significantly detained pretrial except pursuant to a fair and reliable determination of probable cause, his right to be free from bad-faith prosecution, his right to a fair trial, his right to freedom from the deprivation of liberty without due process of law, and his right to be free from cruel and unusual punishment. Such misconduct also directly and proximately caused his arrest, his indictment, his conviction, his sentence and his incarceration for over twenty-two years.

189.    By reason of the aforesaid violations of Plaintiff's rights, Plaintiff is entitled to damages under 42 U.S.C. § 1983.

190.    The foregoing violations of Plaintiff's constitutional rights, his conviction, his sentence, his incarceration, and his resulting and continuing injuries were directly and proximately caused by the deliberate indifference of NYPD personnel to Plaintiff's constitutional rights.

191.    With respect to all of the wrongful actions and omissions alleged above, Defendants Sheehan, Trabitz, and various NYPD John/Jane Does, knew to a moral certainty that NYPD personnel would confront situations requiring adequate screening, training, equipment, supervision, and discipline, and that there was a clear history of NYPD personnel mishandling such situations; these Defendants knew that wrong choices by NYPD personnel had previously resulted in the deprivation of various citizens' constitutional rights.

192.   Defendants Sheehan, Trabitz, and various NYPD John/Jane Does, are responsible personally and in their official capacities in this instance for the violation of Mr. Newton's rights.

193.   Thus, pursuant to 42 U.S.C. § 1983, Plaintiff Alan Newton now demands judgment against Defendants Sheehan, Trabitz, and various NYPD John/Jane Does, for compensatory damages totaling One Hundred Million Dollars ($100,000,000.00), plus attorney fees, costs, expenses, and any other and further relief this Court deems just and proper.

### SEVENTH CAUSE OF ACTION
### AGAINST THE DA DEFENDANTS FOR THEIR
### WRONGFUL VIOLATION OF PLAINTIFF'S CIVIL RIGHTS
### UNDER COLOR OF STATE LAW (SUPERVISORY LIABILITY)

194.   Plaintiff repeats, reiterates, and realleges each and every allegation set forth in this Complaint in paragraphs 1 through 190, inclusive, with the same force and effect as if set forth at length herein.

195.   The acts of ADA Freund, ADA Carroll, ADA Moore, ADA Curbello, and various ADA John/Jane Does, were committed under their authority as Assistant District Attorneys vested under and by virtue of the laws of the State of New York; these acts were, therefore, committed under the color of the state law.

196.   DA Merola and DA Johnson knew or should have known of the need for additional screening, training, supervising and disciplining of Assistant District Attorney's in the Office of the District Attorney of Bronx County to: (a) refrain from ignoring evidence of a criminal defendant's innocence; (b) refrain from misrepresenting withholding or falsifying evidence; (c) exercise care and thoroughness in the investigation and prosecution of a case of a crime involving no other evidence but

identifications; (d) accurately identify and handle exculpatory material;  (e) refrain from obtaining indictments in bad faith and without probable cause; and (f) record, inventory, protect, preserve and produce all criminal evidence entrusted to their care and custody that might lead to the exoneration of a criminal defendant.

197.    Through intentional and deliberate indifference and a reckless disregard of basic civil rights, DA Merola and DA Johnson failed to provide adequate screening, training, supervising, and disciplining of Assistant District Attorneys serving in the Office of the District Attorney of Bronx County with respect to (a) misrepresenting, withholding and falsifying evidence, (b) conducting a proper investigation, (c) obtaining indictments in bad faith without probable cause, (d) identifying and handling exculpatory material in a proper manner, and (e) protecting, preserving and producing all criminal evidence entrusted to their care and custody that might lead to the exoneration of a criminal defendant.  This reckless disregard of basic constitutional rights is evidenced by decisions of the courts of the State of New York reporting that the Office of the District Attorney of Bronx County engaged in various acts of prosecutorial misconduct and constitutional violations including withholding exculpatory evidence from accused individuals, engaging in improper, disingenuous and factually vacant arguments, acting in a manner to obtain convictions at all costs rather than seeking truth and justice and, generally, in failing to act in a quasi-judicial capacity.

