264.    Defendants Newbert, Galligan, Hartfield, Ryan, Harris, Leho, O'Toole, Sheehan, McGuire, Haskins, Kiely, Trabitz, various NYPD John/Jane Does, DA Merola, DA Johnson, ADA Freund, and various ADA John/Jane Does, negligently failed to register, store, preserve, maintain and control critical evidence relating to the crimes of which Alan Newton was charged.

265.    While Alan Newton was incarcerated (and/or while any conviction against him remained on file), all of the Defendants had a duty and obligation, as officers and agents of the The City and/or State of New York, to register, store, preserve, maintain, control and produce material and critical evidence relating to the crimes of which Alan Newton was charged and convicted. See, e.g., De Shaney v. Winnebago County Dept. of Social Services, 489 U.S. 189, 199-200 (1989) ("when the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well being").

266.    In fact, Defendants Newbert, Galligan, Hartfield, Ryan, Harris, Leho, O'Toole, Sheehan, McGuire, Haskins, Kiely, Trabitz, various NYPD John/Jane Does, DA Merola, DA Johnson, ADA Freund, and various ADA John/Jane Does, took an extraordinarily cavalier attitude with respect to their duty and obligation to preserve material and critical evidence relating to their investigation and prosecution of Plaintiff Alan Newton.

267.    In breaching the aforementioned duty and obligation, Defendants Newbert, Galligan, Hartfield, Ryan, Harris, Leho, O'Toole, Sheehan, McGuire, Haskins, Kiely, Trabitz, various NYPD John/Jane Does, DA Merola, DA Johnson, ADA Freund,

and various ADA John/Jane Does, lost and/or misplaced and/or secreted the following material and critical evidence relating to Alan Newton's rape conviction in May, 1985:

   a.   A rape kit containing, among other things, semen taken from the body of VJ after her rape (this kit was first discovered "lost" by the NYPD Property Division in 1994 and was not produced to Mr. Newton until 2005);

   b.   Mr. Newton's sneakers, taken from him in June of 1984 by NYPD investigators, were "lost" and never returned to him despite repeated requests;

   c.   The notes taken by Defendants Newbert, Galligan, *et al.*, relating to their interview of a third-party witness, Deborah Chamberlin, that a "local" man named "Willie" could be linked to the crime scene and a blue and white Pontiac Grand Prix automobile;

   d.   The "criminal background" information on Deborah Chamberlin that allegedly allowed Defendants Newbert, Galligan, *et al.*, to claim that Ms. Chamberlin was an "unreliable" witness;

   e.   The notes compiled by Defendants Newbert, Galligan, *et al.*, regarding their search of the Department of Motor Vehicles database for information about "blue and white Pontiac Grand Prix" vehicles in New York State.

268.   If the aforementioned evidence had been properly registered, stored, preserved, maintained and controlled by Defendants Newbert, Galligan, Hartfield, Ryan, Harris, Leho, O'Toole, Sheehan, McGuire, Haskins, Kiely, Trabitz, various NYPD

John/Jane Does, DA Merola, DA Johnson, ADA Freund, and various ADA John/Jane Does, and had it been produced to Mr. Newton and his attorneys in a timely manner, Mr. Newton would not have been convicted of the crime described above, or his incarceration would have been terminated more than a decade ago.

269.    As a direct and proximate result of the negligence of the Defendants in registering, storing, preserving, maintaining, controlling and producing material and critical evidence relating to the aforementioned crime, Mr. Newton endured a wrongful arrest and an unfair trial; he was maliciously prosecuted; he was forced to endure a wrongful conviction, and then wrongfully imprisoned for over two decades. During all of these events, Mr. Newton endured substantial physical, emotional and pecuniary injuries detailed above.

270.    Each of the aforementioned Defendants is liable personally and in their official capacity for these acts which damaged Plaintiff.

271.    Defendant The City is liable for the wrongful acts and omissions of its servants, agents and/or representatives under the doctrine of *respondeat superior*.

272.    Accordingly, Plaintiff Alan Newton now demands judgment against Defendants Newbert, Galligan, Hartfield, Ryan, Harris, Leho, O'Toole, Sheehan, McGuire, Haskins, Kiely, Trabitz, various NYPD John/Jane Does, DA Merola, DA Johnson, ADA Freund, various ADA John/Jane Does, and The City, for compensatory damages totaling One Hundred Million Dollars ($100,000,000.00), plus attorney fees, costs, expenses, and any other and further relief this Court deems just and proper.

## FIFTEENTH CAUSE OF ACTION
## AGAINST DEFENDANTS SHEEHAN, TRABITZ,
## DA MEROLA & DA JOHNSON FOR NEGLIGENT SUPERVISION

273.    Plaintiff repeats, reiterates, and realleges each and every allegation set forth in this Complaint in paragraphs 1 through 269, inclusive, with the same force and effect as if set forth at length herein.

274.    Defendants Sheehan, Trabitz, various NYPD John/Jane Does, DA Merola, DA Johnson, and various John/Jane Does, knew or should have known of the need for additional screening, training, supervising and disciplining NYPD personnel and Bronx District Attorney's Office personnel to: (a) refrain from ignoring evidence of a criminal defendant's innocence; (b) refrain from misrepresenting withholding or falsifying evidence, (c) exercise care and thoroughness in the investigation and prosecution of a case of a crime involving no other evidence but identifications; (d) accurately identify and handle exculpatory material; (e) refrain from obtaining indictments in bad faith and without probable cause; and (f) record, inventory, protect, and preserve all criminal evidence entrusted to their care and custody that might lead to the exoneration of a criminal defendant.

