UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x

ALAN NEWTON,

                                              Plaintiff,

                  -against-

THE CITY OF NEW YORK, et al.,

                                    Defendants.

---------------------------------------------------------------------- x

**PROTECTIVE ORDER**

07-CV-6211 (SAS)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/14/08

           **WHEREAS**, preparation for trial and trial of the above-captioned action may require the discovery, production and use of documents that contain information deemed confidential or otherwise deemed inappropriate for public disclosure; and

           **WHEREAS**, good cause exists for the entry of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

           **NOW, THEREFORE, IT IS HEREBY ORDERED THAT**:

           1.      As used herein, the "Action" shall mean the lawsuit captioned Alan Newton v. City of New York, et al., 07-CV-6211 (SAS).

           2.      "Confidential Materials" shall mean (a) New York City Police Department ("NYPD") personnel and disciplinary-related records, (b) documents that identify the "victim of any sex offense," as that term is defined in Section 50-b(1) of the New York State Civil Rights Law, (c) documents that the parties agree are subject to this order, and (d) documents that the Court directs to be produced subject to this order.  Nothing herein shall require a party to produce documents or other materials that it believes in good faith constitute "Confidential Materials" in the absence of an agreement or court order that, for good cause shown, such materials shall be treated as "Confidential Materials" hereunder. Nothing herein shall bind

plaintiff to defendants' designation of "Confidential Materials" (including those items described in this paragraph's categories (a) and (b)) since plaintiff has not had the opportunity to review the documents and material prior to their production; plaintiff expressly reserves the right to challenge any designation of materials as "confidential" by the defendants, but to keep the materials "confidential" for forty-five (45) days after providing notice of this fact and/or until a ruling is issued by the Court on the issue.

       3.     Plaintiff's attorneys shall not use the Confidential Materials for any purpose other than for the preparation or presentation of plaintiff's case in the Action.

       4.     In order to designate documents or other material as "Confidential" within the meaning of this Protective order (as defined in paragraphs 2(a) and 2(b), above), defendant may affix the legend "Confidential" to the documents or material in a manner so as not to interfere with the legibility thereof, and/or may designate such documents by title, Bates number or other method reasonably calculated to give plaintiff notice of the confidentiality designation, in a writing (a log) directed to plaintiff's attorneys. Defendant may designate as "Confidential" any documents or material pursuant to this Order within a reasonable time after production of such documents or material.

       5.     Confidential Materials shall not be disclosed to any person other than an attorney of record for plaintiff or any member of the staff of plaintiff's attorney's office, except under the following conditions:

           a.     Disclosure may be made only if necessary to the preparation or presentation of plaintiff's case in the Action.

           b.     Disclosure before trial may be made only to a plaintiff, to an expert who has been retained or specially employed by plaintiff's

attorneys in anticipation of litigation or preparation for trial of the

Action, to a witness at a deposition, or to the Court.

c.  Before any disclosure is made to a person listed in subparagraph

(b) above (other than to the Court), plaintiff's attorney shall

provide each such person with a copy of this Stipulation and

Protective Order, and such person shall consent in writing, in the

form annexed hereto as Exhibit A, not to use the Confidential

Materials for any purpose other than in connection with the

prosecution or defense of the Action and not to further disclose the

Confidential Materials except in testimony taken in this case.  The

signed consent shall be retained by plaintiff's attorneys and copies

provided to the Court under seal, if requested by counsel for

defendants.

6.  Deposition testimony concerning any Confidential Materials that reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be either redacted or separately bound, with a cover page or redaction prominently marked "**CONFIDENTIAL**."  Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order.

7.  If any paper which incorporates any Confidential Materials or reveals the contents thereof is filed in this Court, those portions of the papers shall be delivered to the Court enclosed in a sealed envelope bearing the caption of this action, an indication of the nature of the contents, and the following legend:

CONFIDENTIAL

This envelope contains documents or information designated
confidential pursuant to an order entered by the United States
District Court for the Southern District of New York in the above-
captioned action. This envelope shall not be opened or unsealed
without the express direction of a judge of this Court, and its
contents shall not be displayed or revealed except as the Court may
order. This envelope and its contents shall at all times be
maintained separate and apart from the publicly available files of
this case.

8.      Nothing in this Protective Order shall preclude defendant from using for

any purpose documents it has produced, or deposition testimony it has designated, as

"Confidential Materials."

9.      Any party intending to use Confidential Materials at trial or any hearing,

shall give prior notice to the Producing Party. Upon a showing that Confidential Materials may

be disclosed at a hearing or at trial, the Court shall evaluate the Confidential Materials and

impose appropriate safeguards, as necessary, for the presentation of such Confidential Materials.

10.      The provisions of this Protective Order shall not apply to documents or

other material designated as "Confidential Materials" to the extent that such documents or

materials (a) are lawfully obtained from sources other than defendant, or (b) are otherwise

publicly available.

11.      Upon request by the producing party's attorneys, within thirty (30) days

after the termination of this case, including any appeals, the Confidential Materials produced by

defendant, including all copies, all nonconforming copies, notes and other materials containing

or referring to information derived therefrom, shall be returned to the producing party's

attorneys, or upon their consent, destroyed, and all persons who possessed such materials shall

verify their return or destruction by affidavit furnished to the producing party's attorneys.

12.    Plaintiff's counsel shall keep confidential for "attorney's-eyes-only" the address, telephone number, social security number, date of birth, and other personal information regarding witnesses identified by the production of documents or otherwise identified in the course of this litigation.  Such information shall be used only by the attorney or his law firm or agents for the purpose of communication with witnesses or the service of subpoenas, and shall not be disclosed to plaintiffs, their family members, or other persons, and such information shall not be included in documents publicly filed with the Court.

Dated:  New York, New York
         March _13_ , 2008


SO ORDERED:


_____
Hon. Shira Scheindlin, U.S.D.J.

## EXHIBIT A

The undersigned hereby acknowledges that (s)he has read the Confidentiality Order entered in the United States District Court for the Southern District of New York dated _____ ___, 2008, in the action entitled <u>Alan Newton v. City of New York, et al.</u>, 07-CV-6211 (SAS) and understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

_____                 _____
Date                                                              Signature

                                                                    _____
                                                                    Print Name

                                                                    _____
                                                                    Occupation