

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET, Rm. 3-193
NEW YORK, NY 10007

ARTHUR G. LARKIN
Senior Counsel
Phone: (212) 788-1599
Fax: (212) 788-9776
alarkin@law.nyc.gov



March 12, 2008

**BY HAND DELIVERY**

Hon. Shira A. Scheindlin
United States District Judge
United States District Court
500 Pearl Street, Room 1620
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/14/08

Re:  Alan Newton v. City of New York, et al., 07-CV-6211 (SAS) (HBP)

Your Honor:

    We write concerning the protective order in this matter. At the conference on Feb. 26, the Court resolved a number of issues regarding the confidential treatment to be afforded to certain documents produced in discovery in this case, and directed the parties to submit an order by March 7, 2008, reflecting the Court's rulings. The Court granted the parties' request to extend that deadline to today (*see* DE 19). We have conferred at length with plaintiff's counsel and we have agreed on all but two issues, i.e., whether police officer personnel files and the name of the rape victim in this case should be treated as "confidential." Attached is the City's proposed order, together with plaintiff's proposed additional language to paragraph two (underscored text), to which the City objects. Below is a summary of the City's position.

    Police Officer Personnel Files. At the prior conference, Your Honor directed the City to provide a sample personnel file to plaintiff's counsel so that he could review the file and determine whether to agree to treat personnel files as confidential. We provided a lengthy sample file last week (that of defendant Michael Sheehan, former commander of the Bronx Sex Crimes Squad). After reviewing the file, plaintiff has taken the position that police officer personnel files should not be treated as confidential, i.e., that he should have the right to challenge the City's designation of some or all of an officer's personnel file as confidential, upon receipt and review of each individual personnel file. For the reasons discussed below, the City disagrees.

*[Handwritten annotation across bottom:]* The plaintiff's additions to the protective order regarding the confidentiality of personnel files is acceptable to the court and is hereby "so ordered". However, the rape shield law confirmed to protect the identity of the rape victim

*[Handwritten annotation right margin:]* So Ordered [signature] 3/13/08

Courts have long recognized that the City has a legitimate interest in limiting the disclosure of police officer personnel files. "[A]n open season for anyone bringing a lawsuit to probe into the entire life history of any member of the [police] department would quite likely have a chilling effect on recruitment as well as a harmful effect to department morale." *Montalvo v. Hutchinson*, 837 F. Supp. 576, 580 (S.D.N.Y. 1993). In light of these considerations, many courts have ordered that police officer personnel files be disclosed subject to a protective order. *See, e.g., Askew v. Rigler*, 130 F.R.D. 26, 27 (S.D.N.Y. 1990) (directing that personnel files be produced subject to a confidentiality agreement); *see also National Congress for Puerto Rican Rights v. City of New York*, 194 F.R.D. 88, 95-96 (S.D.N.Y. 2000) (allowing disclosure of police officer personnel files "in light of the carefully crafted protective order already in place" that was sufficient to protect officers' privacy rights).

Plaintiff's counsel wishes to reserve the right to challenge at any time during discovery the City's designation of what is "confidential" in a police officer personnel file, which would necessitate an application by the City for a protective order every time such a challenge is made. The City respectfully submits that the entire personnel file of a police officer should simply be treated as confidential, and the Court appeared to agree with the City at the last conference: "And this does seem to be an awful lot of work to go through every single personnel file and distinguish the presumptively confidential nature, that is, the officer's home address and Social Security number and pay records and whatever." (2/26 Tr., at 3:21-25, copy attached) Personnel files also contain performance evaluations and applications for promotion or special assignment, among other things, which the City respectfully submits should be treated as confidential. In sum, the City's position is that challenges to confidentiality should await trial or pre-trial hearings, at which time the Court can impose safeguards if necessary (*see* proposed Protective Order, ¶ 9).

Furthermore, the Court's directive that the City provide a sample personnel file appeared intended to obviate the need for an individual assessment of confidentiality each and every time the City produces a personnel file. Plaintiff's formulation of the protective order, however, would essentially leave the question of confidentiality for a later date, and would likely multiply the number of applications for relief during discovery which defendants submit is unnecessary.

Identity of the Rape Victim. At the Feb. 26, 2008, conference, the Court directed the City to redact from documents produced in the case the identity of the victim of the rape for which Mr. Newton alleges that he was wrongfully convicted. Defendants, of course, will redact the name from all documents that defendants produce. However, plaintiff or his counsel may be in possession of documents that identify the victim, and her identity is subject to confidentiality under the "Rape Shield" Law, *see* N.Y. Civ. R. Law, § 50-b (West 2008). Plaintiff has taken the position that since the victim is deceased, and since she is an alleged "tortfeasor" who wrongfully identified plaintiff as her assailant, her name is not required to be withheld from the public. But none of the exceptions set forth in the statute apply in these circumstances, i.e., death of the victim or a civil rights suit by an individual who claims he was wrongfully accused by a victim. Accordingly, defendants submit that confidentiality protection is warranted.

   Again, plaintiff's counsel wishes to reserve the right to challenge confidentiality at a later date during discovery, but defendants submit that such a reservation of rights is unwarranted under the circumstances.

                                Respectfully submitted,

                                 Arthur G. Larkin (AL 9059)
                                 Assistant Corporation Counsel

AGL/m
Attachments
cc: John Schutty, Esq. (by hand) (w/Attachments)