UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ALAN NEWTON,

                                             Plaintiff,

                  -against-                                  07-CV-6211 (SAS)

THE CITY OF NEW YORK, et al.,

                                             Defendants.

------------------------------------------------------------------------ x

### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR JUDGMENT ON THE PLEADINGS

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
*Attorney for Defendants*
100 Church Street
New York, New York 10007
(212) 788-1599

Of Counsel:

Arthur G. Larkin

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ...................................................................................... iii

PRELIMINARY STATEMENT .................................................................................. 1

ARGUMENT ............................................................................................................... 1

    I.       Governing Standards ................................................................................ 1

    II.      Plaintiff's Claim Based on Unduly Suggestive
             Identification Procedures Should be Dismissed ....................................... 2

    III.    Plaintiff's Second Cause of Action Should be
             Dismissed ................................................................................................ 3

          A.   Plaintiff's False Arrest/Imprisonment Claim is
               Time-Barred .................................................................................. 3

          B.   Plaintiff's Malicious Prosecution Claim Should
               be Dismissed ................................................................................. 3

    IV.    Plaintiff's Third Cause of Action Should be
             Dismissed ................................................................................................ 6

    V.      Plaintiff's Fourth Cause of Action Should be
             Dismissed ................................................................................................ 8

          A.   Plaintiff's Claims Concerning the Rape Kit
               Should be Dismissed ..................................................................... 9

          B.   Plaintiff's Remaining Evidence Claims Should
               be Dismissed ................................................................................. 12

    VI.    Plaintiff's Fifth Cause of Action Should be
             Dismissed ................................................................................................ 13

    VII.   Plaintiff's Sixth Through Tenth Causes of Action
             Should be Dismissed ............................................................................... 13

    VIII.  Plaintiff's State Law Claims .................................................................. 14

          A.   False Arrest, False Imprisonment and
               Malicious Prosecution .................................................................... 14

          B.   Abuse of Process ........................................................................... 14

**Page**

C.    Negligent Loss of Evidence ............................................................. 15

D.    Negligent Supervision ...................................................................... 17

E.    Intentional Infliction of Emotional Distress...................................... 17

F.    Breach of a "Special Relationship"................................................... 17

G.    The New York State Constitution...................................................... 18

H.    Punitive Damages – State Law ......................................................... 18

I.    Claim for Injunctive Relief .............................................................. 18

CONCLUSION....................................................................................................... 19

# TABLE OF AUTHORITIES

<u>**Cases**</u>                                                                                 <u>**Pages**</u>

<u>Arizona v. Youngblood</u>,
  488 U.S. 51 (1988) ..................................................................5, 6, 12, 15

<u>Bell Atlantic v. Twombly</u>,
  U.S. -- 127 S. Ct. 1955 (2007) .......................................1, 3, 8, 9, 12, 13

<u>Bernard v. County of Suffolk</u>,
  356 F.3d 495 (2d Cir. 2004)...............................................................13

<u>Blake v. Race</u>,
  487 F. Supp. 2d 187 (E.D.N.Y. 2007) ................................................6

<u>Blyden v. Mancusi</u>,
  186 F.3d 252 (2d Cir. 1999)...............................................................14

<u>Board of Education v. Farmingdale Classroom Teachers Association</u>,
  38 N.Y.2d 397 (1975) .........................................................................14

<u>Boyd v. City of New York</u>,
  336 F.3d 72 (2d Cir. 2003)...................................................................4

<u>Cahen-Vorburger v. Vorburger</u>,
  41 A.D.3d 281, 282 (1st Dept. 2007)..................................................18

<u>Campbell v. Greene</u>,
  440 F. Supp. 2d 125 (N.D.N.Y. 2006) ..............................................12

<u>Chambers v. Time Warner, Inc.</u>,
  282 F.3d 147 (2d Cir. 2002)............................................................1, 5

<u>City of Los Angeles v. Heller</u>,
  475 U.S. 796 (1986) ...........................................................................14

<u>Coakley v. Jaffe</u>,
  49 F. Supp. 2d 615 (S.D.N.Y. 1999)..................................................18

<u>Colon v. Kuhlmann</u>,
  865 F.2d 29 (2d Cir. 1988)...................................................................5

<u>Coons v. Casabella</u>,
  284 F.3d 437 (2002)..............................................................................7

**Cases**                                                                                                            **Pages**

Cuffy v. City of New York,
    69 N.Y.2d 255 (1987) ...................................................................................................17

Doe v. Axelrod,
    73 N.Y.2d 748 (1988) ...................................................................................................18

Duamutef v. Morris,
    956 F. Supp. 1112 (S.D.N.Y. 1997)...........................................................................14

Dukes v. City of New York,
    879 F. Supp. 335 (S.D.N.Y. 1995)..............................................................................7

Heck v. Humphrey,
    512 U.S. 477 (1994).................................................................................................9, 10

Iqubal v. Hasty,
    490 F.3d 143 (2d Cir. 2007)...............................................................1, 5, 8, 9, 12, 15

Jaegly v. Couch,
    439 F.3d 149 (2d Cir. 2006).......................................................................................14

JAO Acquisition Corp. v. Stavitsky,
    8 N.Y.3d 144, 148 (2007) ..........................................................................................16

Jocks v. Tavernier,
    316 F.3d 128 (2d Cir. 2003)........................................................................................3

Kramer v. City of New York,
    04-C 2004 U.S. Dist. LEXIS 21914 (S.D.N.Y. Nov. 1, 2004) ................................17

