UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------X

ALAN NEWTON,                                                     :
                                                                :
                          Plaintiff,                            :        Civil Action No.
         -against-                                              :        07 CIV 6211
                                                                :        (Scheindlin)
THE CITY OF NEW YORK; DISTRICT ATTORNEYS MARIO                  :
MEROLA AND ROBERT T. JOHNSON, INDIVIDUALLY,                     :
AND IN THEIR OFFICIAL CAPACITY; ANDREA FREUND                   :
AND VARIOUS JOHN/JANE DOES, INDIVIDUALLY AND                    :
IN THEIR OFFICIAL CAPACITIES AS EMPLOYEES OF THE                :
CITY OF NEW YORK WHO ARE/ WERE ASSISTANT                        :
DISTRICT ATTORNEYS WITHIN THE OFFICE OF THE                     :
DISTRICT ATTORNEY, COUNTY OF BRONX; DETECTIVE                   :
JOANNE NEWBERT, DETECTIVE PHILLIP GALLIGAN,                     :
DETECTIVE [JOHN DOE] HARTFIELD, DETECTIVE                       :
[JOHN DOE] RYAN, DETECTIVE [JOHN DOE] HARRIS,                   :
POLICE OFFICER DOUGLAS LEHO, POLICE OFFICER                     :
WILLIAM SEAN O'TOOLE, LIEUTENANT MICHAEL                        :
SHEEHAN, SERGEANT PATRICK J. McGUIRE, POLICE                    :
OFFICER [JOHN DOE] HASKINS, POLICE OFFICER                      :
[JANE DOE] KIELY, INSPECTOR JACK J. TRABITZ                     :
AND VARIOUS JOHN/JANE DOES, INDIVIDUALLY                        :
AND IN THEIR OFFICIAL CAPACITIES AS EMPLOYEES                   :
OF THE CITY OF NEW YORK WHO ARE/ WERE MEMBERS                   :
OF THE POLICE DEPARTMENT OF THE CITY OF NEW                     :
YORK,                                                           :
                                                                :
                          Defendants.                           :

----------------------------------------------------------------------X


**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**


LAW OFFICE OF JOHN F. SCHUTTY, P.C.
445 Park Avenue, Ninth Floor
New York, New York 10022
(212) 836-4796

Counsel for Plaintiff Alan Newton

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................1

STATEMENT OF FACTS ....................................................................................1

ARGUMENT .........................................................................................................2

I.    THIS COURT MUST ACCEPT ALL OF THE ALLEGATIONS IN THE
      COMPLAINT AS TRUE & DRAW ALL INFERENCES IN THE NON-MOVING
      PARTY'S FAVOR.............................................................................................2

II.   PLAINTIFF'S FIRST CAUSE OF ACTION MAY NOT BE DISMISSED
      BECAUSE PLAINTIFF HAS ALLEGED THAT THE DEFENDANTS
      SECRETED AND/OR FABRICATED IDENTIFICATION PROCEDURE
      EVIDENCE.......................................................................................................3

III.  PLAINTIFF'S SECOND & THIRD CAUSES OF ACTION MAY NOT BE
      DISMISSED BECAUSE PLAINTIFF HAS ALLEGED A VIABLE MALICIOUS
      PROSECUTION CAUSE OF ACTION UNDER § 1983...........................6

      A. The § 1983 "False Arrest" & "False Imprisonment" Claims Asserted by
         Plaintiff Merge Into & Form a Part of the 'Succeeding' Tort of Malicious
         Prosecution.................................................................................................6

      B. Plaintiff's § 1983 Malicious Prosecution Claim Is Certainly Viable..............7

IV.   PLAINTIFF'S FOURTH CAUSE OF ACTION MAY NOT BE DISMISSED
      BECAUSE PLAINTIFF HAS SUFFICIENTLY ALLEGED THAT HIS
      INCARCERATION WAS GREATLY EXTENDED WHEN THE DEFENDANTS
      WRONGFULLY LOST AND/OR SECRETED (AND/OR MISREPRESENTED
      THE WHEREABOUTS OF) MATERIAL EVIDENCE THAT ULTIMATELY
      EXONERATED PLAINTIFF................................................................................8

      A. Plaintiff's Claims Concerning the Rape Kit Are Undeniably Viable.............8

      B. Plaintiff's Remaining "Evidence Claims" Also Must Survive..................10

V.    PLAINTIFF'S FIFTH CAUSE OF ACTION IS VIABLE BECAUSE FACTS
      HAVE BEEN ALLEGED THAT COULD LEAD TO A FINDING OF
      LIABILITY ON THE PART OF DEFENDANT ADA ANDREA FREUND.......11

VI.   PLAINTIFF'S SIXTH THROUGH TENTH CAUSES OF ACTION MUST
      SURVIVE BECAUSE CONSTITUTIONAL VIOLATIONS HAVE BEEN
      ALLEGED THROUGHOUT THE COMPLAINT THAT ESTABLISH THE
      EXISTENCE OF MUNICIPAL & SUPERVISORY LIABILITY.....................12

VII.  PLAINTIFF'S STATE LAW CLAIMS ARE VIABLE...............................14

  A. False Arrest, False Imprisonment & Malicious Prosecution......................14

  B. Abuse of Process................................................................15

  C. Negligent Loss of Evidence....................................................15

  D. Negligent Supervision.........................................................18

  E. Intentional Infliction of Emotional Distress...............................18

  F. Breach of a "Special Relationship..........................................19

  G. The New York State Constitution.............................................19

  H. Punitive Damages – State Law................................................20

  I. Claims for Injunctive Relief................................................20

CONCLUSION...........................................................................21

## TABLE OF AUTHORITIES

### Cases

Amaker v. Weiner, 179 F.3d 48 (2d Cir. 1999) ..................................................9

Bailey v. Tricolla, No. CV-94-4597 (CPS), 1996 WL 733078
(E.D.N.Y. Dec. 11, 1996)..............................................................................18

Bernstein v. City of New York, No. 06 Civ. 895(RMB), 2007 WL 1573910, at *9
(S.D.N.Y. May 24, 2007)...............................................................................11

Boyd v. City of New York, 336 F.3d 72 (2d Cir. 2003) .......................................7

Brady v. Maryland, 373 U.S. 83 (1963).............................................................5

