UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x

ALAN NEWTON,

                                        Plaintiff,

                -against-                              07-CV-6211 (SAS)


THE CITY OF NEW YORK, et al.,

                                        Defendants.

---------------------------------------------------------------------- x




## DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION FOR JUDGMENT ON THE PLEADINGS




                                MICHAEL A. CARDOZO
                        Corporation Counsel of the City of New York
                                *Attorney for Defendants*
                                100 Church Street
                            New York, New York 10007
                                (212) 788-1599


                                    Of Counsel:

                                Arthur G. Larkin

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ...................................................................................... 1

ARGUMENT ................................................................................................................... 1

    I.    Plaintiff Relies on the Wrong Governing Standard ..................................... 1

    II.   Unduly Suggestive Identification Procedures............................................... 3

    III.  False Arrest/Malicious Prosecution ............................................................. 4

    IV.  Plaintiff's Claims Concerning the Rape Kit and
           Other Evidence ............................................................................................. 5

    V.    Absolute Immunity for the ADA Defendants............................................... 7

    VI.  State Law Claims .......................................................................................... 8

CONCLUSION................................................................................................................. 9

## Preliminary Statement

In opposition to defendants' motion for judgment on the pleadings, plaintiff fails completely to address the central arguments advanced by defendants. Among other things, plaintiff (i) cites the wrong legal standard for the instant Rule 12 motion, (ii) fails to provide factual amplification where the allegations of the complaint are directly contradicted by the record of the underlying criminal proceedings on which this lawsuit is based, and (iii) fails to distinguish, address or even mention the controlling decision from the Second Circuit regarding a civil plaintiff's constitutional right to DNA testing. As shown below, plaintiff's weak opposition makes even more compelling the arguments set forth by defendants in their motion, and for these reasons the motion should be granted.[1]

## Argument

### I.    Plaintiff Relies on the Wrong Governing Standard

Relying on *Conley v. Gibson*, 355 U.S. 41 (1957), and its progeny, plaintiff asserts that the complaint may not be dismissed "unless it appears beyond doubt, . . . that the plaintiff can prove no set of facts which would entitle him to relief." (Plaintiff's Mem., at 2) This standard has been rejected by the United States Supreme Court in favor of the "flexible plausibility" standard. *Bell Atlantic v. Twombly*, --- U.S. ---, 127 S. Ct. 1955, 1969 (2007); *Iqbal v. Hasty*, 490 F.3d 143, 155 (2d Cir. 2007) (the "no set of facts language [in *Conley*] has earned its retirement and is best forgotten") (citing *Bell Atlantic*, 127 S. Ct. at 1969) (internal quotes omitted); *Abdelhomid v. Altria Group, Inc.*, 515 F. Supp. 2d 384, 391 n.25 (S.D.N.Y. 2007) (Scheindlin, J.) (same).

---

[1]    To the extent plaintiff's arguments in opposition are not addressed in this reply, defendants rest on their moving papers.

Plaintiff also asserts that the Court should not consider the record of the underlying criminal proceedings against him because those proceedings are "not integral" to the complaint. (Plaintiff's Mem., at 3, n.1)  Contrary to this argument, the criminal proceedings form the entire basis of plaintiff's civil rights case:  Without those proceedings, plaintiff would not have been arrested, prosecuted or imprisoned and there would be no lawsuit against the City or anyone else. To the extent that the complaint purportedly sets forth "facts" that are contradicted by the criminal trial transcript or other, related documents that are also integral to plaintiff's complaint, this Court should look to the underlying documents and need not rely on the descriptions set forth in the complaint. *Broder v. Cablevision Systems Corp.*, 418 F.3d 187, 196 (2d Cir. 2006) (where written agreement was integral to complaint, the court "need not accept [the complaint's] description of the terms [of the agreement], but may look to the agreement itself"); *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) (considering public filings with the SEC on motion to dismiss, because there was "no serious question as to their authenticity," and because holding otherwise would allow "complaints that quoted only selected and misleading portions of such documents" to escape dismissal).

