

JUL 25 2008

| MICHAEL A. CARDOZO<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>LAW DEPARTMENT<br>100 CHURCH STREET, Rm. 3-193<br>NEW YORK, NY 10007 | ARTHUR G. LARKIN<br>Senior Counsel<br>Phone: (212) 788-1599<br>Fax: (212) 788-9776<br>alarkin@law.nyc.gov |

## MEMO ENDORSED

July 24, 2008

**BY FACSIMILE**

Hon. Debra Freeman
United States Magistrate Judge
United States District Court
500 Pearl Street
New York, New York 10007

*The within schedule is adopted.*

SO ORDERED:   DATE: 7/25/08

_____
**DEBRA FREEMAN**
UNITED STATES MAGISTRATE JUDGE

Re:   Alan Newton v. City of New York, et al., 07-CV-6211 (SAS) (DF)

Your Honor:

We write in accordance with Your Honor's most recent memo endorsement, in order to report that we have conferred in good faith with plaintiff's counsel and we have agreed upon the schedule set forth below for various outstanding items. One of the reasons we had not conferred earlier is that until very recently, I had expected to be on trial in the matter *Harwinder Vilkhu v. City of New York*, 06-CV-2095 (CPS), starting on July 14, 2008. However, on Friday, July 11, the Court adjourned the trial to September 15, 2008. Prior to July 11, I had been heavily engaged in trial preparation, in anticipation of the July 14, 2008, trial date.

The parties have agreed on the following dates for completion of outstanding items:

<u>JoAnn Newbert arrest record</u>. By July 31, 2008, defendants will advise plaintiff whether an arrest record of the type requested exists, and if so, what is the burden of locating such a document or documents. If the record can be located quickly and easily, defendants will promptly provide it. Otherwise, the parties will confer in an effort to resolve the matter.

<u>Individual defendants' complaint/disciplinary history</u>. By July 31, defendants will produce the following documents to the extent that each reflects complaints or allegations similar in kind to those alleged in the complaint: (a) all CCRB complaint files, whether substantiated or not, (b) the defendant-officers' IAB resumes, and (c) the defendant-officers' CPI (Central Personnel Index). Plaintiff reserves the right to seek *in camera* review of any documents

concerning complaints or allegations that defendants assert are not similar in kind to the allegations of the complaint.

Bronx Sex Crimes Unit. By July 31, 2008, defendants will advise plaintiff of the burdens associated with identifying all officers assigned to the Bronx Sex Crimes Unit between 1980 and 1990. If these officers can be identified, defendants will advise plaintiff of the number of such officers assigned to the unit during that time, and whether it would be feasible or practical to locate and produce complaints against them similar in kind to those alleged in the complaint.

Property Clerk. By July 31, 2008, defendants will (a) produce documents defining the duties and responsibilities of the commanding officer of the Property Clerk division, to the extent such documents exist, and (b) identify what documents exist concerning complaints about missing evidence and/or complaints about the manner in which the Property Clerk stores and maintains evidence. Defendants reserve the right to assert burdensomeness objections as to the request for "all" complaints.

Innocence Project. Plaintiff's counsel has agreed to contact the Innocence Project to determine if plaintiff can obtain access to its files regarding requests for evidence in cases where the police department has advised that it cannot locate the evidence.

Prior Lawsuits against Defendants. By July 31, 2008, defense counsel will inquire of each defendant whether s/he has ever been sued in his/her capacity as a police officer and if so, the court and docket number of the lawsuit (if that information is available). I will promptly advise plaintiff's counsel of the results of my inquiry.

Interrogatories. By July 31, 2008, defendants will supplement their responses to plaintiff's interrogatories, dated Jan. 23, 2008, as directed at the June 16, 2008, conference.

Document index. By July 31, 2008, defendants will supplement the index previously provided to plaintiff's counsel in order to identify the source of certain documents (e.g., the Bronx DA file that was produced, the training materials produced, the NYPD Legal Bulletins produced).

Supplemental document requests. By August 15, 2008, defendants will produce to plaintiff's counsel the documents requested in Requests Nos. 26 and 45, and will serve written responses and responsive documents to plaintiff's third request for documents, to the extent such documents exist and can be located. By that date, defendants also will serve a privilege log as required by Rule 26, if warranted.

Respectfully submitted,

Arthur G. Larkin (AL 9059)
Assistant Corporation Counsel

AGL/m
cc:   John F. Schutty, Esq. (by facsimile)

2