UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ALAN NEWTON,

                      Plaintiff,         07 Civ. 06211 (SAS) (DF)

      -against-                      **ORDER**

THE CITY OF NEW YORK, et al.,

                    Defendants.
------------------------------------------------------------------X

**DEBRA FREEMAN, United States Magistrate Judge:**

      The Court having held a conference on September 4, 2008 with counsel for all parties, it is hereby ORDERED, in accordance with the Court's oral rulings at that conference, that:

      1.     No later than September 12, 2008, Defendants shall respond to:

           a.     Requests 26 and 45 of Plaintiff's first document request, and

           b.     Plaintiff's third document request.

      2.     If Defendants withhold, on the basis of the deliberative process privilege, any documents that are responsive to Requests 26 or 45 of Plaintiff's first document request or that are responsive to Plaintiff's third document request, then, no later than September 12, 2008, Defendants shall provide Plaintiff with an appropriate privilege log and submit the withheld documents to the Court for *in camera* review.

      3.     No later than September 18, 2008, Defendants shall produce to Plaintiff any training materials that were provided to Bronx County Assistant District Attorneys, during the period from 1980 to 1990, to the extent such materials relate to the investigation and/or prosecution of sex crimes.

4. No later than September 30, 2008, Defendants shall produce the following documents to Plaintiff, or, if such documents cannot be located, then Defendants are directed to provide by that date a sworn affidavit or declaration made under penalty of perjury, by a person with knowledge, as to the steps taken to locate such documents:

 a. documents regarding the procedures employed by the Property Clerk's Office, during the period from 1994 to 2005, for responding to requests for evidence;

 b. statements made by the Property Clerk's Office (whether by letter, by affidavit, in court filings, or otherwise), during the period from 1994 to 2005, in response to requests for evidence, where such statements indicated that:

  i. the requested evidence could not be found because the vouchers used to locate the evidence were destroyed in a fire, and/or

  ii. the requested evidence was believed to have been destroyed in accordance with standard New York City Police Department procedures, and

 c. documents constituting or relating to any inquiries made by the District Attorney's Office to locate the evidence that was the subject of the statements referred to in paragraph 4(b), above.

5. No later than September 30, 2008, Defendants' counsel is directed to report to Plaintiff and the Court regarding the results of counsel's inquiries as to:

 a. whether, in 1988, there was a change in Defendants' procedure regarding the preservation of rape kits (if so, documents reflecting or referring to such a change should be produced by September 30, 2008), and

 b. whether it is feasible for Defendants to produce:

    i. complaints against members of the Bronx Sex Crimes Unit and the Bronx District Attorney's Office, from 1980 to 1990, regarding how cases involving sex crimes were being managed, investigated or prosecuted, and

    ii. complaints against employees of the Property Clerk's Office, from 1994 to 2005, regarding how criminal evidence was being maintained, or how requests for such evidence were being treated.

6. With respect to the feasibility inquiry described in paragraph 5(b) above, if it is Defendants' position that producing any such complaints would be unfeasible or unduly burdensome, then Defendants shall, no later than September 30, 2008, provide to Plaintiff and the Court a sworn affidavit or declaration made under penalty of perjury, by a person with knowledge, describing the efforts made to determine whether production from each of the described offices or units would be feasible, and the reasons why production should not be required.

7. No later than September 30, 2008, Defendants shall produce job evaluations and such other documents from Assistant District Attorney Andrea Freund's personnel file relating to her job performance in investigating cases and any complaints regarding her investigation of cases. If Defendants seek to withhold any such documents on any grounds, the documents shall be submitted to the Court for *in camera* review no later than September 30, 2008.

8. The Court having reviewed *in camera* certain documents produced by Defendants from the files of the Central Personnel Index ("CPI"), Internal Affairs Bureau ("IAB"), and Civilian Complaint Review Board ("CCRB"), containing summaries of complaints by persons other than Plaintiff against certain of the named defendants, and having considered the submissions of the parties with respect to the extent to which documents constituting or relating

to these complaints should be produced, Defendants is directed to produce all documents constituting or relating to the complaints against defendant Jack Tabitz that are summarized on pages 17, 19, 24, 26, and 34 of his "Comprehensive Office History," except that Defendants may redact from such documents any information that identifies other officers, or relates to complaints against other officers, not named as defendants herein.

9. No later than September 30, 2008, Defendants are directed to provide Plaintiff, either by supplemental responses or by letter, with information that makes clear which of Plaintiff's various document requests (and discrete subparts of requests) were responded to with a production of documents and which were not. Further, where Defendants responded to particular requests (or discrete subparts of requests) by producing documents, Defendants is directed to identify the Bates-number ranges of the produced documents that correspond to the requests in question.

10. Defendants may reopen Plaintiff's deposition, on a date to be agreed upon by the parties, so as to question Plaintiff regarding the accuracy of the recording of Plaintiff's January 2008 lecture.

11. With respect to (i) the purported quotations of Plaintiff that were contained in the newspaper article discussed at the September 4, 2008 conference with the Court, and (ii) Plaintiff's profile on the Innocence Project's website, Defendants are directed to revise and re-serve their requests for admissions to clarify what specific facts Defendants are requesting Plaintiff to admit.

12. The parties may agree in writing (with a copy provided to the Court) to modify any of the dates contained in this Order, without need for prior Court approval.

Dated: New York, New York
September 11, 2008

SO ORDERED

*[signature]*
DEBRA FREEMAN
United States Magistrate Judge

Copies to:

John F. Schutty, III , Esq.
Law Office of John F. Schutty
445 Park Avenue, 9th Fl.
New York, NY 10022

Arthur G. Larkin, Esq.
Assistant Corporation Counsel
100 Church Street
New York, New York 10007