UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                                                  :

ALAN NEWTON,
                                                                                                  :

                                    Plaintiff,                          07 Civ. 06211 (SAS) (DF)
                                                                                :

                -against-                                            **ORDER**
                                                                                :

THE CITY OF NEW YORK, et al.,
                                                                                              :

                                   Defendants.
------------------------------------------------------------------------X

**DEBRA FREEMAN, United States Magistrate Judge:**

      By Order dated April 1, 2009, the Court directed Plaintiff to submit to the Court, for *in camera* review, (a) the memorandum from which Plaintiff's counsel read aloud during the deposition of Miguel Gonzalez, and (b) any other documents that purport to memorialize or summarize what was said by Mr. Gonzalez during counsel's prior meeting/interview with him. Plaintiff's counsel has duly submitted the memorandum in question, as well as a copy of an e-mail from counsel to Plaintiff, incorporating the memorandum, and has represented to the Court that there are no other documents that would be covered by the Court's directive. The Court has reviewed the submitted memorandum, and finds that it constitutes attorney work product.

      Nonetheless, the Court is satisfied that, as a result of the inconsistencies in Mr. Gonzalez's deposition testimony regarding events related to Plaintiff's underlying criminal case, Defendant has satisfied its burden of showing a substantial need for the memorandum, and that it cannot, without undue hardship, obtain its substantial equivalent by other means. Thus, the work product protection is overcome, *see* Fed. R. Civ. P. 26(b)(3)(A), at least to a certain extent. To the extent the memorandum goes beyond recording the witness's statements during his interview by counsel, and memorializes the "mental impressions, conclusions, opinions, or

legal theories" of Plaintiff's counsel, Fed. R. Civ. P. 26(b)(3)(B), the memorandum is "core" work product and should not be produced.  Accordingly, it is hereby ORDERED that the memorandum shall be produced in redacted form to protect against the disclosure of such core work product.  Moreover, to the extent the document, which was apparently sent to Plaintiff by e-mail, contains counsel's legal advice to Plaintiff, such advice should also be redacted, to protect against disclosure of privileged communications.

The Court notes that Defendants have also argued that, by reading a portion of the document at Mr. Gonzalez's deposition, as a means to refresh the witness's recollection, any privilege or work product protection afforded to the document has been waived.  The Court finds that Plaintiff's counsel did not waive attorney-client privilege, as he did not, at the deposition, reveal any privileged communications that may have been contained in the memorandum.  Nor did Plaintiff's counsel reveal any of the "opinion" work product that is set forth in the document.  Nor has there been any showing that Plaintiff's counsel provided the witness with a copy of the written memorandum in advance of his deposition, in order to prepare him for his testimony, or during his testimony, to refresh his recollection.  *See* Fed. R. Evid. 612.  To the extent Plaintiff has waived work product immunity by revealing, orally, certain factual statements contained in the memorandum, the limited production required above (which would include the production of all factual statements made by the witness during his prior interview) is consistent with the scope of disclosure that would be required based upon such a waiver.

Also before the Court is a request by Plaintiff that Defendant be compelled (1) to produce a copy of defendant Trabitz's file regarding Plaintiff's claim sufficiently in advance of defendant Trabitz's continued deposition date to enable adequate deposition preparation by Plaintiff's counsel, (2) to produce the original of this file for inspection at the deposition, and (3) to compel

Defendants to produce a copy of the report that Sergeant O'Connor prepared regarding his investigation into Plaintiff's claim. The first two of these requests are granted. If defendant Trabitz's file has not already been produced, Defendants are directed to provide it to Plaintiff's counsel at least two business days before the rescheduled deposition, and Defendants are also directed to produce the original file at the deposition. As for Plaintiff's third request, unless the Court hears an objection from Defendants by the close of business on April 13, 2009, Defendants shall produce Sergeant O'Connor's report to Plaintiff no later than April 15, 2009.

Dated:  New York, New York
        April 10, 2009

                                        SO ORDERED

                                        _____
                                        DEBRA FREEMAN
                                        United States Magistrate Judge

Copies to:

Hon. Shira A. Scheindlin, U.S.D.J.

John F. Schutty, III , Esq.
Law Office of John F. Schutty
445 Park Avenue, 9th Fl.
New York, NY 10022
by fax:  (917) 322-2105

Arthur G. Larkin, Esq.
Assistant Corporation Counsel
100 Church Street
New York, New York 10007
by fax: (212)788-9776