UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------X
ALAN NEWTON,                                                    :
                                                                :
                        Plaintiff,                              :    Civil Action No.
            -against-                                           :    07-cv-06211
                                                                :      (Scheindlin)
THE CITY OF NEW YORK; DISTRICT ATTORNEYS MARIO       :
MEROLA AND ROBERT T. JOHNSON, INDIVIDUALLY,          :
AND IN THEIR OFFICIAL CAPACITY; ANDREA FREUND        :
AND VARIOUS JOHN/JANE DOES, INDIVIDUALLY AND         :    **DECLARATION OF**
IN THEIR OFFICIAL CAPACITIES AS EMPLOYEES OF THE     :    **JOHN F. SCHUTTY**
CITY OF NEW YORK WHO ARE/ WERE ASSISTANT             :    **FILED IN**
DISTRICT ATTORNEYS WITHIN THE OFFICE OF THE          :    **OPPOSITION TO**
DISTRICT ATTORNEY, COUNTY OF BRONX; DETECTIVE        :    **DEFENDANTS'**
JOANNE NEWBERT, DETECTIVE PHILLIP GALLIGAN,          :    **MOTION FOR**
DETECTIVE [JOHN DOE] HARTFIELD, DETECTIVE            :    **SUMMARY**
[JOHN DOE] RYAN, DETECTIVE [JOHN DOE] HARRIS,        :    **JUDGMENT**
POLICE OFFICER DOUGLAS LEHO, POLICE OFFICER          :
WILLIAM SEAN O'TOOLE, LIEUTENANT MICHAEL             :
SHEEHAN, SERGEANT PATRICK J. McGUIRE, POLICE         :
OFFICER [JOHN DOE] HASKINS, POLICE OFFICER           :
[JANE DOE] KIELY, INSPECTOR JACK J. TRABITZ          :
AND VARIOUS JOHN/JANE DOES, INDIVIDUALLY             :
AND IN THEIR OFFICIAL CAPACITIES AS EMPLOYEES        :
OF THE CITY OF NEW YORK WHO ARE/ WERE MEMBERS  :
OF THE POLICE DEPARTMENT OF THE CITY OF NEW          :
YORK,                                                           :
                                                                :
                        Defendants.                             :
-----------------------------------------------------------------------------X

        John F. Schutty, Esq., pursuant to 28 U.S.C. § 1746, declares that the following is true

and correct under the penalty of perjury:

        1.      I am an attorney and counselor at law admitted to practice law in the States of

New York & New Jersey and before this Court.  I represent plaintiff Alan Newton and am

personally familiar with all prior proceedings in this action.

        2.      This Declaration is submitted in opposition to the Motion for Summary Judgment

(dated June 5, 2009) filed by certain defendants seeking a dismissal of various "federal law

claims" arising out of the defendants' failure to produce an exculpatory rape kit in their possession for over sixteen (16) years.

3.    The following exhibits are attached to this Declaration:

Exhibit "A"    Copy of Original Yellow NYPD Invoice No. B744483 (for Rape Kit) Found by the NYPD in February 2009 (with attachments – as found)

Exhibit "B"    Copy of Original Yellow NYPD Invoice No. B744512 (for VJ's Soiled Clothing) Found by the NYPD in February 2009 (with attachments – as found)

Exhibit "C"    Copy of Original Yellow NYPD Invoice No. B744556 (for Newton Sneakers) Found by the NYPD in February 2009 (with attachments – as found)

Exhibit "D"    Excerpts from the NYPD's Property Clerk Division's "Property Guide"

Exhibit "E"    Declaration of Sgt. Thomas O'Connor dated April 13, 2009

Exhibit "F"    Excerpt from NYPD's Request for Proposals for "Property Evidence Tracking System (PETS)" dated April 27, 2007

Exhibit "G"     Excerpt from the "Automated Management of Property System" ("AMPS") Proposal presented by CGI Consulting dated May 13, 1991)

Exhibit "H"    Letter from ADA Elisa Koenderman to Defendant Jack Trabitz dated July 15, 2005

Exhibit "I"    Affirmation of Rafael Curbelo dated August 17, 1998 filed in Supreme Court, Bronx County (Bx. Ind. No. 2441/84)

Exhibit "J"    Excerpt from OCME "Property Clerk Log Book" Showing Delivery of Rape Kit to PCD on 12/22/88

Exhibit "K"    Fax from ADA Rafael Curbelo to Mr. Pat Buffalino of OCME dated April 12, 1999

Exhibit "L"    Excerpts from Deposition Transcript of Defendant Jack Trabitz

Exhibit "M"    Excerpts from Deposition Transcript of Defendant Patrick McGuire

Exhibit "N"    Excerpts from Deposition Transcript of Defendant Geraldine Kiely

Exhibit "O"    Excerpts from Deposition of Patricia Ryan (OCME)

