UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X

ALAN NEWTON,

        Plaintiff,

- against -

THE CITY OF NEW YORK; DISTRICT ATTORNEYS
MARIO MEROLA AND ROBERT T. JOHNSON,
INDIVIDUALLY, AND IN THEIR OFFICIAL
CAPACITY; ANDREA FREUND AND VARIOUS
JOHN/JANE DOES, INDIVIDUALLY AND IN THEIR
OFFICIAL CAPACITIES AS EMPLOYEES OF THE
CITY OF NEW YORK WHO ARE/WERE ASSISTANT
DISTRICT ATTORNEYS WITHIN THE OFFICE OF
THE DISTRICT ATTORNEY, COUNTY OF BRONX;
DETECTIVE JOANNE NEWBERT, DETECTIVE
PHILLIP GALLIGAN, DETECTIVE [JOHN DOE]
HARTFIELD, DETECTIVE [JOHN DOE] RYAN,
DETECTIVE [JOHN DOE] HARRIS, POLICE
OFFICER DOUGLAS LEHO, POLICE OFFICER
WILLIAM SEAN O'TOOLE, LIEUTENANT
MICHAEL SHEEHAN, SERGEANT PATRICK J.
McGUIRE, POLICE OFFICER [JOHN DOE]
HASKINS, POLICE OFFICER [JANE DOE] KIELY,
INSPECTOR JACK J. TRABITZ AND VARIOUS
JOHN/JANE DOES, INDIVIDUALLY AND IN THEIR
OFFICIAL CAPACITIES AS EMPLOYEES OF THE
CITY OF NEW YORK WHO ARE/WERE MEMBERS
OF THE POLICE DEPARTMENT OF THE CITY OF
NEW YORK,

        Defendants.

------------------------------------------------------------- X

**MEMORANDUM OPINION AND ORDER**

07 Civ. 6211 (SAS)

SHIRA A. SCHEINDLIN, U.S.D.J.:

On July 13, 2009, plaintiff Alan Newton filed a motion pursuant to Rule 72(a) of the Federal Rules of Civil Procedure objecting to a discovery Order of Magistrate Judge Debra Freeman dated June 30, 2009 (the "June 30, 2009 Order"). The June 30, 2009 Order denied plaintiff discovery of an internal New York Police Department ("NYPD") memorandum prepared at the direction of Sergeant Thomas O'Connor of the NYPD (the "O'Connor Memorandum"). The O'Connor Memorandum concerns the unsuccessful search for evidence in an *unrelated* criminal case against Newton. Newton argues that the O'Connor Memorandum will support his current civil case against defendant City of New York (the "City"), which is based on, among other things, Newton's allegations that the NYPD's evidence intake, management, and retrieval procedures are faulty and led to a violation of state law and his federal procedural due process rights. The City opposes Newton's motion.

Review of a magistrate judge's order concerning a nondispositive matter under Rule 72(a) provides that the district judge "shall consider . . . objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."[1] "Matters concerning discovery generally are

---

[1] Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A).

1

considered nondispositive of the litigation" for purposes of Rule 72(a).[2]

Having reviewed the O'Connor Memorandum *in camera* and the papers submitted by both parties, I cannot say that the June 30, 2009 Order is "clearly erroneous or contrary to law." The O'Connor Memorandum addresses the search for *permanently* lost evidence in an unrelated criminal case against Newton. The Memorandum's contents are irrelevant to the instant case which involves the loss and subsequent recovery of a rape kit that ultimately led to Newton's exoneration. As noted by Magistrate Judge Freeman, the O'Connor Memorandum does not "demonstrate any bias" against Newton.[3] Furthermore, the O'Connor Memorandum does not fall within the categories of discoverable documents that the City's property clerk would be required to produce.[4] At the very least, the Memorandum post-dates

---

[2] *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990) (quotation marks omitted).

[3] June 30, 2009 Order.

[4] *See* Order Issued by Magistrate Judge Freeman, September 11, 2008, Ex. C to the Declaration of Arthur G. Larkin, Senior Counsel at the New York City Law Department, ¶ 4 (ordering defendants to produce "(a) documents regarding the procedures employed by the Property Clerk's Office, during the period from 1994 to 2005, for responding to requests for evidence; (b) statements made by the Property Clerk's Office . . ., during the period from 1994 to 2005, in response to requests for evidence, where such statements indicated that: (i) the requested evidence could not be found because the vouchers used to locate the evidence were destroyed in a fire, and/or (ii) the requested evidence was believed to have been destroyed in accordance with standard New York City Police Department procedures, and (c) documents constituting or relating to any inquiries made by the

2

the discoverable period. Therefore, Newton's motion is denied and the June 30, 2009 Order is affirmed. The Clerk of the Court is directed to close this motion (docket no. 98).

                SO ORDERED:

                */s/ Shira A. Scheindlin*
                Shira A. Scheindlin
                U.S.D.J.

Dated:      New York, New York
             October 13, 2009

---

District Attorney's Office to locate the evidence that was the subject of the statements referred to in paragraph 4(b), above.").

3

## - Appearances -

**For Plaintiff:**

John Francis Schutty III, Esq.
Law Office of John F. Schutty
445 Park Avenue, 9th Floor
New York, New York 10022
(212) 836-4796

**For Defendants:**

Arthur Gabriel Larkin III
Fred Michael Weiler
Assistant Corporation Counsel
The New York City Law Department
100 Church Street
New York, New York 10007
(212) 788-1599