USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/10/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

ALAN NEWTON,

        Plaintiff,

- against -

THE CITY OF NEW YORK; DISTRICT ATTORNEYS
MARIO MEROLA AND ROBERT T. JOHNSON,
INDIVIDUALLY, AND IN THEIR OFFICIAL CAPACITY;
ANDREA FREUND AND VARIOUS JOHN/JANE DOES,
INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES
AS EMPLOYEES OF THE CITY OF NEW YORK WHO
ARE/WERE ASSISTANT DISTRICT ATTORNEYS
WITHIN THE OFFICE OF THE DISTRICT ATTORNEY,
COUNTY OF BRONX; DETECTIVE JOANNE NEWBERT,
DETECTIVE PHILLIP GALLIGAN, DETECTIVE [JOHN
DOE] HARTFIELD, DETECTIVE [JOHN DOE] RYAN,
DETECTIVE [JOHN DOE] HARRIS, POLICE OFFICER
DOUGLAS LEHO, POLICE OFFICER WILLIAM SEAN
O'TOOLE, LIEUTENANT MICHAEL SHEEHAN,
SERGEANT PATRICK J. McGUIRE, POLICE OFFICER
[JOHN DOE] HASKINS, POLICE OFFICER [JANE DOE]
KIELY, INSPECTOR JACK J. TRABITZ AND VARIOUS
JOHN/JANE DOES, INDIVIDUALLY AND IN THEIR
OFFICIAL CAPACITIES AS EMPLOYEES OF THE CITY
OF NEW YORK WHO ARE/WERE MEMBERS OF THE
POLICE DEPARTMENT OF THE CITY OF NEW YORK,

        Defendants.

------------------------------------------------------------------X

**ORDER**

07 Civ. 6211
(SAS)

SHIRA A. SCHEINDLIN, U.S.D.J.:

On November 6, 2009, plaintiff submitted a letter requesting leave to file a motion for reconsideration of this Court's October 13, 2009 Opinion and Order ("10/13/09 Opinion"), which granted the individual defendants' motion for summary judgment on qualified immunity grounds.[1] Motions for reconsideration are governed by Local Rule 6.3 and are committed to the sound discretion of the district court.[2] A motion for reconsideration is appropriate where "'the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'"[3] A motion for reconsideration may also be granted to "'correct a

---

[1] See 11/6/09 Letter of John F. Schutty, plaintiff's counsel ("Pl. Ltr."); Newton v. City of New York, No. 07 Civ. 6211, 2009 WL 3294996, at *10 (S.D.N.Y. Oct. 13, 2009).

[2] See Patterson v. United States, No. 04 Civ. 3140, 2006 WL 2067036, at *1 (S.D.N.Y. July 26, 2006 ) ("The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court.") (citing McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983)). Although Local Rule 6.3, which governs motions for reconsideration, requires the moving party to file a motion for reconsideration within ten days of the disputed ruling, this Court permitted plaintiff to submit this untimely request. See Local Rule 6.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York.

[3] In re BDC 56 LLC, 330 F.3d 111, 123 (2d Cir. 2003) (quotation omitted).

1

clear error or prevent manifest injustice."[4]

The purpose of Local Rule 6.3 is to "'ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.'"[5] Local Rule 6.3 must be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court."[6] Courts have repeatedly been forced to warn counsel that such motions should not be made reflexively to reargue "'those issues already considered when a party does not like the way the original motion was resolved.'"[7] A motion for reconsideration is not an "opportunity for

---

[4] *RST (2005) Inc. v. Research in Motion Ltd.*, No. 07 Civ. 3737, 2009 WL 274467, at *1 (S.D.N.Y. Feb. 4, 2009) (quoting *Virgin Atl. Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

[5] *Grand Crossing, L.P. v. United States Underwriters Ins. Co.*, No. 03 Civ. 5429, 2008 WL 4525400, at *3 (S.D.N.Y. Oct. 6, 2008) (quoting *S.E.C. v. Ashbury Capital Partners*, No. 00 Civ. 7898, 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001)). *Accord Commerce Funding Corp. v. Comprehensive Habilitation Servs., Inc.*, 233 F.R.D. 355, 361 (S.D.N.Y. 2005) ("[A] movant may not raise on a motion for reconsideration any matter that it did not raise previously to the court on the underlying motion sought to be reconsidered.").

[6] *United States v. Treacy*, No. 08 CR 366, 2009 WL 47496, at *1 (S.D.N.Y. Jan. 8, 2009) (quotation marks omitted). *Accord Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (holding that a court will deny the motion when the movant "seeks solely to relitigate an issue already decided.").

[7] *Makas v. Orlando*, No. 06 Civ. 14305, 2008 WL 2139131, at *1 (S.D.N.Y. May 19, 2008) (quoting *In re Houbigant, Inc.*, 914 F. Supp. 997, 1001 (S.D.N.Y. 1996)).

2

making new arguments that could have been previously advanced,"[8] nor is it a substitute for appeal.[9]

Plaintiff asserts that an incorrect qualified immunity standard was applied to determine whether the law in question was "clearly established" at the time the individual defendants engaged in the allegedly wrongful conduct.[10] However, plaintiff fails to cite a single Second Circuit case that post-dates the Second Circuit's 2004 decision in *Luna v. Pico*, from which the qualified immunity standard for clearly established was drawn in the 10/13/09 Opinion.[11] In fact, in his letter, plaintiff cites only two cases that post-date *Luna*.[12] The first is *District Attorney's Office for the Third Judicial District v. Osborne* – a case already discussed at length in this Court's October 13, 2009 Opinion and Order.[13] The second, *Safford Union Sch. Dist. No. 1 v. Redding*, does not contradict the

---

[8] *Associated Press v. United States Dep't of Defense*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005).

[9] *See Grand Crossing, L.P. v. United States Underwriters Ins. Co.*, No. 03 Civ. 5429, 2008 WL 4525400, at *3 (S.D.N.Y. Oct. 6, 2008).

[10] *See* Pl. Ltr. at 1-3.

[11] *See Newton*, 2009 WL 3294996, at *7 (citing *Luna*, 356 F.3d 481, 490 (2d Cir. 2004)).

[12] *See* Pl. Ltr. at 3 n.2 (citing *Safford Union Sch. Dist. No. 1 v. Redding*, 129 S. Ct. 2633 (2009)); *id.* at 5-6 (citing *Osborne*, 129 S. Ct. 2308 (2009)).

[13] *See Newton*, 2009 WL 3294996, at *7-*10.

standard applied in *Luna* or support plaintiff's argument.[14] Accordingly, plaintiff does not meet the standard for reconsideration and plaintiff's request is denied.

SO ORDERED:

*[signature]*

Shira A. Scheindlin
U.S.D.J.

Dated:   New York, New York
         November 10, 2009

---

[14]   See *Safford Union Sch. Dist. No. 1*, 129 S. Ct. at 2643-44 (holding that the law regarding strip searches of students at school was not clearly established to the extent that school officials should have known at the time that their conduct in strip searching a thirteen year old middle school student in an attempt to find contraband was unreasonable under the Fourth Amendment).

## - Appearances -

**For Plaintiff:**

John Francis Schutty III, Esq.
Law Office of John F. Schutty
445 Park Avenue, 9th Floor
New York, New York 10022
(212) 836-4796

**For Defendants:**

Arthur Gabriel Larkin III
Fred Michael Weiler
Assistant Corporation Counsel
The New York City Law Department
100 Church Street
New York, New York 10007
(212) 788-1599