198.    The District Attorneys of Bronx County, personally and/or through their authorized delegates, at all relevant times, had final, discretionary authority to promulgate and implement policies and procedures, including policies and procedures as to personnel training and supervision, with respect to the District Attorney's Office's performance of

its duties. The Defendant District Attorneys (and/or their authorized delegates) were City and State "policy makers"; they acted, however, with a reckless disregard to the constitutional rights of persons coming into contact with their Office in the manner set forth above.

199.    Upon information and belief, prosecutors have not been disciplined by the Office of the District Attorney of Bronx County for their misconduct, despite repeated judicial findings that prosecutors from their Office engaged in misconduct and despite knowledge that innocent people were being convicted through aggressive prosecutorial misconduct. Such failure constitutes reckless disregard toward the constitutional rights of the criminally accused; such misconduct includes, but is not limited to, the withholding or secreting of exculpatory evidence from the accused.

200.    DA Merola and DA Johnson knew that the need for adequate screening, training, supervising, and disciplining of Assistant District Attorneys was and is compelling because of the overriding credo of ADA Freund, and other prosecutors in the Office of the Bronx County District Attorney, to obtain convictions at all costs with deliberate and total disregard for the truth and the constitutional rights of the accused.

201.    Specifically, with respect to ADA Freund, the Office of the District Attorney, through its management and supervisory personnel, knew or should have known of the inherent risks of permitting ADA Freund to handle this sex crime case.

202.    DA Merola knew that ADA Freund would do anything to obtain a rape, robbery and assault conviction. This circumstance required a heightened and controlled level of supervision which should have been exercised or, alternatively, the taking of all conceivable steps to ensure that ADA Freund would act ethically and, specifically in

-72-

accordance with her duties as a quasi-judicial officer (and, specifically under <u>Brady v. Maryland</u> and similar cases).

203.    DA Merola and DA Johnson also knew or should have known that evidence in a multitude of Bronx criminal cases was being lost or misplaced.

204.    However, rather than providing more scrutiny and supervision to avoid such concerns, the Bronx District Attorney's Office actually fostered and/or instigated the foregoing misconduct.    Supervisory personnel and others were apparently directly involved and became aware of, but ignored, the evidence and strong indications that Plaintiff Alan Newton was innocent and that evidence relating to his innocence was not being produced to him.

205.    In addition, during Mr. Newton's post-convictions proceedings and hearings, the Bronx District Attorney's Office used every tool to prevent the disclosure of (or secrete) exculpatory evidence and hide the improper behavior of its employees. Upon information and belief, the Bronx District Attorney's Office did no investigation into the circumstances surrounding this improper behavior but sought only to protect the "integrity" of its office.

206.    But for DA Merola's and DA Johnson's deliberate indifference to the inadequate screening, training, supervision, and discipline of Assistant District Attorneys for Bronx County, the innocent Plaintiff would not have been prosecuted nor convicted of the crime; nor would he have continued to suffer through the failure of his post-conviction motions.

207.    The aforesaid conduct operated, *inter alia*, to deprive Plaintiff of important and well established rights under the Fourth, Fifth, Sixth, Eighth and

Fourteenth Amendments to the United States Constitution, and rights established by the Constitution of the State of New York, including Plaintiff's right not be significantly detained pretrial except pursuant to a fair and reliable determination of probable cause, his right to be free from bad-faith prosecution, his right to a fair trial, his right to freedom from the deprivation of liberty without due process of law, and his right to be free from cruel and unusual punishment. Such misconduct also directly and proximately caused his arrest, his indictment, his conviction, his sentence and his incarceration for over twenty-two years.

208.    By reason of the aforesaid violations of Plaintiff's rights, Plaintiff is entitled to damages under 42 U.S.C. § 1983.

209.    The foregoing violations of Plaintiff's constitutional rights, his conviction, his sentence, his incarceration, and his resulting and continuing injuries were directly and proximately caused by the deliberate indifference to Plaintiff's constitutional rights of persons by prosecutors in the District Attorney's Office of Bronx County.