275.    Through intentional and deliberate indifference and/or a reckless disregard of basic civil rights, Defendants Sheehan, Trabitz, various NYPD John/Jane Does, DA Merola, DA Johnson, and various John/Jane Does, failed to adequately provide for screening, training, supervising, and disciplining of their personnel with respect to (a) misrepresenting, withholding and falsifying evidence, (b) conducting a proper investigation, (c) obtaining indictments in bad faith without probable cause, (d) identifying and handling exculpatory material in a proper manner, and (e) protecting,

preserving and producing all criminal evidence entrusted to their care and custody that might lead to the exoneration of a criminal defendant. This reckless disregard of basic constitutional rights is evidenced by decisions of the courts of the State of New York reporting that the NYPD and Bronx District Attorney's Office engaged in various acts of misconduct and constitutional violations including: withholding exculpatory evidence from accused individuals, acting in a manner to obtain conviction at all costs rather than seeking truth and justice and, generally, in failing to act in a constitutional capacity.

276.    Defendants Sheehan, Trabitz, various NYPD John/Jane Does, DA Merola, DA Johnson, and various John/Jane Does, personally and/or through their authorized delegates, at all relevant times, had final, discretionary authority to promulgate and implement policies and procedures, including policies and procedures as to personnel training and supervision, with respect to the performance of duties by their personnel.

277.    Defendants Sheehan, Trabitz, various NYPD John/Jane Does, DA Merola, DA Johnson, and various John/Jane Does breached their duty to supervise their personnel to prevent an abuse of authority.

278.    Upon information and belief, personnel employed by the Bronx District Attorney's Office and NYPD have not been disciplined for their misconduct, despite repeated judicial findings of misconduct.

279.    Defendants Sheehan, Trabitz, various NYPD John/Jane Does, DA Merola, DA Johnson, and various John/Jane Does, knew or should have known that the need for adequate screening, training, supervising, and disciplining of Assistant District Attorneys and NYPD personnel was and is compelling because of the overriding credo of these

individuals to obtain and sustain convictions at all costs, with a deliberate and total disregard for the truth and the constitutional rights of the accused.

280.    Specifically, with respect to the NYPD and ADA Defendants named in this action, Defendants Sheehan, Trabitz, various NYPD John/Jane Does, DA Merola, DA Johnson, and various John/Jane Does, knew or should have known of the inherent risks of permitting the individual Defendants named herein to handle the Newton criminal case and the resulting evidence.

281.    Defendants Sheehan, Trabitz, various NYPD John/Jane Does, DA Merola, DA Johnson, and various John/Jane Does, knew or should have known that Bronx Sex Crimes Unit of the NYPD, the NYPD Property Clerk's Department and the Bronx District Attorney's Office would do all in their power to obtain and sustain a rape, robbery and assault conviction. This circumstance required an even more heightened and controlled level of supervision which should have been exercised or, alternatively, all conceivable steps should have been taken to ensure that the Bronx Sex Crimes Unit, the NYPD's Property Clerk's Division and Bronx District Attorney's Office would act ethically and, specifically in accordance with their duties as officers of the peace and quasi-judicial officers.

282.    However, rather than providing more scrutiny and supervision to avoid such concerns, Defendants Sheehan, Trabitz, various NYPD John/Jane Does, DA Merola, DA Johnson, and various John/Jane Does, actually fostered and instigated the wrongful conduct of their personnel. Supervisory personnel and others were apparently directly involved and became aware of, but ignored, the evidence and strong indications that

Plaintiff Alan Newton was innocent and that evidence was being withheld from him and his attorneys.

283.   In addition, during all Mr. Newton's post-conviction proceedings and hearings, the NYPD and the Bronx District Attorney's Office used every tool to prevent the disclosure of exculpatory evidence and hide the improper behavior of its employees. Upon information and belief, they did no investigation into the circumstances surrounding this improper behavior but sought only to protect the "integrity" of their respective offices.

284.   But for the deliberate indifference of Defendants Sheehan, Trabitz, various NYPD John/Jane Does, DA Merola, DA Johnson, and various John/Jane Does, in failing to provide adequate screening, training, supervision, and discipline of their personnel, the innocent Plaintiff would not have been prosecuted nor convicted of the crime nor would he have continued to suffer through the failure of his post-conviction motions.

285.   The aforesaid conduct operated, *inter alia*, to deprive Mr. Newton of important and well established rights under the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, and rights established by the Constitution of the State of New York, including Plaintiff's right not be significantly detained pretrial except pursuant to a fair and reliable determination of probable cause, his right to be free from bad-faith prosecution, his right to a fair trial, his right to freedom from the deprivation of liberty without due process of law, and his right to be free from cruel and unusual punishment. Such misconduct also directly and proximately caused his arrest, his indictment, his conviction, his sentence and his incarceration for over twenty-two years.

286.    The foregoing violations of Plaintiff's constitutional rights, his conviction, his sentence, his incarceration, and his resulting and continuing injuries were directly and proximately caused by the negligent supervision, training and retention of incompetent personnel by Defendants Sheehan, Trabitz, various NYPD John/Jane Does, DA Merola, DA Johnson, and various John/Jane Does within the Bronx District Attorney's Office.