Krause v. Bennett,
    887 F.2d 362 (2d Cir. 1989)........................................................................................6

Kronos, Inc. v. AVX Corp.,
    81 N.Y.2d 90 (1993) ...................................................................................................16

Mangiafico v. Blumenthal,
    471 F.3d 391 (2d Cir. 2006)........................................................................................13

Marasco v. CDR Electronics Security & Surveillance Systems Co.,
    1 A.D.3d 578, 580 (2d Dept. 2003) ...........................................................................15

McClellan v.  Smith,
    439 F.3d 137 (2d Cir. 2006)...............................................................3, 4, 5, 7, 8, 14

**Cases**                                                                                              **Pages**

McKithen v. Brown,
   481 F.3d 89 (2d Cir. 2007),
   cert. denied, --- U.S. ---, 128 S. Ct. 1218 (2008) .................................................................9, 10

Monell v. Department of Social Services,
   436 U.S. 658 (1978)..........................................................................................................13

Murphy v. American Home Products Corp.,
   58 N.Y.2d 293 (1983) ........................................................................................................17

Ortega v. City of New York,
   9 N.Y.3d 69 (2007) .....................................................................................................15, 19

Parrish v. Sollecito,
   280 F. Supp. 2d 145 (S.D.N.Y. 2003)...............................................................................14

Pearl v. City of Long Beach,
   296 F.3d 76 (2d Cir. 2002),
   cert. denied, 538 U.S. 922 (2003) ........................................................................................3

People v. Anonymous,
   38 A.D.3d 438, 439 (1st Dept. 2007)................................................................................15

People v. Hernandez,
   25 A.D.3d 566, 567 (2d Dept. 2006) .................................................................................16

People v. Newton,
   74 N.Y.2d 850 (1989) ........................................................................................................16

People v. Watkins,
   189 A.D.2d 623 (1st Dept. 1993).......................................................................................16

San George v. Eden Central School System,
   6 A.D.3d 1139, 1140 (4th Dept. 2004) ..............................................................................14

Savory v. Lyons,
   469 F.3d 667 (7th Cir. 2006),
   cert. denied, --- U.S. ---, 127 S. Ct. 2433 (2007) .............................................................11

**Cases**                                                                          **Pages**

Sheppard v. Beerman,
    18 F.3d 147 (2d Cir.),
    cert. denied, 513 U.S. 816 (1994) ................................................................1

Walker v. City of New York,
    974 F.2d 293 (2d Cir. 1992),
    cert. denied, 507 U.S. 961 (1993) ................................................................7

Wallace v. Kato,
    --- U.S. ---, 127 S. Ct. 1091 (2007) .......................................................3, 10

Wray v. City of New York,
    490 F.3d 189 (2d Cir. 2007)........................................................................2

Ying Jing Gan v. City of New York,
    996 F.2d 522 (2d Cir. 1993)......................................................................13

**Statutes**

N.Y. Gen. Mun. Law § 50-i ...........................................................................16

42 U.S.C. § 1983................................................................1, 2, 3, 9, 10, 11, 12, 18

Rule 12(b)(6).......................................................................................................1

Rule 12(c) ......................................................................................................1, 19

**Preliminary Statement**

Plaintiff Alan Newton brings this action pursuant to Section 1983 and state law alleging damages by reason of his arrest, prosecution and conviction for the rape of a woman identified as "V.J." (in order to protect her privacy) in or near Crotona Park in the Bronx, on June 23, 1984. Plaintiff was released from prison in July, 2006, based on the results of DNA tests. As shown below, plaintiff's well-pleaded allegations, when considered in light of the extensive record of the criminal proceedings that led to his conviction, do not state any claims against the named defendants. For this reason, defendants are entitled to judgment on the pleadings pursuant to Rule 12(c).

**Argument**

## I.    **Governing Standards**

The standards on a Rule 12(c) motion are the same as those on a Rule 12(b)(6) motion. *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir.), *cert. denied*, 513 U.S. 816 (1994). The complaint should be dismissed where it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly*, --- U.S. ---, 127 S. Ct. 1955, 1975 (2007). The plaintiff must satisfy "a flexible plausibility standard, which means that [the complaint] must amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." *Iqubal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) (internal quotes omitted). The facts pleaded "must be enough to raise a right to relief above the speculative level." *Bell Atlantic*, 127 S. Ct. at 1965.

When deciding the instant motion, the Court may consider the record of the criminal case against Mr. Newton (*People v. Alan Newton*, Indictment # 2441/84, Bronx County), including the pre-trial hearing and trial transcripts, because these proceedings are "integral" to the complaint and because Mr. Newton relies on them extensively. *Chambers v.*

*Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002). As set forth below, the complaint, when considered in light of these documents, fails to meet even the minimal "flexible plausibility" standard.

## II.    Plaintiff's Claim Based on Unduly Suggestive Identification Procedures Should be Dismissed

Plaintiff's First Cause of Action seeks damages based on alleged "unduly suggestive identification procedures" used by the defendant officers involved in the investigation of the rape of V.J. (Complaint, ¶¶ 125-32) These alleged "suggestive procedures," however, were fully disclosed before Mr. Newton's criminal trial and were the subject of a <u>Wade</u> hearing. (Larkin Dec., ¶¶ 6-16) After the hearing, the trial judge determined that the eyewitness identifications of Mr. Newton were not the product of undue suggestion and were admissible. (*Id.*, Exh. N) Plaintiff's First Cause of Action does not "plausibly" allege that the police officer-defendants misled or pressured the court or prosecutors. (Larkin Dec., ¶¶ 10-12, 14, 16).