Brown v. State, 89 N.Y.2d 172 (1996) .............................................................19

Carter v. Hudson, 612 F. Supp. 749 (S.D.N.Y. 1985) ......................................13

Carter v. Stanton, 405 U.S. 669 (1972)..............................................................3

Collins v. McMillan, 102 A.D.2d 860 (2d Dept. 1984) .....................................14

De Shaney v. Winnebago County Dept. of Social Services, 489 U.S. 189 (1989)..............18

Fandy Corp. v. Lung-Fong Chen, 262 A.D.2d 352 (2d Dept. 1999) ...................16

Fiacco v. City of Rensselaer, 783 F.2d 319 (2d Cir. 1986)................................13

Friedl v. City of New York, 210 F.3d 79 (2d Cir.2000) ......................................3

Goldstein v. Winard, 173 A.D.2d 201 (1st Dept. 1991) ....................................19

Heck v. Humphrey, 512 U.S. 477 (1994) ............................................................8

Higazy v. Templeton, 505 F.3d 161 (2d Cir. 2007)............................................5

Jenkins v. City of New York, 478 F.3d 76 (2d Cir. 2007)....................................7

Johnson v. Watkins, 101 F.3d 792 (2d Cir.1996) ...............................................3

Jovanovic v. City of New York, No. 04 Civ. 8437 (PAC), 2006 WL 2411541
(S.D.N.Y. Aug. 17, 2006) ................................................................................4

Kramer v. City of New York, No. 04-CIV-106 (HB), 2004 WL 2429811
(S.D.N.Y. Nov. 1. 2004) ........................................................................................17

Kronisch v. United States, 150 F.3d 112 (2d.Cir. 1998)...........................................16

Long Island Lighting Co. v. IMO Indus. Inc., 6 F.3d 876 (2d.Cir. 1993) ...........16

Martin v. Merola, 532 F.2d 191, 194-95 (2d Cir. 1976).............................................9

McCray v. City of New York, No. 03 Civ. 9685 (DAB), 2007 WL 4352748
(S.D.N.Y. Dec. 1, 2007)........................................................................................14

McKenna v. Wright, 386 F.3d 432 (2d Cir. 2004)......................................................11

Monell v. Dep't of Soc. Servs. of the City of New York, 436 U.S. 658 (1978)..................12

Newsome v. McCabe, 319 F.3d 301 (7th Cir. 2003) ...................................................4

Old Republic Ins. Co. v. Hansa World Cargo Service, Inc., 51 F.Supp.2d 457
(S.D.N.Y. 1999) ....................................................................................................16

Ricciuti v. N.Y.C. Transit Auth., 124 F.3d 123 (2d Cir. 1997) ...............................4

Robertson v. Seidman and Seidman, 609 F.2d 583 (2d Cir. 1979)............................17

Savory v. Lyons, 469 F.3d 667 (7th Cir. 2006), cert denied, -- U.S. --,
127 S.Ct. 2433 (2007) ..........................................................................................10

Simons v. New York, 472 F.Supp.2d 253 (N.D.NY. 2007) ....................................15

Townes v. City of New York, 176 F.3d 138 (2d Cir.1999) .........................................5

United States v. Gaudin, 515 U.S. 506 (1995).............................................................4

Vann v. City of New York, 72 F.3d 1040 (2d Cir. 1995).............................................13

Von Hoffmann v. Prudential Ins. Co., 202 F.Supp.2d 252 (S.D.N.Y. 2002) ......16

Wallace v. Kato, -- U.S. --, 127 S.Ct. 1091 (2007).....................................................6

White v. Frank, 855 F.2d 956 (2d Cir. 1988)...............................................................7

Wray v. City of New York, 490 F.3d 189 (2d Cir 2007)...............................................4

Zahrey v. Coffey, 221 F.3d 221 F.3d 342 (2d Cir. 2000)........................................5, 11

## Statutes

N.Y. C.P.L.R. § 203(g) ................................................................................16

N.Y. C.P.L.R. § 213(8) ................................................................................16

42 U.S.C. § 1983................................................................................passim

## PRELIMINARY STATEMENT

Plaintiff respectfully submits this Memorandum of Law in Opposition to the Defendants' Fed. R. Civ. P. 12 motion for judgment on the pleadings filed May 23, 2008.

## STATEMENT OF FACTS

Plaintiff Alan Newton was released from prison on July 6, 2006 after an incarceration of more than twenty-two years for a crime he did not commit. The People of the State of New York alleged that he assaulted, robbed and raped a 25-year old woman (hereinafter referred to as "VJ") on June 23, 1984 (Bronx Ind. No. 2441/84). Some exculpatory evidence was ignored and other evidence was secreted and/or fabricated by New York City Police Department ("NYPD") investigators and the Bronx District Attorney's Office in the course of the criminal investigation and prosecution.

After his conviction, Plaintiff repeatedly asked the Defendants, commencing on August 16, 1994, to produce the rape kit used to collect semen from VJ -- so that DNA testing might be performed to establish his innocence. The Defendants repeatedly advised in reply that "extensive searches were conducted" at the NYPD's Property Clerk's Office, but that the rape kit (and other evidence) could not be located. In fact, the rape kit was right where it was supposed to be the entire time; in November 2005, more than eleven (11) years after it was first requested, the rape kit was located in the evidence barrel/bin (84B19041) specified on the evidence voucher referred to by Mr. Newton. A subsequent DNA test on the semen evidence conclusively established that Mr. Newton was not the rapist. Mr. Newton spent an unnecessary twelve years in a maximum security prison as a direct result of the NYPD's failure to produce the rape kit when it was first requested in 1994.

We now know that Plaintiff was unjustly convicted of the rape, robbery and assault due to a gross disregard for plaintiff's constitutional rights by NYPD investigators and members of the Bronx District Attorney's Office -- material evidence was withheld from the District Attorney's Office and Plaintiff's attorneys. The pre-conviction taints and flaws were only enhanced by the separate, wrongful post-conviction acts of certain Defendants while plaintiff was incarcerated – the withholding and/or reckless "loss" of exculpatory evidence in violation of Plaintiff's constitutional rights.