Plaintiff's request that the Court convert the instant motion into one for summary judgment, *see* Fed. R. Civ. P. 12(b), should be denied.  "[T]he harm to the plaintiff when a court considers material extraneous to a complaint is the lack of notice that the material may be considered." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) (citation omitted).  Accordingly, "where plaintiff has actual notice of all the information in the movant's papers and has relied upon these documents in framing the complaint the necessity of translating a Rule 12(b)(6) motion into one under Rule 56 is largely dissipated." *Id.*  Plaintiff clearly had

notice of all of the information in defendants' moving papers and therefore the Court need not

convert the motion in order to avoid surprise to plaintiff.

## II.    <u>Unduly Suggestive Identification Procedures</u>

In opposition to defendants' motion, plaintiff asserts that the complaint sufficiently

alleges that defendants secreted or fabricated "identification procedure evidence" such that the

bar of *Wray v. City of New York*, 490 F.3d 189 (2d Cir. 2007), does not apply.  (Plaintiff's Mem.,

at 3)  In support of his arguments, plaintiff cites paragraphs 139 and 140 of the complaint, which

allege in conclusory terms that defendants "wrongfully pressur[ed] eyewitnesses" to identify

him, and made "material omissions of exculpatory evidence."  (*Id.*, at 3-4)

As shown in defendants' moving papers, however, none of the factual underpinnings of

these conclusory allegations is plausible in light of the record of the criminal proceedings.

(Larkin Dec., ¶¶ 6-16; Defendants' Mem., at 2-3)  In order to survive a motion to dismiss, the

complaint "must amplify a claim with some factual allegations in those contexts where such

amplification is needed to render the claim plausible."  *Iqbal*, 490 F.3d at 157-58.  Put another

way, "the plaintiff must provide the grounds upon which his claim rests through <u>factual</u>

<u>allegations</u> sufficient to raise a right to relief above the speculative level."  *ATSI*

*Communications, Inc. v. The Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citing *Bell*

*Atlantic*, 127 S. Ct. at 1965) (internal quotes omitted; emphasis added).  By repeating the

conclusory allegations of the complaint, and by failing to point to any specific facts pleaded,

plaintiff simply underscores the insufficiency of his complaint.

The decisions on which plaintiff relies are not to the contrary.  In *Higazy v. Templeton*,

505 F.3d 161 (2d Cir. 2007), plaintiff alleged that an FBI agent coerced his confession and

misled the court and prosecutors as to his conduct.  The court held that these facts, if true, would

support a claim for violations of the Fifth Amendment privilege against self-incrimination,

warranting denial of the agent's motion for summary judgment. *Id.* at 175-78. *Higazy* is consistent with *Wray*, since it holds that liability for a constitutional violation may be established against an investigator – in that case an FBI agent – who misleads prosecutors or the court. Similarly, in *Zahrey v. Coffey*, 221 F.3d 342 (2d Cir. 2000), the court held that where a prosecutor fabricated evidence while acting in an investigative capacity, he could be liable for the resulting deprivation of liberty where the court relied on the fabricated evidence to detain the plaintiff. *Id.* at 347. *Zahrey* was decided at the pleading stage, but the facts alleged in the complaint were specific as to the evidence that was fabricated, in contrast to the instant case. *Cf. Zahrey*, 221 F.3d at 345-46. *Zahrey*, therefore, does not support plaintiff's arguments.

## III.    False Arrest/Malicious Prosecution

Plaintiff does not dispute that the Grand Jury indictment creates a presumption of probable cause. (Plaintiff's Mem., at 7) Plaintiff argues, however, that the allegations of the complaint are sufficient to overcome the presumption (*id.* at 7-8), and again elects not to address the clear conflict between the record of the criminal proceedings and the complaint. Where documents deemed integral to the complaint are in conflict with the complaint itself, the court may look to the underlying documents rather than relying on the complaint. *Broder*, 418 F.3d at 196; *Kramer*, 937 F.2d at 774. Plaintiff's opposition fails to address this argument entirely; rather, plaintiff states that defendants seek to invoke the doctrine of collateral estoppel by their reliance on the record of the criminal proceedings, and then asserts that collateral estoppel is unavailable under these circumstances. (Plaintiff's Mem., at 7)