Exhibit "P"    Excerpts from Deposition Transcript of ADA John Carroll

Exhibit "Q"    Excerpts from Deposition Transcript of ADA Robert Moore

Exhibit "R"    Excerpts from Deposition Transcript of ADA Rafael Curbelo

Exhibit "S"    Excerpts from Deposition Transcript of Defendant Stacy Haskins

Exhibit "T"    Photocopy of NYPD Invoice No. B744512 Received from the DA's Office

Exhibit "U"    Photocopy of NYPD Invoice No. B744483 Received from the DA's Office

Exhibit "V"    OCME Log Entry Showing Inquiry from ADA Carroll as to Whereabouts of Rape Kit

4.      Also accompanying this Declaration are the Declarations of Alan Newton and Shannon Turner (an expert on "evidence management"), both dated June 25, 2009, a "Rule 56.1 Statement Filed in Opposition to Defendants' Motion for Summary Judgment," and a Memorandum of Law.

5.      The pertinent facts surrounding the underlying crime have been previously summarized by this Court in an Opinion & Order dated July 16, 2008.  See Newton v. City of New York, 566 F. Supp.2d 256, 263-268 (S.D.N.Y. 2008).

**Matters Still Requiring Resolution Before Defendants' Dispositive Motions Are Resolved**

### a.      Pending "Identification" Interrogatories

6.      Plaintiff has been attempting to obtain the identification of various employees of The City of New York for purposes of filing a proposed Amended Complaint before the expiration of the statute of limitations on plaintiff's claims – on or before July 6, 2009.  While the matter has been before Magistrate Judge for several weeks, we do not yet have a ruling from the Court.  Defense counsel claims that it is "burdensome" to identify the employees and "the

discovery cut-off date" has passed.  This latter argument is made, despite the fact that we have taken many depositions after the discovery cut-off date and have another deposition that must be scheduled by Order of Magistrate Judge Freeman by July 17, 2009.  Clearly, if depositions are continuing, the Court should assist plaintiff in obtaining expedited answers to his Interrogatories in light of the incredible prejudice to plaintiff if culpable parties are identified after the statute of limitations has expired.

**b.       Plaintiff's Pending Motion to Amend the Complaint**

7.       On June 16, 2009, plaintiff filed a motion for leave to file an Amended Complaint to, among other things, join/add several new defendants to the action.  See Plaintiff's Motion to Amend the Complaint dated June 16, 2009.

8.       Plaintiff seeks to add the following new defendants who were involved in some way with the mishandling of the VJ rape kit (and its "tracking" document – the Yellow Invoice) that caused plaintiff to spend an additional sixteen (16) years unjustly incarcerated: Stacey Edelbaum, Rafael Curbelo, John Carroll, and John Moore of the Bronx DA's Office; John P. Higgins, Bruce J. Major, Donald Hackson and Gerard Nathason, former Commanding Officers of the PCD; George Kuttler, Bruce Kessler and Adrian Merrrick, former Commanding Officers of the Bronx borough office of the PCD; and Patricia Ryan and Patrick Buffalino of the OCME. Id.

9.       Among other things, plaintiff hopes to learn the identities of all the Commanding Officers of the PCD between 1988 and 2000 (pre-Trabitz), and the identities of the employees of the Bronx borough office of the PCD who dealt with ADAs Carroll, Curbelo and Moore between 1994 and 1998, so that these individuals can be added to the Amended Complaint.  Id. (see Schutty Declaration to Motion to Amend, Ex. E, p. 5).

10.     Since plaintiff contends that all culpable parties are not yet before the Court, plaintiff would request that the Court defer its ruling on the defendants' two pending dispositive motions until the issues relating to plaintiff's request to amend the Complaint to add/join parties are resolved.

### c.     Defendant District Attorney Robert T. Johnson Has Not Been Deposed

11.     Plaintiff has not had the opportunity to depose the Bronx District Attorney Robert T. Johnson.  When the subject of this potential deposition arose before Magistrate Judge Debra Freeman, she advised that she would not allow plaintiff to depose District Attorney Johnson.

12.     While we do not approach the subject of deposing the Bronx District Attorney lightly, as there remain serious issues relating to his personal liability in this action, we respectfully request the right to depose him under Fed. R. Civ. P. 56(f) before the Court considers granting summary judgment on the claims asserted against him.

13.     Here, DA Johnson has not submitted any evidence in support of his claim that he is not liable to plaintiff – no affidavit or other sworn testimony has been submitted on his personal behalf.

14.     Unless and until District Attorney is produced for a deposition, the Court should "refuse the application [for a summary judgment made on behalf of him]…or order a continuance to permit…depositions to be taken" pursuant to Fed. R. Civ. P. 56(f).

Dated:   New York, New York
         June 25, 2009

I declare, under penalty of perjury, that the foregoing is true and correct.


___/s/  J S_____
                John F. Schutty

-5-