210.    With respect to all of the wrongful actions and omissions alleged above, DA Merola and DA Johnson knew to a moral certainty that their Assistant District Attorneys would confront situations requiring adequate screening, training, equipment, supervision, and discipline; that there was a clear history of Assistant District Attorneys mishandling such situations; and, finally, that wrong choices by their Assistant District Attorneys frequently resulted in the deprivation of a citizen's constitutional rights.

211.    DA Merola and DA Johnson are, therefore, responsible personally and in their official capacities for the violation of Plaintiff's constitutional rights.

212.    Thus, pursuant to 42 U.S.C. § 1983, Plaintiff Alan Newton now demands judgment against Defendants DA Merola and DA Johnson for compensatory damages totaling One Hundred Million Dollars ($100,000,000.00), plus attorney fees, costs, expenses, and any other and further relief this Court deems just and proper.

## EIGHTH CAUSE OF ACTION
### AGAINST THE INDIVIDUAL DEFENDANTS FOR THEIR WRONGFUL VIOLATION OF PLAINTIFF'S CIVIL RIGHTS UNDER COLOR OF STATE LAW (CONSPIRACY LIABILITY)

213.    Plaintiff repeats, reiterates, and realleges each and every allegation set forth in this Complaint in paragraphs 1 through 209, inclusive, with the same force and effect as if set forth at length herein.

214.    Defendants Newbert, Galligan, Hartfield, Ryan, Harris, Leho, O'Toole, Sheehan, McGuire, Haskins, Kiely, Trabitz, various NYPD John/Jane Does, DA Merola, DA Johnson, ADA Freund, and various ADA John/Jane Does, acting within the scope of their employment and under color of state law, agreed amongst themselves and with other individuals to act in concert in order to deprive Mr. Newton of important and well established rights under the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, and rights established by the Constitution of the State of New York, including Plaintiff's right not be significantly detained pretrial except pursuant to a fair and reliable determination of probable cause, his right to be free from bad-faith prosecution, his right to a fair trial, his right to freedom from the deprivation of liberty without due process of law, and his right to be free from cruel and unusual punishment.

215.   In furtherance of this ongoing conspiracy each individual Defendant engaged in and facilitated numerous overt acts, including, without limitation, the following:

a.   Repeatedly employing unduly suggestive conduct to induce the two eyewitnesses to misidentify Plaintiff at physical and photographic identification procedures;

b.   Wrongfully pressuring eyewitnesses into falsely identifying Plaintiff as the rapist;

c.   Submitting deliberate fabrications about the results of tests performed (or not) on physical evidence collected from the victim, the crime scene and Plaintiff and/or agreeing wrongfully not to test the evidence to ensure that exculpatory evidence was not produced;

d.   Ignoring credible leads provided by third-party witnesses, and omitting (and thereafter destroying) exculpatory information provided by such witnesses;

e.   Deliberately or recklessly losing and/or misplacing and/or secreting material and critical evidence (including files) relating to Plaintiff's criminal convictions; and

f.   Deliberately (or with reckless disregard) failing to investigate any evidence that might tend to lead other investigators away from Mr. Newton.

216.   The aforesaid conduct operated, *inter alia*, to deprive Plaintiff of important and well established rights under the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, and rights established by the Constitution of the State of New York, including Plaintiff's right not be significantly detained pretrial except pursuant to a fair and reliable determination of probable cause, his right to be free from a bad-faith prosecution, his right to a fair trial, his right to freedom from the deprivation of liberty without due process of law, and his right to be free from cruel and unusual punishment. Such misconduct also directly and proximately caused his arrest, his indictment, his conviction, his sentence and his incarceration for over twenty-two years.

217.   As a direct and proximate result of the conspiracy and actions in furtherance of the conspiracy by Defendants Newbert, Galligan, Hartfield, Ryan, Harris, Leho, O'Toole, Sheehan, McGuire, Haskins, Kiely, Trabitz, various NYPD John/Jane Does, DA Merola, DA Johnson, ADA Freund, and various ADA John/Jane Does, Mr. Newton was falsely arrested and imprisoned, maliciously prosecuted, forced to endure an unfair trial and wrongful conviction and then wrongfully imprisoned for over two decades. During all of these events, Mr. Newton endured substantial physical, emotional and pecuniary injuries detailed above.