287.    Defendants Sheehan, Trabitz, various NYPD John/Jane Does, DA Merola, DA Johnson, and various John/Jane Does within the Bronx District Attorney's Office, are responsible personally and in their official capacities in this instance for the wrongs perpetrated against Mr. Newton and the damages he sustained.

288.    Defendant The City is liable for the wrongful acts and omissions of its servants, agents and/or representatives under the doctrine of *respondeat superior*.

289.    Accordingly, Plaintiff Alan Newton now demands judgment against Defendants Sheehan, Trabitz, various NYPD John/Jane Does, DA Merola, DA Johnson, various John/Jane Does within the Bronx District Attorney's Office, and The City, for compensatory damages totaling One Hundred Million Dollars ($100,000,000.00), plus attorney fees, costs, expenses, and any other and further relief this Court deems just and proper.

### SIXTEENTH CAUSE OF ACTION
### AGAINST THE DEFENDANTS
### FOR INFLICTION OF EMOTIONAL DISTRESS

290.    Plaintiff repeats, reiterates, and realleges each and every allegation set forth in this Complaint in paragraphs 1 through 286, inclusive, with the same force and effect as if set forth at length herein.

291.    Defendants Newbert, Galligan, Hartfield, Ryan, Harris, Leho, O'Toole, Sheehan, McGuire, Haskins, Kiely, Trabitz, various NYPD John/Jane Does, DA Merola, DA Johnson, ADA Freund, and various ADA John/Jane Does, owed a duty of care to act ethically and within the rules of law, as police officers or quasi-judicial officers, to ensure a fair investigation, a fair trial and proper post-conviction proceedings free from misrepresentation.

292.    Defendants Newbert, Galligan, Hartfield, Ryan, Harris, Leho, O'Toole, Sheehan, McGuire, Haskins, Kiely, Trabitz, various NYPD John/Jane Does, DA Merola, DA Johnson, ADA Freund, and various ADA John/Jane Does, failed to conduct themselves in that manner by knowingly, recklessly or negligently withholding and ignoring exculpatory evidence when they had an absolute duty to produce it and bring it promptly to the attention of the court and defense counsel.

293.    Various personnel within the Bronx County District Attorney's Office and the NYPD improperly argued against vacating Alan Newton's conviction in the face of mounting evidence of his innocence by, among other things, concealing evidence of his innocence.  By doing so, they placed their credibility and status as District Attorneys, Assistant District Attorneys and NYPD police officers before the court in a single-minded attempt to uphold a conviction at all cost, without regard to the truth.

294.    Through its personnel, the District Attorney's Office, Bronx County, and the NYPD, failed to investigate further and properly when confronted with clear-cut evidence pointing toward the innocence of Alan Newton and they thereafter intentionally, recklessly or negligently lost, secreted or misplaced exculpatory evidence.

295.    Defendants Newbert, Galligan, Hartfield, Ryan, Harris, Leho, O'Toole, Sheehan, McGuire, Haskins, Kiely, Trabitz, various NYPD John/Jane Does, DA Merola, DA Johnson, ADA Freund, and various ADA John/Jane Does, themselves, and through their personnel, did these outrageous, unethical and improper acts in a case fraught with ambiguity and, at a minimum, substantial doubt about the guilt of Alan Newton, thereby subjecting an innocent person to decades of imprisonment without any regard as to his innocence and the suffering that a conviction would create; these Defendants continued to fight to uphold Mr. Newton's conviction despite evidence in their possession - withheld from the defense - which clearly indicated Plaintiff's innocence.

296.    Each of the aforementioned Defendants is liable personally and in their official capacity for these acts which damaged Plaintiff.

297.    Defendant The City is liable for the wrongful acts and omissions of its servants, agents and/or representatives under the doctrine of *respondeat superior*.

298.    As a direct and proximate result of the above-described outrageous conduct by one or more of the aforementioned Defendants, Mr. Newton was forced to endure a wrongful arrest, an unfair trial, a wrongful conviction and a wrongful imprisonment for over two decades. During all of these events, Mr. Newton endured substantial physical, emotional and pecuniary injuries detailed above.

299.    Accordingly, Plaintiff Alan Newton now demands judgment against Defendants Newbert, Galligan, Hartfield, Ryan, Harris, Leho, O'Toole, Sheehan, McGuire, Haskins, Kiely, Trabitz, various NYPD John/Jane Does, DA Merola, DA Johnson, ADA Freund, various ADA John/Jane Does, and The City, for compensatory

damages totaling One Hundred Million Dollars ($100,000,000.00), plus attorney fees, costs, expenses, and any other and further relief this Court deems just and proper.

## SEVENTEENTH CAUSE OF ACTION
## AGAINST THE CITY FOR MUNICIPAL LIABILITY
## ARISING OUT OF THE BREACH OF A "SPECIAL RELATIONSHIP"

300.    Plaintiff repeats, reiterates, and realleges each and every allegation set forth in this Complaint in paragraphs 1 through 296, inclusive, with the same force and effect as if set forth at length herein.

301.    While Alan Newton was incarcerated (and/or while any conviction against him remained on file), servants, agents and/or representatives of Defendant The City had an obligation to register, store, preserve, maintain, control and produce material and critical evidence relating to the crimes of which Alan Newton was charged and convicted.