Under these circumstances, plaintiff cannot maintain a claim against the defendant officers based on their alleged use of suggestive identification procedures. A suggestive identification procedure "does not itself intrude upon a constitutionally protected interest." *Wray v. City of New York*, 490 F.3d 189, 193 (2d Cir. 2007). The constitutional violation, if any, occurs upon "admission of testimony [at trial] regarding the unreliable identification." *Id.* Admission of such testimony at trial, in turn, is brought about by decisions of the prosecutor and trial judge, which are deemed to be "superseding acts" that break "the chain of causation between [the police officer's] conduct and the violation of [plaintiff's] constitutional rights." *Id.* For this reason, a police officer who conducts a suggestive identification procedure later admitted at trial is not liable under Section 1983 for the constitutional violation (even if one can be proved), unless the officer "misled the persons whose

2

acts effected the constitutional violation," i.e., the prosecutor or trial judge. *Id.* at 193-95.
Because plaintiff's first claim, when considered in light of <u>Wade</u> hearing and trial, does not
plausibly allege that the defendant officers misled or pressured the prosecutor or judge, this
claim should be dismissed.

**III.    Plaintiff's Second Cause of Action Should be Dismissed**

Plaintiff's Second Cause of Action asserts claims against the same defendant-
officers, based on False Arrest, False Imprisonment and Malicious Prosecution. (Complaint, ¶¶
133-46) These claims should be dismissed, as well.

**A.    Plaintiff's False Arrest/Imprisonment Claim is Time-Barred**

A claim for false arrest or false imprisonment accrues when "the allegedly
wrongful arrest occurred." *Wallace v. Kato*, --- U.S. ---, 127 S. Ct. 1091, 1095 (2007). Plaintiff
was arrested on June 28, 1984. (Complaint, ¶ 69; Exh. O) His cause of action accrued on that
date and should have been brought within three years thereafter. *Pearl v. City of Long Beach*,
296 F.3d 76, 79-80 (2d Cir. 2002), *cert. denied*, 538 U.S. 922 (2003). Mr. Newton brought this
action in 2007, long after the statute of limitations expired, and for this reason these claims
should be dismissed. Plaintiff has agreed to withdraw this claim. (Larkin Dec., ¶ 26)

**B.    Plaintiff's Malicious Prosecution Claim Should be Dismissed**

In order to plead a malicious prosecution claim, plaintiff must allege facts
showing: "(1) the initiation or continuation of a criminal proceeding against [him]; (2)
termination of the proceeding in [his] favor; (3) lack of probable cause for commencing the
proceeding; and (4) actual malice as a motivation for defendant's actions." *Jocks v. Tavernier*,
316 F.3d 128, 136 (2d Cir. 2003). Where, as here, the plaintiff was indicted by a Grand Jury, the
indictment "gives rise to a presumption that probable cause exists [for] the crimes described" in
the indictment, and the plaintiff's claim for malicious prosecution is defeated. *McClellan v.*

3

*Smith*, 439 F.3d 137, 145 (2d Cir. 2006).  Plaintiff can only overcome the presumption with well-pleaded allegations demonstrating "that the indictment was produced by fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith."  *Id.* (citation omitted); *see also Boyd v. City of New York*, 336 F.3d 72, 76 (2d Cir. 2003) (presumption "may be overcome by evidence establishing that the police witnesses have not made a complete and full statement of facts, that they have misrepresented or falsified evidence, or otherwise acted in bad faith") (citation and internal quotes omitted).

Plaintiff was indicted on July 2, 1984, for the rape and assault of V.J. (*see* Exh. P).  The indictment gives rise to a presumption of probable cause in support of these charges, and plaintiff has failed to set forth well-pleaded allegations that, if proven, would overcome the presumption.  Instead, plaintiff alleges that the defendant officers "knew or should have known that they did not have probable cause" to institute criminal proceedings against him because (a) the eyewitness identifications were suspect, (b) the police did not test the physical evidence they collected, (c) the victim initially identified a man named "Willie" as her assailant, (d) the man named "Willie" drove a car similar to the one in which V.J. was driven to the crime scene, (e) Mr. Newton had an alibi, and (f) there was no physical evidence linking Mr. Newton to the crime.  (Complaint, ¶ 134)  These allegations are insufficient, as a matter of law.

The facts concerning the allegedly suspect eyewitness identifications were fully disclosed to the defense (Larkin Dec., ¶¶ 6-16).  Similarly, the facts concerning the alleged suspect "Willie" and the source of that information – an individual named Deborah "Chambrin" or "Chamberlin" who did not witness the crime but who said that someone named "Willie" lived in the abandoned building where the victim was attacked – were disclosed prior to trial.  (Larkin Dec., ¶¶ 20-22)  Plaintiff's allegations in this connection, when considered in light of the record

of the criminal proceedings, *see Chambers*, 282 F.3d at 152-53, are insufficient to raise a plausible inference of fraud, suppression of evidence or other conduct undertaken in bad faith by the police. *See McClellan*, 439 F.3d at 145.