### ARGUMENT

I.   **THIS COURT MUST ACCEPT ALL OF THE ALLEGATIONS IN THE COMPLAINT AS TRUE & DRAW ALL INFERENCES IN THE NON-MOVING PARTY'S FAVOR**

The "standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim." Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001) (citations omitted). "In both postures, the district court must accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor. The court will not dismiss the case unless it is satisfied that the complaint cannot state any set of facts that would entitle him to relief." Id. (citations omitted). "[A] federal court may not dismiss a complaint for failure to state a claim unless it appears beyond doubt, even when the complaint is liberally construed, that the plaintiff can prove no set of facts which would entitle him to relief." Hoover v. Ronwin, 466 U.S. 558, 587 (1989). Plaintiff's Complaint sets forth a wealth of factual allegations which, when construed in Plaintiff's favor, prohibit the dismissal sought by the Defendants.[1]

---

[1]    Interestingly, Defendants have failed to supply the Court with a copy of the Complaint in moving to dismiss it; instead, Defendants have chosen to rely upon a wealth of material outside

## II.   PLAINTIFF'S FIRST CAUSE OF ACTION MAY NOT BE DISMISSED BECAUSE PLAINTIFF HAS ALLEGED THAT THE DEFENDANTS SECRETED AND/OR FABRICATED IDENTIFICATION PROCEDURE EVIDENCE

The Defendants allege: "Plaintiff's First Cause of Action seeks damages based on 'unduly suggestive identification procedures' used by the defendant officers involved in the investigation and rape of V.J. (Complaint, ¶¶ 125-32)  These alleged 'suggestive procedures,' however, were fully disclosed before Mr. Newton's criminal trial and were the subject of a Wade hearing." Defts. Br. 2. The Defendants wholly fail to disclose to the Court that Plaintiff has alleged in the Complaint that the defendants "secreted" and/or "fabricated" identification procedure evidence in the course of wrongfully arresting, incarcerating and prosecuting Plaintiff.  For example, paragraphs 139 and 140 of the Complaint contain the following allegations that the Defendants have not addressed:

> 139.      Defendants Newbert, Galligan, Hartfield, Ryan, Harris, Leho, O'Toole, and various NYPD John/Jane Does, maliciously and/or without probable cause initiated the prosecution against Mr. Newton by wrongfully pressuring eyewitnesses into falsely identifying him as the rapist, by submitting deliberate fabrications about the results of tests performed (or not) on physical evidence and the credibility of third-party

the Complaint.  Plaintiff objects to the Defendants' use of extensive criminal proceeding transcripts because: (1) these items were not attached to the Complaint or expressly referred to therein; (2) these transcripts are not "integral" to the Complaint (Plaintiff complains of pretrial and post-trial acts of the Defendants), and (3) these transcripts contain very suspect testimony and very suspect rulings as we now know that the testimony and rulings led to the conviction of an innocent man.  The Second Circuit has held that unfavorable pretrial and trial rulings will not be given "collateral estoppel effect" where an acquitted individual later seeks to assert § 1983 claims against police officers.  Jenkins v. City of New York, 478 F.3d 76, 92 (2d Cir. 2007); see also Johnson v. Watkins, 101 F.3d 792, 796 (2d Cir.1996) ("Collateral estoppel does not apply where appellate review of a suppression determination in a prior proceeding was foreclosed by an acquittal") (internal quotations and citations omitted).  Thus, Plaintiff respectfully asks the Court to reject the Defendants' extensive use of material outside the Complaint in ruling on the Complaint's sufficiency at this early stage of the proceedings.  When a District Court is presented with matters outside the pleadings, Rule 12(b) affords two options: the Court may exclude the extrinsic documents, or it may elect to convert the motion to one for summary judgment and give the parties an opportunity to conduct appropriate discovery and submit the additional supporting material contemplated by Rule 56.  See Carter v. Stanton, 405 U.S. 669, 671 (1972) (per curiam); Friedl v. City of New York, 210 F.3d 79, 83-84 (2d Cir.2000).

witnesses, by ignoring exculpatory alibi information and omitting (and thereafter destroying) other exculpatory information.

140.    Defendants Newbert, Galligan, Hartfield, Ryan, Harris, Leho, O'Toole, and various NYPD John/Jane Does, misled the District Attorney's Office for Bronx County which authorized the arrest of Mr. Newton by presenting deliberate fabrications and making material omissions of exculpatory evidence.

See also Complaint, ¶¶ 141, 149.

Any reasonable police officer would have known that plaintiff's rights would be violated by secreting and/or fabricating evidence, by accepting the victim's very questionable story, and by making false (or misleading) statements to prosecutors and the jury about the identification procedures.[2]    Accordingly, to the extent that NYPD defendants actually committed the wrongs alleged in Plaintiff's Complaint, qualified immunity will not protect them from this lawsuit.[3]    Ricciuti v. N.Y.C. Transit Auth., 124 F.3d 123 (2d Cir. 1997).  In citing to Wray v. City of New York, 490 F.3d 189, 193 (2d Cir 2007), the Defendants fail to mention that no fabrication or secretion of evidence was alleged by that plaintiff in that case.  The Defendants fail to refer the Court to Zahrey v.

---

[2]    Defendants' motion to dismiss should be denied because, giving the factual allegations the deference they deserve at this stage of the proceedings, a jury might find that the NYPD Defendants had several reasons for believing that VJ was mistaken in her identification and that these Defendants, therefore, lacked probable cause to arrest and pursue the prosecution of Plaintiff.  See Jovanovic v. City of New York, No. 04 Civ. 8437 (PAC), 2006 WL 2411541 *7 (S.D.N.Y. Aug. 17, 2006) ("These facts, if true, are sufficient to raise doubt about [the victim's] credibility, triggering a duty to investigate the incident further before arresting [the defendant]").  In a § 1983 action, the existence of probable cause is a question of fact.  United States v. Gaudin, 515 U.S. 506, 521 (1995).

[3]    See, e.g., Newsome v. McCabe, 319 F.3d 301, 302 (7th Cir. 2003) (court held that the officers would not be entitled to qualified immunity if they induced witnesses to falsely testify and then concealed their improper activities from the prosecution; swayed by the importance placed on eyewitness testimony by jurors and by recent studies showing how easily such testimony can be manipulated, court found that the manipulation of the identifications "would not by itself support an award of damages," but "obstruct[ing] the ability of the prosecutors and defense counsel to get at the truth in the criminal trial" would support the jury's award of damages [which in this case ultimately amounted to $15 million dollars]).