Plaintiff's argument should be rejected. In support of the argument, plaintiff relies on *Jenkins v. City of New York*, 478 F.3d 76 (2d Cir. 2007), which holds that the City cannot invoke the doctrine of collateral estoppel against a civil rights plaintiff who was acquitted of criminal

charges where the prior, unfavorable ruling was never appealed. *Id.* at 92 (the rule "is predicated on the defendant's lack of an opportunity to obtain review of an issue decided against him") (citations omitted). Here, defendants advance an entirely different argument, viz., that under *Bell Atlantic* and its progeny, plaintiff must amplify his pleading with factual allegations where the conclusions he would have the Court draw appear contradictory to the record of the criminal proceedings – one context in which "amplification is needed to render the claim plausible." *Iqbal*, 490 F.3d at 157-58; *ATSI Communications*, 493 F.3d at 98; *see also Broder*, 418 F.3d at 196; *Kramer*, 937 F.2d at 774. Plaintiff failed to meet this standard in the first instance, and in opposition to defendants' motion plaintiff sidesteps the issue entirely.

## IV.     Plaintiff's Claims Concerning the Rape Kit and Other Evidence

Plaintiff asserts that he did not have a "complete and present" cause of action under Section 1983 until his conviction was vacated in July, 2006. (Plaintiff's Mem., at 8-10) With regard to plaintiff's malicious prosecution claim, plaintiff is correct, *see Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), and defendants do not contend otherwise. With regard to plaintiff's constitutional claims concerning the rape kit, however, plaintiff is incorrect.

To the extent that an individual may have a federal constitutional claim under Section 1983 for access to evidence for DNA testing, that claim is not barred by *Heck* if the plaintiff remains incarcerated pursuant to a conviction. *McKithen v. Brown*, 481 F.3d 89, 101-02 (2d Cir. 2007), *cert. denied*, --- U.S. ---, 128 S. Ct. 1218 (2008). Assuming such a claim even exists under the constitution, therefore, an incarcerated individual would have a "complete and present cause of action" when he makes a request for the evidence and the request is denied, because at that time he may "file suit and obtain relief." *Wallace v. Kato*, --- U.S. ---, 127 S. Ct. 1091, 1095 (2007) (citations omitted); *see also Bay Area Laundry & Dry Cleaning Pension Trust Fund v.*

*Ferbar Corp.*, 522 U.S. 192, 201 (1997) ("All statutes of limitation begin to run when the right of action is complete"); *Savory v. Lyons*, 469 F.3d 667, 673-74 (7th Cir. 2006), *cert. denied*, --- U.S. ---, 127 S. Ct. 2433 (2007).

This rule applies regardless of the remedy plaintiff seeks: His cause of action accrues when he can show "the existence of a right . . . and a breach of that right by the defendant." *Williams v. Walsh*, 558 F.2d 667, 671 (2d Cir. 1977). The remedies sought "most certainly do not themselves give rise to separate causes of action," and the limitations period for any claim under Section 1983 is the same regardless of whether plaintiff seeks legal or equitable relief. *Id.* at 671-72. Plaintiff's argument that he could not have sued to vindicate his right to DNA testing (assuming <u>arguendo</u> that such a right even exists) until after his conviction was overturned ignores the accrual rule in the federal courts: Because *Heck* would not bar such an action, *see McKithen*, 481 F.3d at 101-02, the cause of action accrues when plaintiff's request for DNA testing is denied, i.e., when the right is "breached" by defendants, regardless of whether he is incarcerated at the time of that denial. *Williams*, 558 F.2d at 671-72; *see also Wallace*, 127 S. Ct. at 1095; *Savory*, 493 F.3d at 673-74;