218.   Each of the aforementioned Defendants is liable personally and in their official capacity for these acts which damaged Plaintiff.

219.   Thus, pursuant to 42 U.S.C. § 1983, Plaintiff Alan Newton now demands judgment against Defendants Newbert, Galligan, Hartfield, Ryan, Harris, Leho, O'Toole, Sheehan, McGuire, Haskins, Kiely, Trabitz, various NYPD John/Jane Does, DA Merola,

DA Johnson, ADA Freund, and various ADA John/Jane Does, for compensatory damages totaling One Hundred Million Dollars ($100,000,000.00), plus attorney fees, costs, expenses, and any other and further relief this Court deems just and proper.

## NINTH CAUSE OF ACTION
## AGAINST THE CITY FOR ITS POLICY MAKERS'
## WRONGFUL VIOLATION OF PLAINTIFF'S CIVIL
## RIGHTS UNDER COLOR OF STATE LAW (MUNICIPAL LIABILITY)

220.    Plaintiff repeats, reiterates, and realleges each and every allegation set forth in this Complaint in paragraphs 1 through 216, inclusive, with the same force and effect as if set forth at length herein.

221.    Municipalities and their subdivisions may be held liable to an individual if they enforce a policy or custom that causes the deprivation of the individual's constitutional rights.

222.    Municipal liability may be based upon:

        a.      a formally promulgated policy;

        b.      a well settled custom or practice;

        c.      a final decision by a municipal policymaker; or

        d.      deliberately indifferent training or supervision.

223.    Defendant The City, by and through its final policymakers, maintained the following unconstitutional customs, decisions, policies, and/or indifferent employee training or supervision practices that allowed for various constitutional violations:

        a.      NYPD personnel systematically conducted unduly suggestive identification procedures intended to and/or highly likely to cause misidentification of suspects;

b.  NYPD personnel systematically failed to disclose to prosecutors material information that was favorable to criminal defendants;

c.  NYPD personnel systematically fabricated falsely inculpatory evidence and/or committed perjury against suspects in order to secure arrests and close cases;

d.  NYPD personnel systematically abused process by presenting false evidence to courts reviewing investigations, arrests and detention of suspects;

e.  NYPD personnel systematically destroyed, lost or secreted evidence, or recklessly disregarded the rights of the accused in timely producing evidence, to further their personal goals of obtaining and sustaining convictions; and

f.  NYPD personnel acted with impunity in destroying criminal evidence, or by reporting it "lost" claiming that they had no duty to preserve and produce evidence once a conviction had been obtained and the criminal defendant's appeals had been "exhausted" (but while the criminal defendant was still incarcerated).

224.  The City's unconstitutional customs, decisions, policies and/or indifferent employee training or supervision practices were: (a) deliberately or recklessly indifferent to the obvious risks of inducing eyewitnesses to crimes to misidentify suspects, (b) deliberately or recklessly indifferent to the repeated destruction and/or loss of material criminal evidence, (c) deliberately or recklessly indifferent to a criminal defendant's

constitutional rights, and (d) deliberately or recklessly indifferent to the issue of whether innocent people were being convicted of crimes.

225.    The City's municipality liability here is premised upon, among other things, its failure to adopt proper and reasonable policies and practices in the face of an obvious need to do so.

226.    The aforesaid conduct operated, *inter alia*, to deprive Plaintiff of important and well established rights under the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, and rights established by the Constitution of the State of New York, including Plaintiff's right not be significantly detained pretrial except pursuant to a fair and reliable determination of probable cause, his right to be free from a bad-faith prosecution, his right to a fair trial, his right to freedom from the deprivation of liberty without due process of law, and his right to be free from cruel and unusual punishment. Such misconduct also directly and proximately caused his arrest, his indictment, his conviction, his sentence and his incarceration for over twenty-two years.