302.    Defendants Newbert, Galligan, Hartfield, Ryan, Harris, Leho, O'Toole, Sheehan, McGuire, Haskins, Kiely, Trabitz, and various John/Jane Does, were the servants, agents and/or representatives of Defendant The City who were charged with the responsibility of registering, storing, preserving, maintaining, controlling and/or producing the material and critical evidence surrounding the charges brought against Plaintiff Alan Newton.

303.    As a result of the duty and obligation to preserve Mr. Newton's evidence, a "special relationship" was formed between Defendants Newbert, Galligan, Hartfield, Ryan, Harris, Leho, O'Toole, Sheehan, McGuire, Haskins, Kiely, Trabitz, various NYPD John/Jane Does and Plaintiff Alan Newton.

304.    Defendants Newbert, Galligan, Hartfield, Ryan, Harris, Leho, O'Toole, Sheehan, McGuire, Haskins, Kiely, Trabitz, and various NYPD John/Jane Does,

however, failed to register, store, preserve, maintain, control and produce material and critical evidence relating to the crimes of which Plaintiff Alan Newton was charged.

305.    In fact, Defendants Newbert, Galligan, Hartfield, Ryan, Harris, Leho, O'Toole, Sheehan, McGuire, Haskins, Kiely, Trabitz, and various NYPD John/Jane Does, breached their obligation to preserve and produce the material and critical evidence surrounding their investigation and prosecution of Alan Newton.

306.    As a direct and proximate result of the deliberate (or reckless) failure of servants, agents and/or representatives of Defendant The City to register, store, preserve, maintain, control and produce the material and critical evidence relating to the crimes of which Alan Newton was charged and convicted, Mr. Newton endured a wrongful arrest, an unfair trial, a wrongful conviction and a wrongful imprisonment for over two decades. During all of these events, Mr. Newton endured substantial physical, emotional and pecuniary injuries detailed above.

307.    Accordingly, Plaintiff Alan Newton now demands judgment against The City for compensatory damages totaling One Hundred Million Dollars ($100,000,000.00), plus attorney fees, costs, expenses, and any other and further relief this Court deems just and proper.

### EIGHTEENTH CAUSE OF ACTION
### AGAINST THE CITY FOR MUNICIPAL LIABILITY
### UNDER THE CONSTITUTION OF THE STATE OF NEW YORK

308.    Plaintiff repeats, reiterates, and realleges each and every allegation set forth in this Complaint in paragraphs 1 through 304, inclusive, with the same force and effect as if set forth at length herein.

309.    Municipalities and their subdivisions may be held liable to an individual if they enforce a policy, decision, practice or custom that causes the deprivation of the individual's rights under the Constitution of the State of New York.

310.    Municipal liability may be based upon:

    a.    a formally promulgated policy;

    b.    a well settled custom or practice;

    c.    a final decision by a municipal policymaker; or

    d.    deliberately indifferent training or supervision.

311.    Defendant The City, by and through its final policymakers, maintained the following customs, decisions, policies, and/or indifferent employee training or supervision practices, that allowed for the violations of Article 1, §§ 6 and 11 of the New York State Constitution:

    a.    NYPD personnel systematically conducted unduly suggestive identification procedures intended to and/or highly likely to cause misidentification of suspects;

    b.    NYPD personnel systematically failed to disclose to prosecutors material information that was favorable to criminal defendants;

    c.    NYPD personnel systematically fabricated falsely inculpatory evidence and/or committed perjury against suspects in order to secure arrests and close cases;

    d.    NYPD personnel systematically abused process by presenting false evidence to courts reviewing investigations, arrests and detention of suspects;

e.    NYPD personnel systematically destroyed, lost or secreted evidence, or recklessly disregarded the rights of the accused in timely producing evidence, to further their personal goals of obtaining and sustaining convictions; and

f.    NYPD personnel acted with impunity in destroying criminal evidence, or by reporting it "lost," claiming that they had no duty to preserve and produce evidence once a conviction had been obtained and the criminal defendant's appeals had been "exhausted" (but while the criminal defendant was still incarcerated).

312.    The City's unconstitutional customs, decisions, policies and/or indifferent employee training or supervision practices were: (a) deliberately or recklessly indifferent to the obvious risks of inducing eyewitnesses to crimes to misidentify suspects, (b) deliberately or recklessly indifferent to the repeated destruction and/or loss of material criminal evidence, (c) deliberately or recklessly indifferent to a criminal defendant's constitutional rights, and (d) deliberately or recklessly indifferent to the issue of whether innocent people were being convicted of crimes.

313.    The City's municipal liability here is premised upon, among other things, their failure to adopt proper and reasonable policies and practices in the face of an obvious need to do so.

314.    The aforesaid conduct operated, *inter alia*, to deprive Plaintiff of important and well established rights under Article 1, §§ 6 and 11 of the Constitution of the State of New York, including Plaintiff's right not to be significantly detained pretrial

except pursuant to a fair and reliable determination of probable cause, his right to be free from a bad-faith prosecution, his right to a fair trial, his right to freedom from the deprivation of liberty without due process of law, and his right to be free from cruel and unusual punishment. Such misconduct also directly and proximately caused his arrest, his indictment, his conviction, his sentence and his incarceration for over twenty-two years.