Plaintiff's allegations concerning the physical evidence that was collected, and the police department's alleged failure to test that evidence, are also insufficient. Plaintiff alleges that detectives collected blood, semen and head/pubic hair from the victim, but failed to test the semen for blood type and failed to compare Mr. Newton's head or pubic hair to that recovered from the victim. (Complaint, ¶¶ 54, 93, 134(b), 136) Plaintiff also alleges that police took custody of his sneakers in order to compare the treads to tread marks on the victim's clothing, and in order to determine whether the victim's blood was on the sneakers, but that the police never conducted the blood tests and failed to disclose the results of the "sneaker tread print comparison." (*Id.*, ¶¶ 91, 134(b), 136) It is well-established that "the police do not have a constitutional duty to perform any particular tests." *Arizona v. Youngblood*, 488 U.S. 51, 59 (1988); *Colon v. Kuhlmann*, 865 F.2d 29, 30 (2d Cir. 1988) (police have no duty to preserve semen sample for blood type testing). Plaintiff therefore has no claim with regard to the blood sample, semen, hairs or sneakers.[1]

Plaintiff also alleges that defendants hid, secreted or lost some or all of the physical evidence "so no one else could test it." (Complaint, ¶ 134(b)) The police do not have "an undifferentiated and absolute duty to retain and to preserve all material that might be of conceivable evidentiary significance in a particular case." *Youngblood*, 488 U.S. at 58. When

---

[1]    While plaintiff's sneakers were taken and vouchered, no tests were ever performed on them. (Larkin Dec., ¶ 23) Plaintiff's allegation that defendants' failed to disclose the "sneaker tread print comparison" is not plausible, *see Iqubal*, 490 F.3d at 157-58, because no such "tread print comparison" was ever done. Plaintiff himself alleges elsewhere in the Complaint that no sneaker "tread print test" was ever done. (Complaint, ¶ 148(g))

the state fails to preserve evidence "of which no more can be said than that it could have been subjected to tests, the results of which might have exonerated the defendant," there can be no constitutional violation unless the police acted in bad faith. The term "bad faith" in this context means that the police must have actually known "of the exculpatory value of the evidence at the time it was lost or destroyed." *Id.* at 56-57. Plaintiff has not alleged facts supporting a plausible inference that defendants destroyed physical evidence knowing that it had exculpatory value. To the contrary, plaintiff's allegation that no testing was done supports the inference that the probative value of the evidence – whether exculpatory or inculpatory – was <u>not</u> known. Accordingly, these allegations cannot support a malicious prosecution claim.

## IV.    Plaintiff's Third Cause of Action Should be Dismissed

Plaintiff's Third Cause of Action is based on the defendant-officers' alleged "failure to investigate" adequately the rape of V.J., and alleged "deliberate suppression of evidence." Neither prong of this cause of action is sustainable.

<u>First</u>, the federal courts do not recognize an independent "failure to investigate" claim under the constitution; rather, such claims "are properly regarded as part of plaintiff's . . . malicious prosecution claim." *Blake v. Race*, 487 F. Supp. 2d 187, 212 n.18 (E.D.N.Y. 2007) (citing cases). None of the alleged investigation-related omissions set forth in the Complaint would support a malicious prosecution claim, however. Plaintiff asserts that the police failed to obtain "a full and complete description" of the assailant before showing V.J. photographs, and failed to question her "vague and evolving" description of the assailant as the investigation progressed. (Complaint, ¶¶ 53, 63-64, 66-67, 148(a), (b)) However, probable cause does not require certainty of guilt, and "it is therefore of no consequence that a more thorough or more probing investigation might have cast doubt upon the situation." *Krause v. Bennett*, 887 F.2d 362, 370 (2d Cir. 1989). The alleged "evolving" description was disclosed to the defense,

6

moreover (*see* Exh. T), which means that plaintiff cannot overcome the presumption of probable cause created by the indictment. *See McClellan*, 439 F.3d at 145.

Plaintiff alleges that V.J.'s statement to the police that the perpetrator was named "Willie" should have prompted further investigation (Complaint, ¶¶ 58-61, 63-64, 148(d), (e)), and again alleges that the police failed to conduct tests on the physical evidence (*Id.*, ¶¶ 93, 148(f), (g)), but as shown above these allegations cannot overcome the presumption of probable cause (*see* pp. 2-3, 5-6; Larkin Dec., ¶¶ 6-16). Plaintiff alleges that defendants failed to disclose to the defense that V.J. was an epileptic who had consumed a substantial amount of alcohol before the crime occurred (Complaint, ¶ 148(c)), but this allegation is not plausible in light of the record (*see* Larkin Dec., ¶ 6, Exh. A). Moreover, the allegation that the defendant <u>officers</u> failed to disclose facts to the defense is insufficient as a matter of law because the officers have no legal obligation to disclose anything to the defense; that obligation rests exclusively with the prosecutors. *Walker v. City of New York*, 974 F.2d 293, 299 (2d Cir. 1992), *cert. denied*, 507 U.S. 961 (1993).

Similarly, plaintiff asserts that that the police officers failed to "investigate the merits of Mr. Newton's alibi defense" (Complaint ¶¶ 84-87, 89, 148(k)). However, "[t]he mere assertion of an alibi, and even the failure to investigate such an alibi to plaintiff's satisfaction, does not overcome the existence of probable cause to prosecute where there is no evidence of fraud or suppression of evidence." *Dukes v. City of New York*, 879 F. Supp. 335, 343 (S.D.N.Y. 1995); *see also Coons v. Casabella*, 284 F.3d 437, 441 (2002) ("police officers are not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest"). Plaintiff adds other allegations regarding alleged omissions by the defendant-officers, such as failing to seal off the crime scene, failing to "record the level of confidence of the

eyewitnesses" who identified Mr. Newton, and failing to obtain a search warrant for Mr. Newton's apartment.  (Complaint, ¶¶ 148(h), (i), (l))  None of these allegations, if proven, would overcome the presumption of probable cause, because none supports a plausible inference of fraud, suppression of evidence or bad faith.  *See McClellan*, 439 F.3d at 145.