Coffey, 221 F.3d 221 F.3d 342, 353 n.10 (2d Cir. 2000), where the Second Circuit held

that if evidence is fabricated (or secreted) in the course of a criminal investigation, the

absolutely privileged act of introducing the incriminating evidence at trial does not break

the chain of causation because the wrongdoer(s) misled or coerced the intervening

decision-maker (the District Attorney's Office).[4]  Allegations of precisely this type are

set forth in the Complaint.  See Complaint, ¶¶ 136-141.  Defendants in § 1983 actions

may be liable for consequences caused by reasonably foreseeable intervening forces;

here, the chain of causation need not be considered broken if the NYPD Defendants

deceived the subsequent decision maker, Townes v. City of New York, 176 F.3d 138,

147 (2d Cir.1999), or could "reasonably foresee that his [their] misconduct [would]

contribute to an 'independent' decision that results in a deprivation of liberty," Zahrey,

221 F.3d at 352.  See also Higazy v. Templeton, 505 F.3d 161, 175-176 (2d Cir. 2007)

(distinguishing Wray, and discussing Townes and Zahrey, in holding that "'foreseeability

and causation...are issues generally and more suitably entrusted to fact finder

adjudication'").

In sum, Plaintiff's First Cause of Action must survive based on the allegations in

the Complaint that the Defendants secreted and/or fabricated identification procedure

---

[4]    When police improperly shape evidence and conceal that activity from the prosecution,
they violate a criminal defendant's due process rights.  See Brady v. Maryland, 373 U.S. 83, 87
(1963) (prosecutor's failure to disclose favorable evidence to the defendant "violates due process
where the evidence is material to either guilt or punishment).  Until discovery unfolds, and the
Defendants reveal whose decisions were responsible for secreting evidence that should have been
turned over to the DA's Office and Mr. Newton's criminal attorney (or explain the disappearance
of this evidence), it is premature to seek a dismissal of these causes of action.  See White v.
Frank, 855 F.2d 956 (2d Cir. 1988) (role of both the public prosecutor and the grand jury in
advancing the prosecution of criminal defendant did not insulate police officers from liability for
malicious prosecution).

evidence that was used to secure the arrest, incarceration, prosecution, and unjust conviction of Plaintiff.

### III.  PLAINTIFF'S SECOND & THIRD CAUSES OF ACTION MAY NOT BE DISMISSED BECAUSE PLAINTIFF HAS ALLEGED A VIABLE MALICIOUS PROSECUTION CAUSE OF ACTION UNDER § 1983

#### A. The § 1983 "False Arrest" & "False Imprisonment" Claims Asserted by Plaintiff Merge Into & Form a Part of the 'Succeeding' Tort of Malicious Prosecution

Defendants are correct that, under the recent decision, Wallace v. Kato, -- U.S. --, 127 S.Ct. 1091 (2007), "false arrest" and "false imprisonment" claims asserted under § 1983 begin to accrue under a novel federal accrual rule – such claims begin to accrue for statute of limitations purposes when the false imprisonment and/or false arrest "ends." The Supreme Court recently announced that in § 1983 cases, since "false imprisonment [and arrest] consists of detention without legal process, false imprisonment ends once the victim becomes held *pursuant to such process* – when, for example, he is bound over by a magistrate or arraigned on charges…Thereafter, unlawful detention forms part of the damages for the 'entirely distinct' tort of malicious prosecution, which remedies detention accompanied, not by absence of legal process, but by *wrongful institution* of legal process." 127 S.Ct. at 1096 (emphasis in original).  In short, in accordance with Wallace, Plaintiff need not now make reference to either "false arrest" and "false imprisonment" in pursuing his remedies here, since these claims merge into and form a part of the 'succeeding' tort of "malicious prosecution" under § 1983.  Any reference by Plaintiff to those claims in the Second Cause of Action may, therefore, be disregarded and/or dismissed.

### B. Plaintiff's § 1983 Malicious Prosecution Claim Is Certainly Viable

Defendants have overlooked clear and unequivocal language in the Complaint, and clear and unequivocal Second Circuit precedent, in arguing that "[w]here, as here, the plaintiff was indicted by a Grand Jury, the indictment 'gives rise to a presumption that probable cause exists [for] the crimes described' in the indictment, and the plaintiff's claim for malicious prosecution is defeated." Defts.' Br. at 3. Defendants once again ignore the fact that Plaintiff's Complaint alleges that the Defendants engaged in deceptive conduct (the secretion and fabrication of evidence) to obtain the arrest, incarceration, indictment and unjust conviction. Defendants also overlook the fact that the entire criminal record is suspect/corrupted and not entitled to collateral estoppel effect because those tainted proceedings led to the conviction of an innocent man. Jenkins v. City of New York, 478 F.3d 76, 92 (2d Cir. 2007). Interestingly, Defendants cite to a case and holding (Defts.' Br. at 4) that directly support Plaintiff's position, *if the allegations of the Complaint are read and given their proper effect on this motion* – Boyd v. City of New York, 336 F.3d 72, 76 (2d Cir. 2003) (so-called "indictment presumption" may be overcome by evidence that police witnesses have not made a complete and full statement of facts, have misrepresented or falsified evidence, or otherwise acted in bad faith). See also White v. Frank, 855 F.2d 956 (2d Cir. 1988) (role of both the public prosecutor and the grand jury in advancing prosecution of criminal defendant did not insulate police officers from liability for malicious prosecution).

Defense counsel attempts *to argue* the facts – he claims, contrary, to the allegations of the Complaint, that the NYPD and DA Office Defendants "fully disclosed"

all material evidence to Plaintiff and his attorneys and that no evidence was fabricated.

Larkin Decl. ¶¶ 6-16, 20-22. All defense counsel has accomplished in attempting to

argue the facts is to show that factual issues exist that mandate the denial of both a

motion to dismiss and any subsequent motion for summary judgment. Plaintiff has

presented a *prima facie* claim of malicious prosecution in both the Second & Third

Causes of Action in the Complaint.