Plaintiff asserts that *Savory* is distinguishable and that defendants' argument should be rejected, because in *Savory* the rape kit was available for testing but the district attorney refused to allow tests to be conducted. Here, in contrast (according to plaintiff), defendants "continuously misrepresented . . . the existence of the rape kit and its availability for testing." (Plaintiff's Mem., at 9) Plaintiff did not know that defendants "were misrepresenting the truth about the existence of the rape kit," and asserts that he could not bring suit until the rape kit was found and tested, and his conviction was overturned. (*Id.*) This argument ignores *Arizona v. Youngblood*, 488 U.S. 51 (1988), which holds that the police are not responsible for the loss or

destruction of evidence unless they <u>know</u> that the evidence is exculpatory at the time it is lost or destroyed. *Id.* at 58-59. Plaintiff alleges that defendants deliberately placed the rape kit "exactly where it was supposed to be for the . . . eleven years" between 1994 and 2005 (Complaint, ¶ 119), with the intention of denying plaintiff access to that evidence – knowing all along that the rape kit was exculpatory. These allegations are plainly implausible, on their face, because (i) in the absence of tests, no one could know whether the rape kit was exculpatory or inculpatory, and (ii) it is hardly believable that the police would have maintained the rape kit "exactly where it was supposed to be" if they intended to deny plaintiff access to it. *See generally Bell Atlantic,* 127 S. Ct. at 1975.

In sum, to the extent the constitution recognizes plaintiff's right to DNA testing of the rape kit, that right accrued in 1994, and any claims based on denial of that right are time-barred. Moreover, to the extent that the reason for denial of access to the rape kit in 1994, or anytime thereafter, was that the rape kit could not be located, defendants' conduct must be judged according to the *Youngblood* bad faith test. Clearly, non-production of the rape kit at that time did not violate the constitution because no inference of bad faith can be drawn from defendants' inability to locate or produce the rape kit. Accordingly, all of plaintiff's claims concerning the rape kit and other physical evidence should be dismissed.

## V.    <u>Absolute Immunity for the ADA Defendants</u>

Plaintiff fails completely to set forth any facts in the complaint supporting a plausible inference of misconduct in any "investigative" phase on the part of ADA Freund. In opposition, plaintiff relies on *Zahrey*, where the complaint included far more detailed factual allegations of misconduct on the part of the prosecutor than those alleged here. *Compare Zahrey,* 221 F.3d at 345-46, with Complaint, ¶ 173. Plaintiff has not pointed out any specific factual allegation that

ADA Freund purportedly acted in an "investigative" capacity aside from that in paragraph 173, which is insufficient in any event.  Plaintiff's claims against ADA Freund should therefore be dismissed.

## VI.    State Law Claims

In support of their motion, defendants showed that (i) there is no duty under state law to preserve evidence after the criminal defendant's direct appeals are exhausted, and (ii) there was no special relationship between any defendant and Mr. Newton that would allow a negligent misrepresentation claim to proceed.  (Defendants' Mem., at 15-16, 17-18)  In opposition, plaintiff fails to address or distinguish the authorities cited by defendants, and instead simply rests on the conclusions in the complaint "that a duty existed on the part of Defendants to preserve and produce the evidence, . . . [and] that a special relationship existed between Defendants and Plaintiff in light of the latter's incarceration."  (Plaintiff's Mem., at 15)  These purported legal conclusions are not entitled to any weight on the instant motion.  *See Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 337 (2d Cir. 2006) ("conclusory allegations and legal conclusions masquerading as factual conclusions will not suffice to defeat a motion to dismiss") (citation and internal quotes omitted).  Plaintiff's state law claims should be dismissed in their entirety.

- 8 -

## Conclusion

For the foregoing reasons, as well as those set forth in defendants' moving papers, defendants' motion for judgment on the pleadings should be granted and the complaint should be dismissed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

Dated:       New York, New York
             June 17, 2008

                         Respectfully submitted,


                         MICHAEL A. CARDOZO
                         Corporation Counsel of the
                          City of New York
                         *Attorney for Defendants*
                         100 Church Street
                         New York, New York 10007
                         (212) 788-1599

             By:  _____
                         Arthur G. Larkin (AL 9059)