227.    As a direct and proximate result of The City's unconstitutional customs, decisions, policies and/or indifferent employee training or supervision practices, Mr. Newton was falsely imprisoned, maliciously prosecuted, forced to endure an unfair trial and wrongful conviction and then wrongfully imprisoned for over two decades. During all of these events, Mr. Newton endured substantial physical, emotional and pecuniary injuries detailed above.

228.    Thus, pursuant to 42 U.S.C. § 1983, Plaintiff Alan Newton now demands judgment against Defendant The City for compensatory damages totaling One Hundred

Million Dollars ($100,000,000.00), plus attorney fees, costs, expenses, and any other and further relief this Court deems just and proper.

## TENTH CAUSE OF ACTION
## AGAINST THE INDIVIDUAL DEFENDANTS FOR
## THEIR WRONGFUL VIOLATION OF PLAINTIFF'S CIVIL
## RIGHTS UNDER COLOR OF STATE LAW (PUNITIVE DAMAGES)

229.    Plaintiff repeats, reiterates, and realleges each and every allegation set forth in this Complaint in paragraphs 1 through 225, inclusive, with the same force and effect as if set forth at length herein.

230.    Defendants Newbert, Galligan, Hartfield, Ryan, Harris, Sheehan, Leho, O'Toole, McGuire, Haskins, Kiely, Trabitz, various NYPD John/Jane Does, DA Merola, DA Johnson, ADA Freund, and various ADA John/Jane Does, committed all of the acts or omissions described above with either a malicious intent to injure Plaintiff or with a "reckless or callous indifference" to Plaintiff's federally protected rights.

231.    Under Smith v. Wade, 461 U.S. 30 (1983), punitive damages may be awarded against a state or local official sued under 42 U.S.C. § 1983 in his personal capacity if the state or local official commits wrongful acts with an "actual malicious intent" or with a "reckless or callous indifference" to a plaintiff's federally protected rights.

232.    As a direct and proximate result of the wrongful acts or omissions of Defendants Newbert, Galligan, Hartfield, Ryan, Harris, Sheehan, Leho, O'Toole, McGuire, Haskins, Kiely, Trabitz, various NYPD John/Jane Does, DA Merola, DA Johnson, ADA Freund, and various ADA John/Jane Does, made with "actual malicious intent" or with a "reckless or callous indifference" to Plaintiff's federally protected rights, Mr. Newton was falsely arrested, falsely imprisoned, maliciously prosecuted, forced to

endure an unfair trial and wrongful conviction and then wrongfully imprisoned for over two decades.

233. Thus, pursuant to 42 U.S.C. § 1983, Plaintiff Alan Newton now demands judgment against Defendants Newbert, Galligan, Hartfield, Ryan, Harris, Sheehan, Leho, O'Toole, McGuire, Haskins, Kiely, Trabitz, various NYPD John/Jane Does, DA Merola, DA Johnson, ADA Freund, and various ADA John/Jane Does for punitive damages totaling Fifty Million Dollars ($50,000,000.00), and any other and further relief this Court deems just and proper.

## STATE LAW CAUSES OF ACTION

### ELEVENTH CAUSE OF ACTION
### AGAINST THE DEFENDANTS
### FOR FALSE ARREST/ FALSE IMPRISONMENT

234. Plaintiff repeats, reiterates, and realleges each and every allegation set forth in this Complaint in paragraphs 1 through 230, inclusive, with the same force and effect as if set forth at length herein.

235. Defendants Newbert, Galligan, Hartfield, Ryan, Leho, O'Toole and various NYPD John/Jane Does, arrested and confined Alan Newton, intentionally and without the right to do so.

236. Defendants Newbert, Galligan, Hartfield, Ryan, Leho, O'Toole and various NYPD John/Jane Does, did not have probable cause for believing that a crime had been committed and/or that Alan Newton had committed it.

237. Defendants Newbert, Galligan, Hartfield, Ryan, Leho, O'Toole and various NYPD John/Jane Does, did not act as reasonably prudent persons in effecting the arrest and confinement of Alan Newton.