315.    As a direct and proximate result of The City's unconstitutional customs, decisions, policies and/or indifferent employee training or supervision practices, Mr. Newton was falsely arrested, falsely imprisoned, maliciously prosecuted, forced to endure an unfair trial and wrongful conviction and then wrongfully imprisoned for over two decades. During all of these events, Mr. Newton endured substantial physical, emotional and pecuniary injuries detailed above.

316.    Accordingly, Plaintiff Alan Newton now demands judgment against Defendant The City for compensatory damages totaling One Hundred Million Dollars ($100,000,000.00), plus attorney fees, costs, expenses, and any other and further relief this Court deems just and proper.

## NINETEENTH CAUSE OF ACTION
## AGAINST THE INDIVIDUAL DEFENDANTS FOR
## THEIR WRONGFUL VIOLATION OF PLAINTIFF'S
## CIVIL RIGHTS UNDER THE NEW YORK STATE CONSTITUTION

317.    Plaintiff repeats, reiterates, and realleges each and every allegation set forth in this Complaint in paragraphs 1 through 313, inclusive, with the same force and effect as if set forth at length herein.

318.    Defendants Newbert, Galligan, Hartfield, Ryan, Harris, Leho, O'Toole, various NYPD John/Jane Does, DA Merola, DA Johnson, ADA Freund, and various

ADA John/Jane Does, acting within the scope of their employment and under color of state law, wrongfully arrested and/or detained Mr. Newton pursuant to legal process knowing: (a) that the only evidence linking Mr. Newton to the crimes alleged -- two eyewitness identifications -- were highly suspect; (b) that they had collected physical evidence that they failed or refused to test, and then "lost" the evidence so no one else could test it; (c) that VJ had originally identified another man named "Willie" as her assailant; (d) that a man named "Willie" might be linked to the crime scene and the type of automobile used by the assailant; (e) that Mr. Newton had an apparent alibi, and (f) that there was an absolute absence of any physical evidence linking Mr. Newton to the victim or the crime scene. In short, the aforementioned Defendants knew or should have known that they did not have probable cause for an arrest, detention and prosecution of Plaintiff Alan Newton.

319. First, neither eyewitness provided anything close to a satisfactory identification as seen above. VJ was intoxicated, medicated and, by her own admission, did not obtain a good and clear look at her assailant. The only other witness, Ms. Gonzalez, saw VJ's assailant for less than a minute or so at the front counter of her store.

320. Second, Defendants Newbert, Galligan, Hartfield, Ryan, Harris, Leho, O'Toole, and various NYPD John/Jane Does, collected physical evidence from two crime scenes, but failed to perform or ensure follow up testing to confirm Mr. Newton's guilt or innocence. In particular, these Defendants collected blood, semen and hairs from the victim, and sneakers from Mr. Newton, but failed to perform testing on these items to determine whether any links existed between the victim, Mr. Newton or some third person. These same Defendants, along with ADA Freund and various ADA John/Jane

Does, then proceeded to hide, secrete or lose this physical evidence in reckless disregard of Mr. Newton's constitutional rights.

321.    Third, Defendants Newbert, Galligan, Hartfield, Ryan, O'Toole, various NYPD John/Jane Does, met with and interviewed a witness (Ms. Deborah Chamberlin) who offered information about a man named "Willie" who may have been VJ's true assailant.  These Defendants, however, wrongfully and with reckless disregard for Mr. Newton's constitutional rights, dismissed the information offered by Ms. Chamberlin as "unreliable" and failed to reveal the true identity of this witness and her potentially exculpatory information from Mr. Newton and his attorneys.  In fact, these Defendants, individually or collectively, purposely lost, destroyed or secreted notes made by NYPD investigators during their interview of Ms. Chamberlin.

322.    Fourth, Defendants Newbert, Galligan, Hartfield, Ryan, Harris, Leho, O'Toole, various NYPD John/Jane Does, ADA Freund, and various ADA John/Jane Does, never gave Mr. Newton's alibi any weight whatsoever.  They never even bothered to interview the people Mr. Newton was with at the times of the alleged crimes.

323.    Defendants Newbert, Galligan, Hartfield, Ryan, Harris, Leho, O'Toole, various NYPD John/Jane Does, DA Merola, ADA Freund, and various ADA John/Jane Does, maliciously and/or without probable cause initiated the prosecution against Mr. Newton by wrongfully pressuring eyewitnesses into falsely identifying him as the rapist, by submitting deliberate fabrications about the results of tests performed (or not) on physical evidence and the credibility of third-party witnesses, by ignoring exculpatory alibi information and omitting (and thereafter destroying) other exculpatory information.

324.    Defendants Newbert, Galligan, Hartfield, Ryan, Harris, Leho, O'Toole, various NYPD John/Jane Does, ADA Freund, and various ADA John/Jane Does, misled the District Attorney's Office for Bronx County which authorized the arrest of Mr. Newton by presenting deliberate fabrications and making material omissions of exculpatory evidence.

325.    Defendants Newbert, Galligan, Hartfield, Ryan, Harris, Leho, O'Toole, various NYPD John/Jane Does, ADA Freund, and various ADA John/Jane Does, maliciously continued the prosecution by improperly and wrongfully pressuring the eyewitnesses into falsely identifying Mr. Newton as the rapist, by deliberately (or with reckless disregard) failing to investigate any of the information that led away from Mr. Newton, as well as by hiding their misconduct and destroying evidence.