Finally, plaintiff alleges in raw, conclusory terms, without factual support, that the defendant-officers failed to disclose to prosecutors that they:  (i) pressured the two eyewitnesses to identify Mr. Newton, (ii) provided "suggestive" information to those witnesses, including Mr. Newton's arrest history, (iii) advised the eyewitnesses that one of the persons in the live lineup, Mr. Newton, was "the prime suspect" and that others already had identified him, (iv) engaged in post-identification suggestion by telling the eyewitnesses that they had selected the right person. (Complaint, ¶¶ 149(a)(iv)-(vii))  The circumstances of the eyewitness identifications were fully explored, at length, during the <u>Wade</u> hearing that preceded Mr. Newton's criminal trial.  None of the evidence adduced at the hearing, and none of the trial testimony, even remotely supports these extraordinary allegations.  (Larkin Dec., ¶¶ 10-16)  The Second Circuit, as noted above, requires that the complaint "amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." *Iqbal*, 490 F.3d at 157-58. In light of the record, defendants submit that plaintiff's failure to amplify his claims with factual allegations that would render the claims plausible warrants dismissal.  *See Bell Atlantic*, 127 S. Ct. at 1965 (allegations "must be enough to raise a right to relief above the speculative level").

## V.    <u>Plaintiff's Fourth Cause of Action Should be Dismissed</u>

Plaintiff's Fourth Cause of Action alleges that all defendants, including former Bronx County DA Mario Merola, current DA Robert Johnson, and former ADA Andrea Freund (the lead prosecutor in Mr. Newton's criminal case) lost "material, critical criminal evidence."

(Complaint, ¶¶ 154-63)  None of the allegations pleaded in support of this claim are sufficient, however.

### A.    Plaintiff's Claims Concerning the Rape Kit Should be Dismissed

Plaintiff alleges that the rape kit was somehow "lost" (*id.*, ¶ 158(a)), but also acknowledges that it was produced at trial (*id.*, ¶ 100).  The rape kit therefore could have been inspected and/or tested by Mr. Newton at the time, and to the extent plaintiff purportedly alleges a claim for the "loss" of the rape kit prior to the criminal trial, the claim is not plausible.  *See Bell Atlantic*, 127 S. Ct. at 1965; *Iqubal*, 490 F.3d at 157-58.

Plaintiff also alleges that he sought post-trial DNA tests on the rape kit in August, 1994, but that the request was denied by the state courts on Nov. 3, 1994, because the rape kit could not be located at the time.  (Complaint, ¶¶ 101-02)  He alleges that he made further requests, in 1997, and 1998, and that each time the police department reported that the rape kit could not be located (*id.*, ¶¶ 103-111).  He alleges substantial damages by reason of the police department's failure to locate the rape kit when it was first requested, in 1994.  (*Id.*, ¶¶ 121, 124) Assuming <u>arguendo</u> that Mr. Newton may assert a claim under Section 1983 based on denial of access to the rape kit – an open question in the Second Circuit (*see* discussion below) – the claim accrued when his request for DNA tests was denied by the state courts in 1994, and is time-barred.

The Second Circuit has not decided whether an individual seeking to vindicate his right to DNA testing can bring an action under Section 1983.  However, the court has held that neither the federal habeas statute nor *Heck v. Humphrey*, 512 U.S. 477 (1994) would bar such an action.  *McKithen v. Brown*, 481 F.3d 89, 99 (2d Cir. 2007), cert. denied, --- U.S. ---, 128 S. Ct. 1218 (2008).  *McKithen* declined to hold that a prisoner seeking access to DNA testing must bring his claim under the federal habeas statute, because (among other things) the "rules

concerning successive petitions applicable to habeas are much more stringent than the normal limitations statutes that control § 1983." *Id.* at 100 (citations and footnote omitted). "Whereas [the habeas statute] ordinarily requires a prisoner to file her habeas petition within a one-year filing period, . . . the statute of limitations applicable to claims brought under [section] 1983 . . . is three years." *Id.* at 100 n.12 (citations omitted). *McKithen* did not expressly hold that the constitution guaranteed the right to post-conviction DNA testing, but left that determination for the district court to make on remand. *Id.* at 106-08.

All Section 1983 claims, including those seeking to vindicate the right to DNA testing (if such claims are eventually recognized in the Second Circuit) accrue when the plaintiff has "a complete and present cause of action," that is, "when [he] can file suit and obtain relief." *Wallace*, 127 S. Ct. at 1095 (citations omitted). Generally, a convicted person cannot bring a claim under Section 1983 until his conviction has been overturned, "where success in the [section 1983] action would impugn" or otherwise undermine that conviction. *Id.* at 1098 (citing *Heck*, 512 U.S. at 486-87). *McKithen* held that *Heck* would not bar a Section 1983 claim seeking to redress injury by the denial of DNA testing, because success in the civil rights action would not "necessarily demonstrate the invalidity of his conviction." *McKithen*, 489 F.3d at 101-02. For this reason, "even if a plaintiff's ultimate motive is to challenge his conviction, a post-conviction claim for access to evidence is cognizable under § 1983." *Id.* at 103 (citations omitted).