IV.    **PLAINTIFF'S FOURTH CAUSE OF ACTION MAY NOT BE DISMISSED
       BECAUSE PLAINTIFF HAS SUFFICIENTLY ALLEGED THAT HIS
       INCARCERATION WAS GREATLY EXTENDED WHEN THE
       DEFENDANTS WRONGFULLY LOST AND/OR SECRETED (AND/OR
       MISREPRESENTED THE WHEREABOUTS OF) MATERIAL
       EVIDENCE THAT ULTIMATELY EXONERATED PLAINTIFF**

       **A. Plaintiff's Claims Concerning the Rape Kit Are Undeniably Viable**

The Defendants' allegations, relating to Plaintiff's Fourth Cause of Action (their

request that the "lost rape kit" claims be dismissed), are -- absurd. The rape kit was,

undeniably, in the possession of The City/NYPD for twenty-two years while Plaintiff was

languishing in maximum security prisons. Nevertheless, The City/NYPD misrepresented

the whereabouts and existence of the rape kit and withheld it from Plaintiff (between

August 1994 and January 2006) in response to numerous motions and Freedom of

Information Law requests served by Plaintiff over the course of more than a decade.

Defendants contend that Plaintiff's cause of action began to accrue when he was

first advised that the rape kit could not be located on November 4, 1994. Defts.' Br. at 9-

10. In fact, as Defendants well know, if the rape kit had never been located, Plaintiff

would still be incarcerated and he would have no right to challenge the underlying

conviction with a § 1983 lawsuit. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994)

(criminal defendant may not bring a § 1983 claim until his conviction is

overturned/vacated).    Defendants ignore the fact that the gravamen of Plaintiff's Complaint is that The City, NYPD investigators and members of the Bronx DA's Office *continuously misrepresented* (negligently or with a reckless disregard of Plaintiff's constitutional rights) the existence of the rape kit and its availability for testing. Complaint ¶¶ 101, 105-11, 118-21.

Defendants allege that Plaintiff should have: (1) known that the Defendants were misrepresenting the truth about the existence of the rape kit, and (2) immediately filed a § 1983 lawsuit. However, under Heck, a criminal defendant cannot collaterally attack an extant state court conviction and, under CPL 440.30 (1-a) (b), if DNA evidence is "unavailable," the accused may not use that unavailability as a basis for challenging his/her conviction.    In other words, Defendants' suggestion that Plaintiff had "a complete and present cause of action" in 1994 is absurd.

A § 1983 claim for the denial of a fair trial is, in essence, a claim for "damages attributable to an unconstitutional conviction." Heck v. Humphrey, 512 U.S. 477, 489-90 (1994).    Therefore, as explained in Heck, Plaintiff's § 1983 claim did not accrue until his conviction was invalidated.    See Heck, 512 U.S. at 489-90 ("[A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated."); accord Amaker v. Weiner, 179 F.3d 48, 51-52 (2d Cir. 1999).[5]    The criminal proceedings continued, until they ended, when all charges against Plaintiff were dismissed with prejudice on July 6, 2006.    Thus,

---

[5]    See also Martin v. Merola, 532 F.2d 191, 194-95 (2d Cir. 1976) (per curiam) ("Until the state prosecutions have been concluded, it is simply impossible to make any reasoned evaluation of plaintiffs' claim that they have been deprived of the opportunity to secure a fair trial by reason of defendants' actions...it would offend the principle of comity for a federal district court to inquire into plaintiffs' ability to secure a fair trial in a pending state prosecution...such parallel proceedings represent a drain on already overextended judicial and prosecutorial resources").

under <u>Heck</u>, the § 1983 statute of limitations did not begin to run until July 6, 2006. Plaintiff initiated his action on July 3, 2007, less than one year after the criminal proceedings ended. Since Plaintiff initiated this claim within one year of the termination of the state criminal proceeding, it is undeniably timely.[6]

### B. Plaintiff's Remaining "Evidence Claims" Also Must Survive

Once again, the Defendants ignore the fact that Plaintiff has alleged "bad faith" on the part of the Defendants in withholding other evidence, *i.e.*, evidence in addition to the rape kit (*e.g.*, Plaintiff's sneakers, lab results, Chamberlin interview notes, "DMV" search notes, etc.). Plaintiff's Complaint specifically and unequivocally states that the Defendants "failed to disclose," "failed to advise," "secreted," "fabricated" and/or "suppressed" material evidence that would have established Plaintiff's innocence. Complaint, ¶¶ 90-91, 136-37, 139-41, 149 (a-d), 151, 158 (a-e), 161, 165, 168, and 172. Defense counsel questions, in his non-witness Declaration, the "plausibility" of Plaintiff's claims and then proceeds to argue that the evidence in question was either "disclosed" or had "no exculpatory value." Mr. Larkin's "testimony" in this regard is, however, worthless because, as seen above, this Court "must accept all allegations in the Complaint as true and draw all inferences in the non-moving party's [Plaintiff's] favor."

---

[6]    Defendants quote at length from a non-binding Seventh Circuit decision that has virtually no relevance here: <u>Savory v. Lyons</u>, 469 F.3d 667 (7th Cir. 2006), <u>cert denied</u>, -- U.S. --, 127 S.Ct. 2433 (2007). In <u>Savory</u>, the criminal defendant brought a § 1983 lawsuit to gain access to physical evidence for DNA testing; *the District Attorney's Office had the evidence in its possession, but refused to test it.* The Illinois circuit court had previously determined, on July 7, 1998, that testing was not warranted under the terms of the Illinois statute. Savory apparently accepted the latter ruling and thereafter allowed the matter to remain dormant for years. Unlike here, where the Defendants misrepresented, to an unknowing Plaintiff, that the physical evidence was "unavailable" and "lost" for years, Savory admitted that his injury arose simply out of the denial of access to the *available* physical evidence in his case. The district court determined that the relevant accrual date was July 7, 1998, the date on which the Illinois circuit court denied Savory's request for DNA testing on the available physical evidence.