238.   Following the wrongful arrest and wrongful initial confinement of Alan Newton, Defendants Newbert, Galligan, Hartfield, Ryan, Harris, Leho, O'Toole, Sheehan, McGuire, Haskins, Kiely, Trabitz, various NYPD John/Jane Does, DA Merola, DA Johnson, ADA Freund, and various ADA John/Jane Does, continued the unlawful detention and confinement of Plaintiff Alan Newton without probable cause by intentionally secreting, recklessly misplacing, and/or negligently losing exculpatory material.

239.   Plaintiff Alan Newton did not consent to the arrest and confinement by the aforementioned Defendants.

240.   Each of the aforementioned Defendants is liable personally and in their official capacity for these acts which damaged Plaintiff.

241.   Defendant The City is liable for the wrongful acts and omissions of its servants, agents and/or representatives under the doctrine of *respondeat superior*.

242.   As a direct and proximate result of the false arrest and false imprisonment by one or more of the aforementioned Defendants, Mr. Newton was forced to endure a wrongful arrest, an unfair trial, a wrongful conviction and a wrongful imprisonment for over two decades. During all of these events, Mr. Newton endured substantial physical, emotional and pecuniary injuries detailed above.

243.   Accordingly, Plaintiff Alan Newton now demands judgment against Defendants Newbert, Galligan, Hartfield, Ryan, Harris, Sheehan, Leho, O'Toole, McGuire, Haskins, Kiely, Trabitz, various NYPD John/Jane Does, DA Merola, DA Johnson, ADA Freund, various ADA John/Jane Does, and The City, for compensatory

damages totaling One Hundred Million Dollars ($100,000,000.00), plus attorney fees, costs, expenses, and any other and further relief this Court deems just and proper.

## TWELFTH CAUSE OF ACTION
## AGAINST THE DEFENDANTS FOR MALICIOUS PROSECUTION

244.   Plaintiff repeats, reiterates, and realleges each and every allegation set forth in this Complaint in paragraphs 1 through 240, inclusive, with the same force and effect as if set forth at length herein.

245.   Defendants Newbert, Galligan, Hartfield, Ryan, Harris, Leho, O'Toole, Sheehan, various NYPD John/Jane Does, DA Merola, ADA Freund, and various ADA John/Jane Does, initiated judicial proceedings against Plaintiff Alan Newton intentionally and without the right to do so.

246.   Defendants Newbert, Galligan, Hartfield, Ryan, Harris, Leho, O'Toole, Sheehan, various NYPD John/Jane Does, DA Merola, ADA Freund, and various ADA John/Jane Does, did not have probable cause for believing that a crime had been committed and/or that Alan Newton had committed it.

247.   Defendants Newbert, Galligan, Hartfield, Ryan, Leho, O'Toole Sheehan, various NYPD John/Jane Does, DA Merola, ADA Freund, and various ADA John/Jane Does did not act as reasonably prudent persons in initiating criminal proceedings against Alan Newton.

248.   Following the initiation of judicial proceedings against Plaintiff Alan Newton, Defendants Newbert, Galligan, Hartfield, Ryan, Harris, Leho, O'Toole, Sheehan, McGuire, Haskins, Kiely, Trabitz, various NYPD John/Jane Does, DA Merola, DA Johnson, ADA Freund, and various ADA John/Jane Does, maliciously continued to use judicial proceedings to detain and confine Mr. Newton, without probable cause, by

intentionally secreting, recklessly misplacing, and/or negligently losing exculpatory material.

249. Each of the aforementioned Defendants is liable personally and in their official capacity for these acts which damaged Plaintiff.

250. Defendant The City is liable for the wrongful acts and omissions of its servants, agents and/or representatives under the doctrine of *respondeat superior*.

251. As a direct and proximate result of the malicious prosecution by one or more of the aforementioned Defendants, Mr. Newton was forced to endure a wrongful arrest, an unfair trial, a wrongful conviction and a wrongful imprisonment for over two decades. During all of these events, Mr. Newton endured substantial physical, emotional and pecuniary injuries detailed above.