326.    The aforesaid conduct operated, *inter alia*, to deprive Mr. Newton of important and well established rights under Article I, §§ 6 and 11, of the Constitution of the State of New York, including Plaintiff's right not be significantly detained pretrial except pursuant to a fair and reliable determination of probable cause, his right to be free from a bad-faith prosecution, his right to a fair trial, his right to freedom from the deprivation of liberty without due process of law, and his right to be free from cruel and unusual punishment. Such misconduct also directly and proximately caused his arrest, his indictment, his conviction, his sentence and his incarceration for over twenty-two years.

327.    As a direct and proximate result of the wrongful conduct of Defendants Newbert, Galligan, Hartfield, Ryan, Harris, Leho, O'Toole various NYPD John/Jane Does, DA Merola, ADA Freund, and various ADA John/Jane Does, Mr. Newton was

falsely arrested, falsely imprisoned, maliciously prosecuted, forced to endure an unfair trial and wrongful conviction and then wrongfully imprisoned for over two decades. During all of these events, Mr. Newton endured substantial physical, emotional and pecuniary injuries detailed above.

328.    In addition, Defendants Newbert, Galligan, Hartfield, Ryan, Harris, Leho, O'Toole, Sheehan, McGuire, Haskins, Kiely, Trabitz, various NYPD John/Jane Does, DA Merola, DA Johnson, ADA Freund, and various ADA John/Jane Does, acting within the scope of their employment and under color of state law, deliberately failed to register, store, preserve, maintain and control material and critical evidence relating to the crimes of which Alan Newton was charged (*i.e.*, they acted with reckless disregard of Plaintiff's constitutional rights).

329.    While Plaintiff Alan Newton was incarcerated (and/or while any conviction against him remained on file), all of the Defendants had a constitutional obligation, as officers and agents of The City and/or State of New York, to register, store, preserve, maintain and control material and critical evidence relating to the crimes of which Alan Newton was charged and convicted. See, e.g., De Shaney v. Winnebago County Dept. of Social Services, 489 U.S. 189, 199-200 (1989) ("when the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well being").

330.    In fact, Defendants Newbert, Galligan, Hartfield, Ryan, Harris, Leho, O'Toole, Sheehan, McGuire, Haskins, Kiely, Trabitz, various NYPD John/Jane Does, DA Merola, DA Johnson, ADA Freund, and various ADA John/Jane Does, acting within

the scope of their employment and under color of state law, took an extraordinarily cavalier attitude with respect to their constitutional obligation to preserve material and critical evidence relating to their investigation and prosecution of Alan Newton.

331.   With reckless disregard for Alan Newton's constitutional rights, Defendants Newbert, Galligan, Hartfield, Ryan, Harris, Leho, O'Toole, Sheehan, McGuire, Haskins, Kiely, Trabitz, various NYPD John/Jane Does, DA Merola, DA Johnson, ADA Freund, and various ADA John/Jane Does, lost and/or misplaced and/or secreted the following material and critical evidence relating to Alan Newton's conviction under Bronx County Indictment No. 2441/84:

   a.   A rape kit containing, among other things, semen taken from the body of VJ after her rape (this kit was first discovered "lost" by the NYPD Property Division in August 1994 and was not produced to Mr. Newton until November 2005);

   b.   Mr. Newton's sneakers, taken from him in June of 1984 by NYPD investigators, were "lost" and never returned to him despite repeated requests;

   c.   The notes taken by Defendants Newbert, Galligan, *et al.*, relating to their interview of a third-party witness, Deborah Chamberlin, that a "local" man named "Willie" could be linked to the crime scene and a blue and white Pontiac Grand Prix automobile;

   d.   The "criminal background" information on Deborah Chamberlin that allegedly allowed Defendants Newbert, Galligan, *et al.*, to claim that Ms. Chamberlin was an "unreliable" witness; and

e.    The notes compiled by Defendants Newbert, Galligan, *et al.*,
regarding their search of the Department of Motor Vehicles
database for information about "blue and white Pontiac Grand
Prix" vehicles in New York State.

332.    If the aforementioned evidence had been properly registered, stored,
preserved, maintained and controlled by Defendants Newbert, Galligan, Hartfield, Ryan,
Harris, Leho, O'Toole, Sheehan, McGuire, Haskins, Kiely, Trabitz, various NYPD
John/Jane Does, DA Merola, DA Johnson, ADA Freund, and various ADA John/Jane
Does, and had it been produced to Mr. Newton and his attorneys in a timely manner, Mr.
Newton would not have been convicted of the crimes described above, or his
incarceration would have been terminated more than a decade ago.

333.    The aforesaid conduct operated, *inter alia*, to deprive Mr. Newton of
important and well established rights under Article I, §§ 6 and 11, of the Constitution of
the State of New York, including Plaintiff's right not be significantly detained pretrial
except pursuant to a fair and reliable determination of probable cause, his right to be free
from a bad-faith prosecution, his right to a fair trial, his right to freedom from the
deprivation of liberty without due process of law, and his right to be free from cruel and
unusual punishment. Such misconduct also directly and proximately caused his arrest,
his indictment, his conviction, his sentence and his incarceration for over twenty-two
years.