To the extent that the constitution may guarantee Mr. Newton's right to DNA testing, therefore, he had "a complete and present cause of action" for relief when his request for the rape kit was denied by the state courts on Nov. 3, 1994, notwithstanding his extant conviction. His claim was required to have been brought within three years of that date. In

10

*Savory v. Lyons*, 469 F.3d 667 (7th Cir. 2006), *cert. denied*, --- U.S. ---, 127 S. Ct. 2433 (2007), on facts materially indistinguishable from those presented here, the Seventh Circuit ruled that the plaintiff's claim seeking DNA testing was time-barred.  In *Savory*, plaintiff sought DNA testing on physical evidence collected at the scene of a double murder.  In 1998, his request for DNA testing was denied by the Illinois state courts.  Plaintiff did not sue for relief under Section 1983, however, until 2005, after the applicable limitations period had expired.  *Savory*, 469 F.3d at 672.

The plaintiff in *Savory* "clearly allege[d] that his injury is the denial of access to the physical evidence in his case for the purposes of scientific testing."  *Id.*  Here, similarly, Mr. Newton alleges that his injury is the denial of access to the physical evidence in his case for DNA testing, for the time period 1994 through 2005.  In *Savory*, the court rejected the plaintiff's argument that denial of access to evidence for DNA testing was a "continuing" violation; rather, the denial was a "discrete act" with definite consequences.  *Id.* at 673-74.  The court also declined to apply the equitable tolling doctrine based on the plaintiff's claims of actual innocence, because "if this [argument] were sufficient, the statute of limitations could virtually never run for § 1983 claims by prisoners."  *Id.* at 674.  Here, similarly, the state court's denial of Mr. Newton's request for DNA testing in 1994 was a "discrete act," and if Mr. Newton's claim were allowed to proceed now, based on his claims of actual innocence, it would effectively extend the statute of limitations indefinitely.  For these reasons, Mr. Newton's claim based on non-production of the rape kit between 1994 and 2005 – even if it were recognized at this time, and "as important as it is," *see id.* at 675 – is time-barred and should be dismissed.

Finally, to the extent that Section 1983 would recognize Mr. Newton's right to a damages action based on the "loss" of the rape kit for eleven years, defendants submit that the

*Youngblood* "bad faith" test governs. *See Youngblood*, 488 U.S. at 58-59. Plaintiff has not alleged facts showing that defendants "lost" the rape kit <u>knowing</u> that it was exculpatory. Such an allegation would not be "plausible" because the purported exculpatory value of the rape kit was not known until after it was found and tested. *See Bell Atlantic*, 127 S. Ct. at 1965; *Iqubal*, 490 F.3d at 157-58. For this additional reason, plaintiff's claims concerning the rape kit should be dismissed.

**B.    <u>Plaintiff's Remaining Evidence Claims Should be Dismissed</u>**

Plaintiff alleges that his sneakers were lost (Complaint, ¶ 158(b)), but, again, plaintiff has not alleged facts showing bad faith within the meaning of *Youngblood*. Because no tests were ever performed on the sneakers (*see* pp. 5-6), the defendant officers could not possibly have known that the sneakers had exculpatory value. *See Youngblood*, 488 U.S. at 58-59. Finally, plaintiff also alleges that the defendant officers lost (a) notes of their interviews with Ms. Chamberlin (the witness with knowledge concerning "Willie"), (b) criminal background information concerning Ms. Chamberlin, and (c) notes concerning their DMV searches for automobiles matching V.J.'s description of the car that the assailant drove, i.e., a blue and white Pontiac Grand Prix. (Complaint, ¶¶ 158(c)-(e)). However, the non-existence of the notes was disclosed prior to trial, which means that there is no *Brady* claim with regard to them. *E.g., Campbell v. Greene*, 440 F. Supp. 2d 125, 154 (N.D.N.Y. 2006) (destruction of 911 tapes did not give rise to *Brady* claim; court noted that "to prevail on a *Brady* claim, a party must initially establish that the evidence sought, in fact, existed"). The criminal background check was disclosed (Larkin Dec., Exh. U), and plaintiff's allegation to the contrary is not plausible.

## VI.    Plaintiff's Fifth Cause of Action Should be Dismissed

This cause of action seeks damages against ADA Freund (the lead prosecutor) and other unnamed assistant district attorneys for "fabricating evidence" and other purported misconduct during the "investigation phase" of the case.  (Complaint, ¶¶ 164-175)  This claim should be dismissed because a prosecutor enjoys absolute immunity "in initiating a prosecution and in presenting the State's case."  *Mangiafico v. Blumenthal*, 471 F.3d 391, 396 (2d Cir. 2006) (citation omitted).

In an effort to avoid the bar of absolute immunity, plaintiff purportedly pleads misconduct during the "investigative" phase of the case.  The prosecutor enjoys qualified immunity for actions undertaken in an "investigative" capacity.  *Bernard v. County of Suffolk*, 356 F.3d 495, 502 (2d Cir. 2004).  The only fact alleged by plaintiff that suggests "investigative" conduct by ADA Freund is that on June 29, 1984, the day <u>after</u> Mr. Newton was arrested, she interviewed the victim and other eyewitness who identified Mr. Newton as the assailant (*see* Complaint, ¶ 173).  To the extent that any interviews resulted in the decision to prosecute Mr. Newton, ADA Freund (or any other ADA who made or participated in that decision) is absolutely immune from suit.  *Ying Jing Gan v. City of New York*, 996 F.2d 522, 530 (2d Cir. 1993).  Plaintiff's contention that ADA Freund is guilty of misconduct during the "investigative phase" of the case because she interviewed witnesses the day after Mr. Newton was arrested does not raise a right to relief above the "speculative level."  *See Bell Atlantic*, 127 S. Ct. at 1965.