V.    **PLAINTIFF'S FIFTH CAUSE OF ACTION IS VIABLE BECAUSE FACTS HAVE BEEN ALLEGED THAT COULD LEAD TO A FINDING OF LIABILITY ON THE PART OF DEFENDANT ADA ANDREA FREUND**

Defense counsel admits that the Fifth Cause of Action "seeks damages against ADA Freund (the lead prosecutor) and other unnamed assistant district attorneys for "fabricating evidence" and other purported misconduct during the 'investigation phase' of the case." Defts.' Br. at 13. Defense counsel further admits that ADA Freund, *et al,.* enjoy only qualified immunity for actions taken in an "investigative" capacity. Id. Facts are alleged in the Complaint that may establish liability on the part of Defendant Freund – that this Defendant participated in and supervised the criminal investigation. Complaint, ¶¶ 165-73. Defendants' motion to dismiss the Fifth Cause of Action apparently is an attempt to foreclose plaintiff's right to discover precisely what role ADA Freund played in the investigation of the crime in question and thereby preclude an evaluation of her alleged "immunity." See Zahrey v. Coffey, 221 F.3d 221 F.3d 342, 353 n.10 (2d Cir. 2000) ("a police officer and a prosecutor are entitled only to the same qualified immunity for investigatory acts"). As seen above, at this stage of the proceedings, this Court "must accept all allegations in the Complaint as true and draw all inferences in the non-moving party's [Plaintiff's] favor."[7]

---

[7]    The Second Circuit has held that government officials may assert qualified immunity on a motion to dismiss, but that "a defendant presenting an immunity defense on a Rule 12(b)(6) motion instead of a motion for summary judgment must accept the more stringent standard applicable to this procedural route." McKenna v. Wright, 386 F.3d 432, 436 (2d Cir. 2004). The Court explained that, as with all motions to dismiss under Fed.R.Civ.P. 12(b) (6), the qualified immunity defense must be based on facts "that appear on the face of the complaint" and that "the plaintiff is entitled to all reasonable inferences from the facts alleged, not only those that support his claim, but also those that defeat the immunity defense." Id. Since the determination of whether a government official's conduct was reasonable often "necessarily involves a fact-specific inquiry, '[i]t is generally premature to address the defense of qualified immunity in a motion to dismiss....'" Bernstein v. City of New York, No. 06 Civ. 895(RMB), 2007 WL

VI.    **PLAINTIFF'S SIXTH THROUGH TENTH CAUSES OF ACTION MUST SURVIVE BECAUSE CONSTITUTIONAL VIOLATIONS HAVE BEEN ALLEGED THROUGHOUT THE COMPLAINT THAT ESTABLISH THE EXISTENCE OF MUNICIPAL & SUPERVISORY LIABILITY**

Defense counsel's sole allegation here is that Plaintiff's "supervisory" and "municipal liability" claims "cannot proceed in the absence of an underlying constitutional violation." Once again, defense counsel has ignored clear and unequivocal language in the Complaint detailing various constitutional violations (Complaint, ¶¶ 129, 142, 151, 160, 171); this Court must accept these alleged constitutional violations as true at this time. What is truly outrageous about the Defendants' allegation here is that (1) there is explicit language asserting the constitutional violations present within the Complaint, and (2) Defendants accept the standard of review by this Court on a Rule 12 Motion (this Court "must accept all allegations in the Complaint as true and draw all inferences in the non-moving party's [Plaintiff's] favor"). Defense counsel, nevertheless, persists in arguing, in bad faith, that the Defendants have grounds for a Rule 12 dismissal of these causes of action at this time.

Numerous constitutional violations are alleged in the Complaint; for example, one such violation, the failure of NYPD employees to produce a rape kit upon plaintiff's request, could not be clearer. Complaint, ¶¶ 223-26. And, evidence of prior misconduct by these same NYPD employees may be relevant to a claim against the municipality pursuant to Monell v. Dep't of Soc. Servs. of the City of New York, 436 U.S. 658 (1978). Under Monell, a municipality is liable for the unconstitutional act of an employee where the act is part of a custom, policy, pattern or practice of unconstitutional violations. Here,

---

1573910, at *9 (S.D.N.Y. May 24, 2007) (quoting Walker v. Mendoza, No. 00 Civ. 93, 2000 WL 915070, at *7 (E.D.N.Y. June 27, 2000)).

Plaintiff will be exploring, in discovery, how the NYPD and DA Office Defendants handled: (1) criminal investigations similar to those at issue in this case and (2) post-conviction requests for criminal evidence similar to those made by Mr. Newton. While Defendants have objected to Plaintiff's requests for this information, ultimately Plaintiff is confident that the Defendants will be compelled to produce the evidence requested under well-established Second Circuit precedent:

> We have no doubt that, in the context of a theory that the City negligently supervised its officers in their use of force [in their investigation of other crimes or in their handling of criminal evidence], the evidence that a number of claims of police brutality [of loss of, or secretion of, evidence] had been made by other persons against the City, together with evidence as to the City's treatment of these claims, was relevant. *Whether or not the claims had validity,* the very assertion of a number of such claims put the City on notice that there was a possibility that its police officers had used excessive force [had not handled criminal investigations and evidence properly].

Fiacco v. City of Rensselaer, 783 F.2d 319, 328 (2d Cir. 1986) (emphasis added).[8]

In sum, Defendants' claim that the Sixth through Tenth Causes of Action should be dismissed is wholly without any factual or legal merit.[9]

## VII.   PLAINTIFF'S STATE LAW CLAIMS ARE VIABLE

### A. False Arrest, False Imprisonment & Malicious Prosecution

---

[8]    Nine years after the Fiacco decision, the Second Circuit reaffirmed that even invalid prior complaints may be relevant to prove a Monell claim: "deliberate indifference may be inferred if the complaints" (substantiated or not) "are followed by no meaningful attempt on the part of the municipality to investigate or forestall further incidents." Vann v. City of New York, 72 F.3d 1040, 1049 (2d Cir. 1995).

[9]    See Carter v. Hudson, 612 F. Supp. 749 (S.D.N.Y. 1985) (Scheindlin, M.J.) (Rule 12/56 motions denied because material issues of fact existed as to whether The City's alleged failure to train and supervise its officers in gathering and handling exculpatory evidence was sufficiently egregious to be labeled grossly negligent or to warrant finding of deliberate indifference to plaintiff's constitutional rights).