252. Accordingly, Plaintiff Alan Newton now demands judgment against Defendants Newbert, Galligan, Hartfield, Ryan, Harris, Leho, O'Toole, Sheehan, McGuire, Haskins, Kiely, Trabitz, various NYPD John/Jane Does, DA Merola, DA Johnson, ADA Freund, various ADA John/Jane Does, and The City, for compensatory damages totaling One Hundred Million Dollars ($100,000,000.00), plus attorney fees, costs, expenses, and any other and further relief this Court deems just and proper.

**THIRTEENTH CAUSE OF ACTION**
**<u>AGAINST THE DEFENDANTS FOR ABUSE OF PROCESS</u>**

253. Plaintiff repeats, reiterates, and realleges each and every allegation set forth in this Complaint in paragraphs 1 through 249, inclusive, with the same force and effect as if set forth at length herein.

254.    Defendants Newbert, Galligan, Hartfield, Ryan, Harris, Leho, O'Toole, Sheehan, various NYPD John/Jane Does, DA Merola, ADA Freund, and various ADA John/Jane Does, improperly initiated criminal proceedings against Plaintiff Alan Newton.

255.    Defendants Newbert, Galligan, Hartfield, Ryan, Harris, Leho, O'Toole, Sheehan, various NYPD John/Jane Does, DA Merola, ADA Freund, and various ADA John/Jane Does, used the criminal proceedings for a purpose other than that which the criminal proceedings were designed, *i.e.*, the conviction of an individual who had actually committed a crime.

256.    Defendants Newbert, Galligan, Hartfield, Ryan, Harris, Leho, O'Toole, Sheehan, various NYPD John/Jane Does, DA Merola, ADA Freund, and various ADA John/Jane Does, did not have probable cause for believing that a crime had been committed and/or that Alan Newton had committed it.

257.    Defendants Newbert, Galligan, Hartfield, Ryan, Leho, O'Toole, Sheehan, various NYPD John/Jane Does DA Merola, ADA Freund, and various ADA John/Jane Does, initiated criminal proceedings against Alan Newton either out of personal animosity towards Mr. Newton, or to advance their respective careers, or for some other improper purpose.

258.    Following the initiation of judicial proceedings against Plaintiff Alan Newton, Defendants Newbert, Galligan, Hartfield, Ryan, Harris, Sheehan, Leho, O'Toole, McGuire, Haskins, Kiely, Trabitz, various NYPD John/Jane Does, DA Merola, DA Johnson, ADA Freund, and various ADA John/Jane Does, maliciously continued to use criminal proceedings to detain and confine Mr. Newton, without probable cause, by

intentionally secreting or recklessly misplacing, or negligently losing exculpatory evidence.

259.    Each of the aforementioned Defendants is liable personally and in their official capacity for these acts which damaged Plaintiff.

260.    Defendant The City is liable for the wrongful acts and omissions of its servants, agents and/or representatives under the doctrine of *respondeat superior*.

261.    As a direct and proximate result of the abuse of process by one or more of the aforementioned Defendants, Mr. Newton was forced to endure a wrongful arrest, an unfair trial, a wrongful conviction and a wrongful imprisonment for over two decades. During all of these events, Mr. Newton endured substantial physical, emotional and pecuniary injuries detailed above.

262.    Accordingly, Plaintiff Alan Newton now demands judgment against Defendants Newbert, Galligan, Hartfield, Ryan, Harris, Leho, O'Toole, Sheehan, McGuire, Haskins, Kiely, Trabitz, various NYPD John/Jane Does, DA Merola, DA Johnson, ADA Freund, various ADA John/Jane Does and The City, for compensatory damages totaling One Hundred Million Dollars ($100,000,000.00), plus attorney fees, costs, expenses, and any other and further relief this Court deems just and proper.

## FOURTEENTH CAUSE OF ACTION
## AGAINST THE DEFENDANTS
## FOR THE NEGLIGENT LOSS OF EVIDENCE

263.    Plaintiff repeats, reiterates, and realleges each and every allegation set forth in this Complaint in paragraphs 1 through 259, inclusive, with the same force and effect as if set forth at length herein.