334.    As a direct result of the deliberate (or reckless) failure to register, store,
preserve, maintain and control material and critical evidence relating to the crimes of
which Alan Newton was charged and convicted, Defendants Newbert, Galligan,

-108-

Hartfield, Ryan, Harris, Leho, O'Toole, Sheehan, McGuire, Haskins, Kiely, Trabitz, various NYPD John/Jane Does, DA Merola, DA Johnson, ADA Freund, and various ADA John/Jane Does, Mr. Newton endured a wrongful arrest and an unfair trial in violation of his clearly established constitutional rights; he was maliciously prosecuted; he was forced to endure a wrongful conviction, and then wrongfully imprisoned for over two decades. During all of these events, Mr. Newton endured substantial physical, emotional and pecuniary injuries detailed above.

335. The intentional conduct and/or reckless disregard of Mr. Newton's constitutional rights by Defendants Newbert, Galligan, Hartfield, Ryan, Harris, Leho, O'Toole, Sheehan, McGuire, Haskins, Kiely, Trabitz, various NYPD John/Jane Does, DA Merola, DA Johnson, ADA Freund, and various ADA John/Jane Does, makes these Defendants liable to Mr. Newton for violating the New York State Constitution under Brown v. New York, 89 N.Y.2d 172 (1996).

336. Each of the aforementioned Defendants is liable personally and in their official capacity for these acts which damaged Plaintiff.

337. Thus, Plaintiff Alan Newton now demands judgment against Defendants Newbert, Galligan, Hartfield, Ryan, Harris, Leho, O'Toole, Sheehan, McGuire, Haskins, Kiely, Trabitz, various NYPD John/Jane Does, DA Merola, DA Johnson, ADA Freund, and various ADA John/Jane Does, for compensatory damages totaling One Hundred Million Dollars ($100,000,000.00), plus attorney fees, costs, expenses, and any other and further relief this Court deems just and proper.

## TWENTIETH CAUSE OF ACTION
## AGAINST THE INDIVIDUAL
## DEFENDANTS FOR PUNITIVE DAMAGES

338.    Plaintiff repeats, reiterates, and realleges each and every allegation set forth in this Complaint in paragraphs 1 through 334, inclusive, with the same force and effect as if set forth at length herein.

339.    Defendants Newbert, Galligan, Hartfield, Ryan, Harris, Sheehan, Leho, O'Toole, McGuire, Haskins, Kiely, Trabitz, various NYPD John/Jane Does, DA Merola, DA Johnson, ADA Freund, and various ADA John/Jane Does, acted wantonly, recklessly and maliciously with respect to Plaintiff Alan Newton, his safety, his rights and his quest to prove his innocence.

340.    All of the acts and omissions described on the part of Defendants Newbert, Galligan, Hartfield, Ryan, Harris, Sheehan, Leho, O'Toole, McGuire, Haskins, Kiely, Trabitz, various NYPD John/Jane Does, DA Merola, DA Johnson, ADA Freund, and various ADA John/Jane Does, show that these Defendants acted with a conscious indifference and utter disregard for the safety and rights of Plaintiff Alan Newton.

341.    As a direct and proximate result of above-described wanton, reckless and malicious acts and/or omissions of Defendants Newbert, Galligan, Hartfield, Ryan, Harris, Sheehan, Leho, O'Toole, McGuire, Haskins, Kiely, Trabitz, various NYPD John/Jane Does, DA Merola, DA Johnson, ADA Freund, and various ADA John/Jane Does, Plaintiff Alan Newton was falsely arrested, maliciously prosecuted, and falsely imprisoned; he was forced to endure an unfair trial and wrongful conviction and then wrongfully imprisoned for over two decades.

342.    Accordingly, Plaintiff Alan Newton now demands judgment against Defendants Newbert, Galligan, Hartfield, Ryan, Harris, Sheehan, Leho, O'Toole, McGuire, Haskins, Kiely, Trabitz, various NYPD John/Jane Does, DA Merola, DA Johnson, ADA Freund, and various ADA John/Jane Does, for punitive damages totaling Fifty Million Dollars ($50,000,000.00), and any other and further relief this Court deems just and proper.

## TWENTY-FIRST CAUSE OF ACTION
## AGAINST THE CITY & DA JOHNSON
## - FOR INJUNCTIVE RELIEF -
## FOR AN ORDER REQUIRING THE PRESERVATION OF EVIDENCE

343.    Plaintiff repeats, reiterates, and realleges each and every allegation set forth in this Complaint in paragraphs 1 through 339, inclusive, with the same force and effect as if set forth at length herein.

344.    Defendants The City and the Bronx County District Attorney's Office have, at various times, been entrusted with evidence vital to the criminal charges brought against Alan Newton under Bronx County Indictment No. 2441/84.

345.    Defendants The City and the Bronx County District Attorney's Office (DA Johnson) (through their agents, servants and representatives) have, nevertheless, shown a callous disregard for the protection and retention of files and evidence relating to the criminal charges brought against Alan Newton under Bronx County Indictment No. 2441/84.