## VII.    Plaintiff's Sixth Through Tenth Causes of Action Should be Dismissed

These causes of action seek money damages against (i) police department and district attorney's office supervisors, and (ii) the City of New York, based on supervisory and/or municipal liability under *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978).  These claims cannot proceed in the absence of an underlying constitutional violation, which the complaint

13

does not adequately allege. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (municipal liability); *Blyden v. Mancusi*, 186 F.3d 252, 264 (2d Cir. 1999) (supervisory liability). Plaintiff's tenth cause of action seeks punitive damages but must be dismissed in the absence of an underlying violation of his rights. *E.g., Parrish v. Sollecito*, 280 F. Supp. 2d 145, 162 (S.D.N.Y. 2003) (criteria for punitive damages include the nature of the "underlying" conduct and amount awarded in compensatory damages) (citing cases).

## VIII.   Plaintiff's State Law Claims

### A.   False Arrest, False Imprisonment and Malicious Prosecution

The standards for false arrest and false imprisonment claims, as well as malicious prosecution claims, is substantially the same under New York law and federal law. *Jaegly v. Couch*, 439 F.3d 149, 151-52 (2d Cir. 2006) (false arrest); *McClellan*, 439 F.3d at 145 (malicious prosecution). For the same reasons discussed above, plaintiff's eleventh and twelfth causes of action should be dismissed.

### B.   Abuse of Process

In order to establish this claim, plaintiff must plead facts showing that defendants misused process after it was issued in order to obtain "some collateral advantage or corresponding detriment to the plaintiff which is outside the legitimate ends of the process." *Board of Education v. Farmingdale Classroom Teachers Association*, 38 N.Y.2d 397, 403 (1975). A complaint that alleges the collateral objective "in wholly conclusory terms may safely be dismissed on the pleadings alone." *Duamutef v. Morris*, 956 F. Supp. 1112, 1119 (S.D.N.Y. 1997). Plaintiff has failed to allege any facts showing a collateral objective, except in the most general terms (*see, e.g.*, Complaint, ¶¶ 256-57). Furthermore, probable cause for an arrest will defeat any claim for abuse of process. *San George v. Eden Central School System*, 6 A.D.3d 1139, 1140 (4th Dept. 2004). This claim is not "plausible" and should be dismissed.

14

## C.    <u>Negligent Loss of Evidence</u>

Plaintiff asserts that defendants negligently lost (a) the rape kit, (b) his sneakers, (c) notes concerning interviews of "Deborah Chamberlin," (d) criminal background information concerning "Deborah Chamberlin," and (e) notes regarding the detectives' DMV searches for a blue and white Pontiac Grand Prix auto.  (Complaint, ¶¶ 267(a)-(e))  Each of these claims should be dismissed.

<u>First</u>, the New York courts do not recognize the tort of "spoliation of evidence." *Ortega v. City of New York*, 9 N.Y.3d 69, 76 (2007).  Rather, under New York law, a party aggrieved by the loss or destruction of evidence must seek relief either through sanctions or the contempt remedy, if warranted.  *Id.* at 79-80.  Plaintiff therefore has no independent tort claim for the alleged loss of the foregoing items.

<u>Second</u>, to the extent that the New York courts would even recognize a civil claim for damages arising out of lost evidence in a criminal case, decisional law suggests that plaintiff must demonstrate bad faith on the part of the police, and must show that the evidence was exculpatory – essentially the *Youngblood* test.  *People v. Anonymous*, 38 A.D.3d 438, 439 (1st Dept. 2007) (citing *Youngblood*, 488 U.S. at 58-59).  Plaintiff has not alleged facts suggesting a "plausible" inference of bad faith, however, *see Iqbal*, 490 F.3d at 158, and for this reason his claims are insufficient.

<u>Third</u>, with regard to the rape kit, plaintiff alleges that it was "lost" for eleven years, from 1994 to 2005, and that the City is liable in damages for his incarceration for this period of time.  In order to establish negligence, however, plaintiff must first demonstrate that there existed a <u>duty</u> owed by defendants to plaintiff.  *Marasco v. CDR Electronics Security & Surveillance Systems Co.*, 1 A.D.3d 578, 580 (2d Dept. 2003).  "[A]bsent a duty of care, there is no breach and no liability."  *Id.*  The state has a duty to preserve evidence in a criminal case <u>only</u>

15

until all direct appeals are exhausted. *People v. Hernandez*, 25 A.D.3d 566, 567 (2d Dept. 2006); *People v. Watkins*, 189 A.D.2d 623, 624 (1st Dept. 1993). Mr. Newton's direct appeals were exhausted in 1989, at the latest. *See People v. Newton*, 74 N.Y.2d 850 (1989). Mr. Newton did not request DNA testing, however, until five years later, in 1994 (*see* Complaint, ¶¶ 101-02). At the time of his request for DNA testing, defendants owed no duty to preserve the rape kit, and cannot be held liable in negligence for failing to produce it at that time. *See Hernandez*, 25 A.D.3d at 567; *Watkins*, 189 A.D.2d at 624.