Defendants suggest that because "the standards for false arrest and false imprisonment claims...[are] substantially the same under New York and federal law," the state law variations of these claims should be dismissed. Defts.' Br. at 14. In fact, false arrest and imprisonment claims accrue, for statute of limitations purposes, very differently under federal and state law. Plaintiff's state law false arrest and false imprisonment claims are not time-barred because under New York State law these claims did not begin to accrue until Plaintiff's release from custody. See, e.g., McCray v. City of New York, No. 03 Civ. 9685 (DAB), 2007 WL 4352748, *15 n.20 (S.D.N.Y. Dec. 1, 2007) (NYS cases are cited therein showing that false arrest and imprisonment claims accrue upon an individual's release from incarceration); Collins v. McMillan, 102 A.D.2d 860 (2d Dept. 1984). Because Plaintiff filed this action on July 3, 2007, within one year of his release from incarceration (July 6, 2006), his state law false arrest and imprisonment claims are timely and viable. Plaintiff's malicious prosecution claim is viable for the reasons set forth above in Point III (B).

### B. Abuse of Process

Once again, defense counsel argues facts – that: (1) "Plaintiff has failed to allege any facts showing a collateral objective, *except in the most general terms,* and (2) that the Defendants had "probable cause" to arrest, prosecute and incarcerate Plaintiff. Defts.' Br. at 14 (emphasis added). In fact, Plaintiff has alleged that: (a) the Defendants "initiated criminal proceedings against Alan Newton either out of *personal animosity* towards Mr. Newton, *or to advance their respective careers,* or for some other improper purpose" (clear "collateral objectives"), and (b) the Defendants "did not have probable cause for believing that a crime had been committed or that Alan Newton had committed

it. Complaint, ¶¶ 256-57 (emphasis added); see also Complaint, ¶¶ 182 ("the overriding credo of NYPD personnel [is] to obtain and sustain convictions at all costs"), 202 ("DA Merola knew that ADA Freund would do anything to obtain a rape, robbery and assault conviction"). Plaintiff has made a *prima facie* claim of an ulterior purpose or objective – the advancement of the Defendants' respective careers. See Simons v. New York, 472 F.Supp.2d 253 (N.D.NY. 2007) (plaintiff survived a motion to dismiss his abuse of process claim by alleging that the ulterior purpose and objective of the defendants "was to save their reputations by securing a conviction"). At this stage of the litigation, this Court "must accept all allegations in the Complaint as true and draw all inferences in the non-moving party's [Plaintiff's] favor," including the alleged improper purposes of Plaintiff's accusers.

### C. Negligent Loss of Evidence

Defendants make several unintelligible contentions seeking a dismissal of Plaintiff's Fourteenth Cause of Action. First, Plaintiff has not made a spoliation claim within this cause of action. Second, contrary to Defendants' claims, Plaintiff has alleged: (1) "bad faith" on the part of the Defendants (secretion and fabrication of evidence are alleged throughout the Complaint), (2) that the lost evidence was "exculpatory" (Complaint, ¶ 268), (3) that a duty existed on the part of the Defendants to preserve and produce the evidence (Complaint, ¶ 266), and (4) that a "special relationship" existed between Defendants and Plaintiff in light of the latter's incarceration (Complaint, ¶ 265) - - to the extent these allegations are even necessary (as claimed by Defendants). All of the elements of a negligence claim are properly alleged and pleaded in the Complaint and the Court must accept them as true and draw all inferences in Plaintiff's favor.

Finally, the negligence claim is not time-barred. Plaintiff has made several allegations of negligence in the Complaint and in the Fourteenth Cause of Action – that the Defendants negligently lost critical evidence and that the Defendants negligently or fraudulently misrepresented the whereabouts and alleged non-existence of evidence (specifically, the rape kit). New York law provides a six year statute of limitations for claims of negligent and fraudulent misrepresentation. N.Y. C.P.L.R. § 213(8); see Von Hoffmann v. Prudential Ins. Co., 202 F.Supp.2d 252, 262-264 (S.D.N.Y. 2002). The cause of action accrues, and the limitations clock begins to run, on the date of the alleged misrepresentation. Fandy Corp. v. Lung-Fong Chen, 262 A.D.2d 352 (2d Dept. 1999). Continuing acts of misrepresentation toll the limitations period if they cause significant, distinct harm that gives rise to separate claims. Long Island Lighting Co. v. IMO Indus. Inc., 6 F.3d 876, 887 (2d.Cir. 1993). And, the aggrieved party may commence his/her action within either six years of the misrepresentation, or two years from the time that he/she discovers or should have discovered the misrepresentation through reasonable diligence, whichever period is longer. N.Y. C.P.L.R. § 203(g); Old Republic Ins. Co. v. Hansa World Cargo Service, Inc., 51 F.Supp.2d 457, 469 (S.D.N.Y. 1999). The Second Circuit has held that the level of notice required, under so-called "diligence-discovery rule of accrual, is "knowledge of, or knowledge that could lead to, the basic facts of the injury." Kronisch v. United States, 150 F.3d 112, 121 (2d.Cir. 1998). The test of when reasonable diligence would uncover the injury is one of objective reasonableness. Van Hoffman, 202 F.Supp.2d at 262.

Here, the six-year limitations period originally began to run on the misrepresentations regarding the rape kit in 1994, at the time of the original

misrepresentation. Plaintiff claims, however, and this Court must accept for purposes of this Motion, that: (1) the Defendants thereafter assured him repeatedly in subsequent years (in response to several new motions and several new Freedom of Information Law requests – Complaint, ¶¶ 103-113 and 118-21) that the rape kit was "lost" or "destroyed," and (2) Plaintiff was unaware these continuing misrepresentations were false until November 2005 when the rape kit was found (Complaint, ¶ 121). Under this set of facts, Plaintiff has shown that the statute of limitations for his negligence cause of action extends two years beyond November 2005—when he first learned that he had been deceived about the allegedly missing evidence. The negligence claim must survive here because a statute of limitations defense raised in a Rule 12 motion should not be granted unless the plaintiff can prove *no* set of facts that would entitle him/her to relief. Old Republic, 51 F.Supp.2d at 468; see also Robertson v. Seidman and Seidman, 609 F.2d 583, 591 (2d Cir. 1979) (determination of when plaintiff reasonably could have discovered the alleged misrepresentations involves genuinely disputed issues of fact not appropriate for summary judgment).