346.    As detailed above, Defendants The City and the Bronx County District Attorney's Office (DA Johnson) (through their agents, servants and representatives) have, among other things, lost and/or misplaced and/or secreted the following material and critical evidence relating to Alan Newton's rape conviction in May, 1985:

a.   A rape kit containing, among other things, semen taken from the body of VJ after her rape (this kit was first discovered "lost" by the NYPD Property Division in 1994 and was not produced to Mr. Newton until 2005);

b.   Mr. Newton's sneakers, taken from him in June of 1984 by NYPD investigators, were "lost" and never returned to him despite repeated requests;

c.   The notes taken by Defendants Newbert, Galligan, *et al.*, relating to their interview of a third-party witness, Deborah Chamberlin, that a "local" man named "Willie" could be linked to the crime scene and a blue and white Pontiac Grand Prix automobile;

d.   The "criminal background" information on Deborah Chamberlin that allegedly allowed Defendants Newbert, Galligan, *et al.*, to claim that Ms. Chamberlin was an "unreliable" witness; and

f.   The notes compiled by Defendants Newbert, Galligan, *et al.*, regarding their search of the Department of Motor Vehicles database for information about "blue and white Pontiac Grand Prix" vehicles in New York State.

347.   Plaintiff Alan Newton has recently learned that DA Johnson and the Bronx District Attorney's Office has lost or misplaced his/its file relating to the charges brought against Mr. Newton under Bronx County Indictment No. 2441/84.

348.   Finally, Plaintiff Alan Newton also has recently learned that the Clerk of the Criminal Part of the Bronx Supreme Court has lost or misplaced the court file relating

to the criminal charges brought against Alan Newton under Bronx County Indictment No. 2441/84.

349.    In short, more evidence has been lost/destroyed than preserved relating to the criminal charges brought against Alan Newton under Bronx County Indictment No. 2441/84. Some step must be taken on an emergency basis to require Defendants The City and the Bronx County District Attorney's Office (DA Johnson) to preserve all remaining evidence relating to Alan Newton and Bronx County Indictment No. 2441/84.

350.    The need for a court order requiring the preservation of this vital evidence is also buttressed by the fact that there is no existing New York State or New York City law requiring the preservation of criminal evidence in a case such as this. For example, after a criminal defendant is convicted and his/her direct appeal from that conviction has been "exhausted," Defendants The City and the Bronx County District Attorney's Office (DA Johnson) claim that no express City or State law requires them to preserve evidence relating to that conviction. This "gap" in the law has caused the loss of evidence in numerous "old" criminal cases; the convictions in these cases might have been otherwise been challenged by the testing of DNA evidence if the latter evidence had not been lost or destroyed.

351.    The loss of criminal evidence by Defendants The City (NYPD) and the Bronx County District Attorney's Office (DA Johnson) has been so commonplace and so threatening to the integrity of the criminal justice system in New York State, that some New York legislators have proposed unprecedented legislation that would increase the standards for evidence preservation. One of the proposed bills, entitled "Evidence Preservation" (A8046), would allow New York State to tap the potential of preserved

evidence by empowering the New York State Forensic Science Commission to create rules regarding the proper retention, storage and organization of biological evidence. Twenty-one states have laws requiring the preservation of evidence; New York does not. For more on laws regulating evidence preservation and storage, go to: http://www.innocenceproject.org/fix/Evidence-Handling.php.

352.    Until the aforementioned legislation is passed, there is a strong likelihood that evidence relating to the criminal charges brought against Alan Newton under Bronx County Indictment No. 2441/84 will be lost or destroyed by Defendants The City and the Bronx County District Attorney's Office (DA Johnson) with impunity.

353.    A declaration is needed from this Court to ensure that Plaintiff Alan Newton's rights are not violated and irreparably damaged by the callous and wrongful destruction of evidence relating to Bronx County Indictment No. 2441/84 while this action is pending.

354.    Plaintiff Alan Newton's claims herein have a reasonable likelihood of success on the merits. Alternatively, sufficiently serious and substantial questions exist in this action to make the claims fair grounds for litigation; and, when the hardships are weighed in connection with the granting of the relief requested, the balance tips decidedly in Plaintiff's favor.

355.    Wherefore, Plaintiff Alan Newton requests that this Court award the following relief:

> A.    Declare that the destruction of any evidence relating to Plaintiff Alan Newton and Bronx County Indictment No. 2441/84 would be wrongful and a violation of Mr. Newton's constitutional rights;

-114-

B.   Enter a permanent injunction prohibiting Defendants The City and the Bronx County District Attorney's Office (DA Johnson), and their agents, servants and representatives, from destroying any evidence relating to Plaintiff Alan Newton and Bronx County Indictment No. 2441/84; and

C.   Award such other and further injunctive relief as the Court deems appropriate and just.

### JURY DEMAND

Plaintiff Alan Newton hereby demands a trial by jury on all issues.

WHEREFORE, Plaintiff demands JUDGMENT against Defendants as follows:

I.    For compensatory damages in the amount of One Hundred Million ($100,000,000.00);

II.   For punitive damages in the amount of Fifty Million Dollars ($50,000,000.00);

III.  For reasonable attorneys' fees, together with costs and disbursements of this action pursuant to 42 U.S.C. § 1988 and the inherent powers of this Court;

IV.   For pre-judgment interest, as allowed by law;

V.    For injunctive relief to prevent the destruction of evidence relating to Plaintiff Alan Newton and/or Bronx County Indictment No. 2441/84; and

VI.   For such other and further relief as this Court may deem just and proper.

Dated: New York, New York
       July 3, 2007

Respectfully submitted,
Law Office of John F. Schutty, P.C.

By: _John F. Schutty_
     John F. Schutty
     (JS 2173)
     445 Park Avenue, 9th Floor
     New York, NY 10022
     (212) 836-4796