To the extent plaintiff might argue that the City's representations that the rape kit was "lost" were made negligently – since the rape kit was eventually located and produced for DNA testing – this claim also must fail. A claim for negligent representation requires, among other things, "the existence of a special or privity-like relationship imposing a duty on the defendant to impart correct information to the plaintiff." *JAO Acquisition Corp. v. Stavitsky*, 8 N.Y.3d 144, 148 (2007). Plaintiff has not pleaded facts suggesting such a relationship between him and defendants, and in any event, as noted above, defendants had no duty at all – let alone a special duty -- to preserve the rape kit after Mr. Newton's direct appeals were exhausted.

Fourth, any negligence claim is time-barred. A tort cause of action accrues when "injury is sustained." *Kronos, Inc. v. AVX Corp.*, 81 N.Y.2d 90, 94 (1993). Here, injury was sustained when plaintiff learned that the alleged evidence was missing, in 1994: His alleged injury was caused by defendants' not finding the rape kit, not by their finding it in 2005. The limitations period for a negligence cause of action generally is three years, *see* CPLR 214, and the limitations period for claims against the City is one year and ninety (90) days, following service of a Notice of Claim within ninety (90) days after accrual of the cause of action. *See* N.Y. Gen. Mun. Law § 50-i (West 2008). These time periods expired long ago.

16

**D.**    <u>**Negligent Supervision**</u>

Plaintiff has not alleged facts suggesting that defendants acted outside the scope of their authority; rather, the pleaded facts suggest that each defendant acted in his/her official capacity. The City does not dispute that the individual defendants were acting within the scope of their employment at the time of the events in question, which means that plaintiff cannot maintain this claim. *See Kramer v. City of New York*, 04-CV-106 (HB), 2004 U.S. Dist. LEXIS 21914, *37 (S.D.N.Y. Nov. 1, 2004).

**E.**    <u>**Intentional Infliction of Emotional Distress**</u>

In order to plead this claim, plaintiff must allege facts showing conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Murphy v. American Home Products Corp.*, 58 N.Y.2d 293, 303 (1983). Because defendants had probable cause to arrest and prosecute plaintiff, and because plaintiff cannot overcome the presumption of probable cause, this claim must be dismissed. To the extent plaintiff might base this claim on defendants' alleged failure to find the rape kit, the facts alleged conceivably establish negligence – if anything – not intentional conduct (*see* Complaint, ¶¶ 103-121).

**F.**    <u>**Breach of a "Special Relationship"**</u>

Plaintiff alleges that there existed a "special relationship" between himself and City agents that required them "to register, store, preserve, maintain, control and produce material and critical evidence relating to the crimes" of which plaintiff had been convicted. (Complaint, ¶ 301) These allegations are insufficient. In order to plead a special relationship, plaintiff must allege facts showing, among other things, "an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured." *Cuffy v. City of New York*, 69 N.Y.2d 255, 260 (1987). As shown above, however,

17

defendants had no duty to preserve evidence concerning Mr. Newton's conviction after his direct appeals were exhausted (*see* pp. 15-16, above), which means that plaintiff cannot establish this element of the cause of action.

G.    **The New York State Constitution**

Plaintiff asserts claims under the state constitution against the City (eighteenth cause of action) and the individual defendants (nineteenth cause of action).  (Complaint, ¶¶ 308-37)  These claims should be dismissed because plaintiff has an adequate remedy under Section 1983 or other state laws for the injuries he alleges.  *Coakley v. Jaffe*, 49 F. Supp. 2d 615, 628-29 (S.D.N.Y. 1999) ("Although the New York Court of Appeals has recognized a 'narrow' private right of action for violations of the search and seizure provision of the state constitution . . . it is unavailable where an alternative remedy will adequately protect the interests at stake").

H.    **Punitive Damages – State Law**

Plaintiff asserts a separate claim for punitive damages under state law. (Complaint, ¶¶ 338-42)  This claim should be dismissed in the absence of an underlying violation which plaintiff has not adequately pled.  *Cahen-Vorburger v. Vorburger*, 41 A.D.3d 281, 282 (1st Dept. 2007).

I.    **Claim for Injunctive Relief**

Plaintiff seeks injunctive relief in the form of an order requiring defendants to preserve "vital evidence" including the already-tested rape kit, allegedly lost notes, his sneakers and other items.  (Complaint, ¶¶ 343-55)  In order to obtain injunctive relief, plaintiff must demonstrate "(1) a likelihood of ultimate success on the merits; (2) the prospect of irreparable injury if the provisional relief is withheld; and (3) a balance of equities tipping in the moving party's favor."  *Doe v. Axelrod*, 73 N.Y.2d 748, 750 (1988).  Plaintiff cannot demonstrate a likelihood of success on the merits because defendants are under no duty to preserve evidence at

this time (*see* pp. 15-16, above), except in connection with the instant civil case, arguably.

However, there are other remedies for alleged "spoliation" in connection with pending litigation.

The claim is not a separate cause of action under New York law.  *Ortega*, 9 N.Y.3d at 76.

Accordingly, this claim should be dismissed.

### Conclusion

For the foregoing reasons, defendants' motion for judgment on the pleadings

should be granted and the complaint should be dismissed pursuant to Rule 12(c) of the Federal

Rules of Civil Procedure.

Dated:        New York, New York
              May 23, 2008

                                       Respectfully submitted,

                                       MICHAEL A. CARDOZO
                                       Corporation Counsel of the
                                        City of New York
                                        *Attorney for Defendants*
                                        100 Church Street
                                        New York, New York 10007
                                        (212) 788-1599

By:        _____
                                  Arthur G. Larkin (AL 9059)