**D. Negligent Supervision**

Plaintiff has pled a proper "negligent supervision" and *respondeat superior* claim in the Fifteenth Cause of Action (Complaint, ¶¶ 273-289). Plaintiff has alleged simply that the Defendant NYPD and DA Office employees acted improperly and outside the scope of their employment (withholding and falsifying evidence); that these employees were not supervised with the requisite degree of care, and that their supervisors and The City may, accordingly, be held liable. Defendants have cited to a case that that has vastly different facts – Kramer v. City of New York, No. 04-CIV-106 (HB), 2004 WL 2429811

(S.D.N.Y. Nov. 1. 2004).  In <u>Kramer</u>, the plaintiff admitted that the bulk of the defendants-employees merely acted within the scope of their employment (at *8-9), and there can be no claim for negligent supervision under such circumstances; as to the one employee who allegedly acted outside the scope of his employment, the court determined that he "was not under the City's supervision and control" (at *9).  Here, quite differently, the Defendants-employees in question were engaged in the furtherance of the employer's business and the employer was, or could have been, exercising some control, directly or indirectly, over their employees' rogue actions, but they failed to do so. Liability may follow under such circumstances.

### E. Intentional Infliction of Emotional Distress

Defendants merely claim here that this Court can determine, as a matter of law, that the Defendants had probable cause to arrest, prosecute and incarcerate Plaintiff and that the Defendants' conduct was not, therefore, "outrageous in character."  The Court may not make such a factual finding.  At this stage of the case, the Court must accept the specific allegations made by Plaintiff as true and draw all inferences in Plaintiff's favor.

### F. Breach of a "Special Relationship"

Defendants have unsuccessfully claimed that no "special relationship" existed between them and Plaintiff, a man they arrested, prosecuted and incarcerated; their request that the Eighteenth Cause of Action be dismissed should, therefore, be denied.  In fact, the Defendants did have a "special relationship" with Plaintiff in light of his incarceration at their request and insistence.  <u>See, e.g.</u>, <u>De Shaney v. Winnebago County Dept. of Social Services</u>, 489 U.S. 189, 199-200 (1989) ("when the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a

corresponding duty to assume some responsibility for his safety and general well being");
Bailey v. Tricolla, No. CV-94-4597 (CPS), 1996 WL 733078, *3 (E.D.N.Y. Dec. 11,
1996) (custodial relationship, such as that found between a police officer and a pretrial
detainee, gives rise to a "special governmental duty" to protect under the 14[th]
Amendment).

### G. The New York State Constitution

Since the great majority of civil rights claimants pursue their constitutional
remedies under federal law, there is a paucity of precedent on the issue of whether a civil
cause of action exists under the New York State Constitution for a constitutional
violation. The New York Court of Appeals has, however, has answered the question
affirmatively. See Brown v. State, 89 N.Y.2d 172, 187-88 (1996) ("[A]rticle I, § 12 of
the State Constitution and that part of section 11 relating to equal protection are self-
executing. They define judicially enforceable rights and provide citizens with a basis for
judicial relief against the State if those rights are violated...the courts have the obligation
to enforce these rights by ensuring that each individual receives an adequate remedy for
violation of a constitutional duty...we conclude that a cause of action to recover damages
may be asserted against the State for violation of the Equal Protection and Search and
Seizure Clauses of the State Constitution."). While it is true that Plaintiff has viable
claims under federal law, he has equally powerful claims available under the New York
State Constitution.

### H. Punitive Damages – State Law

Since a claim for punitive damages cannot "stand alone," Plaintiff agrees to the
dismissal of the Twentieth Cause of Action set forth in the Complaint. See Goldstein v.

Winard, 173 A.D.2d 201 (1st Dept. 1991) (punitive damages cause of action dismissed, but *ad damnum* clause amended, *sua sponte,* to include a claim for punitive damages). Here, Punitive damages are claimed in the Complaint's *ad damnum* clause and that claim should survive, even if not within a separate cause of action. Id.

### I.  Claim for Injunctive Relief

Plaintiff has not pursued the claim for injunctive relief set forth in Twenty-First Cause of Action. After filing the Complaint, Plaintiff's counsel learned that Magistrate Sharon Grubin previously entered an Order, on April 30, 1997, stating that The City "is hereby ordered to assure all evidence pertaining to petitioner's [Alan Newton's] convictions is retained [and preserved]." Plaintiff is presently attempting to obtain a copy of this Order from a Federal Records Center in Missouri. Upon information and belief, Magistrate Judge Grubin's Order is still in effect and it should suffice for Plaintiff's purposes to ensure that all evidence relating to his convictions is preserved. Accordingly, Plaintiff will voluntarily withdraw the injunctive relief cause of action.

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court

(1)    dismiss the § 1983 false arrest and false imprisonment claims set forth within the Second Cause of Action of the Complaint (but otherwise preserve the malicious prosecution claim set forth therein);

(2)    dismiss the "punitive damage cause of action" set forth in the Twentieth Cause of Action of the Complaint (but deem the remedy preserved in the *ad damnum* clause);

(3)    dismiss the "injunctive relief" claims set forth in the Twenty-First Cause of Action of the Complaint;

(4)    deny the remainder of Defendants' Rule 12 motion; and

(5)    grant any other or further relief that the Court deems just and proper.

Dated:  New York, New York
        June 6, 2008

Respectfully submitted,

By: _____
    John F. Schutty, Esq.
    (JS2173)
Law Office of John F. Schutty, P.C.
445 Park Avenue, Ninth Floor
New York, New York 10022
Tel:  (212) 836-4796

Counsel to Plaintiff Alan Newton

To:    **City of New York Law Department**
    Office of Corporation Counsel
    Attn: Arthur G. Larkin, Esq., Rm. 3-193
    100 Church Street
    New York, NY 10007

## AFFIRMATION OF SERVICE

I, John F. Schutty, the undersigned attorney at law duly admitted to practice in the State of New York, affirms under penalty of perjury, that on the 6th day of June 2008, the annexed "Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for Judgment on the Pleadings" was served by first-class mail upon:

**City of New York Law Department**
Office of Corporation Counsel
Attn: Arthur G. Larkin, Esq., Rm. 3-193
100 Church Street
New York, NY 10007

John F. Schutty