UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X

ALAN NEWTON,

                Plaintiff,

  - against -

THE CITY OF NEW YORK; DISTRICT
ATTORNEYS MARIO MEROLA AND ROBERT T.
JOHNSON, INDIVIDUALLY, AND IN THEIR
OFFICIAL CAPACITY; ANDREA FREUND AND
VARIOUS JOHN/JANE DOES, INDIVIDUALLY
AND IN THEIR OFFICIAL CAPACITIES AS
EMPLOYEES OF THE CITY OF NEW YORK WHO
ARE/WERE ASSISTANT DISTRICT ATTORNEYS
WITHIN THE OFFICE OF THE DISTRICT
ATTORNEY, COUNTY OF BRONX; DETECTIVE
JOANNE NEWBERT, DETECTIVE PHILLIP
GALLIGAN, DETECTIVE [JOHN DOE]
HARTFIELD, DETECTIVE [JOHN DOE] RYAN,
DETECTIVE [JOHN DOE] HARRIS, POLICE
OFFICER DOUGLAS LEHO, POLICE OFFICER
WILLIAM SEAN O'TOOLE, LIEUTENANT
MICHAEL SHEEHAN, SERGEANT PATRICK J.
McGUIRE, POLICE OFFICER [JOHN DOE]
HASKINS, POLICE OFFICER [JANE DOE] KIELY,
INSPECTOR JACK J. TRABITZ AND VARIOUS
JOHN/JANE DOES, INDIVIDUALLY AND IN
THEIR OFFICIAL CAPACITIES AS EMPLOYEES
OF THE CITY OF NEW YORK WHO ARE/WERE
MEMBERS OF THE POLICE DEPARTMENT OF
THE CITY OF NEW YORK,

                Defendants.

------------------------------------------------------------- X

**MEMORANDUM**
**OPINION AND**
**ORDER**

07 Civ. 6211 (SAS)

USDC SDNY
DOCUMENT
ELECTRONICALLY F
DOC #:
DATE FILED: 1/27/10

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

**I.  INTRODUCTION**

For eleven years, Alan Newton was denied access to a rape kit that, once subjected to DNA testing, proved that he did not commit the crime of which he had been convicted. On July 3, 2007, Newton brought the instant suit alleging federal and state claims against the City of New York (the "City") and additional persons in their individual capacities (the "Individual Defendants"), as well as official capacities (collectively, the "defendants"). On June 5, 2009, defendants moved for partial summary judgment to dismiss all claims concerning the City's failure to produce the rape kit. On October 13, 2009, I held that Newton's municipal liability claim against the City could proceed on a failure to train or supervise theory, but the Individual Defendants were entitled to qualified immunity because Newton's constitutional right to access the rape kit for DNA testing had not been "clearly established" at the time of their actions.[1] On November 16, 2009, defendants moved for reconsideration of that opinion on the grounds that the Court overlooked *Young v. County of Fulton,* a controlling

---

[1]  *See Newton v. City of New York,* No. 07 Civ. 6211, slip op. at 35-40 (S.D.N.Y. Oct. 13, 2009).

1

Second Circuit case.² For the reasons discussed below, defendants' motion for reconsideration is granted.

## II. APPLICABLE LAW

Motions for reconsideration are governed by Local Rule 6.3 and are committed to the sound discretion of the district court.³ A motion for reconsideration is appropriate where "'the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'"⁴ A motion for reconsideration may also be granted to "'correct a clear error or prevent manifest injustice.'"⁵

The purpose of Local Rule 6.3 is to "'ensure the finality of decisions

---

² 160 F.3d 899, 904 (2d Cir. 1998). Although Local Civil Rule 6.3 requires defendants to serve a notice of motion for reconsideration within fourteen days of a court's judgment, the Court granted defendants permission to file this untimely motion.

³ *See Patterson v. United States*, No. 04 Civ. 3140, 2006 WL 2067036, at *1 (S.D.N.Y. July 26, 2006 ) ("The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court.") (citing *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983)).

⁴ *In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003) (quotation omitted).

⁵ *RST (2005) Inc. v. Research in Motion Ltd.*, No. 07 Civ. 3737, 2009 WL 274467, at *1 (S.D.N.Y. Feb. 4, 2009) (quoting *Virgin Atl. Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

2

and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.'"[6] Local Rule 6.3 must be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court."[7] Courts have repeatedly been forced to warn counsel that such motions should not be made reflexively to reargue "'those issues already considered when a party does not like the way the original motion was resolved.'"[8] A motion for reconsideration is not an "opportunity for making new arguments that could have been previously advanced,"[9] nor is it a substitute for appeal.[10]

---

[6] *Grand Crossing, L.P. v. United States Underwriters Ins. Co.*, No. 03 Civ. 5429, 2008 WL 4525400, at *3 (S.D.N.Y. Oct. 6, 2008) (quoting *S.E.C. v. Ashbury Capital Partners*, No. 00 Civ. 7898, 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001)). *Accord Commerce Funding Corp. v. Comprehensive Habilitation Servs., Inc.*, 233 F.R.D. 355, 361 (S.D.N.Y. 2005) ("[A] movant may not raise on a motion for reconsideration any matter that it did not raise previously to the court on the underlying motion sought to be reconsidered.").

[7] *United States v. Treacy*, No. 08 CR 366, 2009 WL 47496, at *1 (S.D.N.Y. Jan. 8, 2009) (quotation marks omitted). *Accord Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (holding that a court will deny the motion when the movant "seeks solely to relitigate an issue already decided").

[8] *Makas v. Orlando*, No. 06 Civ. 14305, 2008 WL 2139131, at *1 (S.D.N.Y. May 19, 2008) (quoting *In re Houbigant, Inc.*, 914 F. Supp. 997, 1001 (S.D.N.Y. 1996)).

[9] *Associated Press v. United States Dep't of Defense*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005).

[10] *See Grand Crossing*, 2008 WL 4525400, at *3.

## III. DISCUSSION

In *Young*, the plaintiff brought a section 1983 action, claiming that a county and its employees deprived her of a constitutional right.[11] The Second Circuit held that the employees were entitled to qualified immunity because "plaintiff had no clearly established right" at the time of the alleged conduct.[12] The court also affirmed the district court's dismissal of plaintiff's municipal liability claim based on allegations that the county had failed to properly train and supervise its employees because "a claim for failure to train cannot be sustained unless the employees violated a *clearly established* federal constitutional right."[13]

Newton opposes reconsideration, arguing that *Young* is an anomaly and wrongly decided. Newton argues that this Court should follow *Tenenbaum v. Williams* instead.[14] In *Tenenbaum*, the plaintiff also brought a section 1983 action against the City and its employees. However, this plaintiff asserted a claim against the City based on the implementation of a stated City policy – as opposed

---

[11] *See Young*, 160 F.3d at 900-01.

[12] *Id.* at 903.

[13] *Id.* at 904 (emphasis added) (citing *Watson v. Sexton*, 755 F. Supp. 583, 588 (S.D.N.Y. 1991) ("To be 'deliberately indifferent' to rights requires that those rights be clearly established.")).

[14] *See* 193 F.3d 581 (2d Cir. 1999).

4

to a failure to train and supervise theory.[15] The City conceded that the conduct complained of was "accomplished pursuant to City policy," but disputed whether the conduct amounted to a violation of the plaintiff's constitutional rights.[16] The Second Circuit agreed that the plaintiff's rights had been violated, but dismissed the claims against the employees on qualified immunity grounds.[17] The Court held that the rights at issue were not clearly established at the time of the violation.[18] On the question of municipal liability, the court remanded to the district court to determine whether the City's concession was binding.[19] If so, "then the City will be liable for [the] violation."[20] *Tenenbaum* cites *Young* favorably, without noting any inconsistency between *Young's* holding and its own.[21]

This Court cannot ignore Second Circuit precedent unless it is

---

[15] *See id.* at 597.

[16] *Id.*

[17] *See id.* at 595-97.

[18] *See id.*

[19] *See id.* at 597.

[20] *Id.*

[21] *See id.* at 596 (citing *Young*, 160 F.3d at 903).

5

expressly or implicitly overruled.[22] It is beyond dispute that *Young* has not been expressly overruled.[23] There is similarly no support for the contention that *Young* has been implicitly overruled. Although the Second Circuit has recognized a tension between *Tenenbaum* and *Young*,[24] it is not clear that they are in conflict. Both *Tenenbaum* and *Young* dismissed claims against individual defendants because the constitutional right at issue was not "clearly established." However, only *Young* involved a municipality's failure to train and supervise. *Tenenbaum* had no failure to train or supervise claim – it centered solely on the implementation of a municipality's policy of removing children from school and

---

[22] *See World Wrestling Entm't, Inc. v. Jakks Pacific, Inc.*, 425 F. Supp. 2d 484 (S.D.N.Y. 2006); *United States v. Russotti*, 780 F. Supp. 128, 131 (S.D.N.Y. 1991).

[23] *Young* has been cited as recently as April, 2009 for the proposition that a claim for failure to train and supervise cannot survive where a constitutional right was not "clearly established" at the time of the alleged violation. *See Colon-Rodriguez v. New York City Dept. of Correction*, No. 07 Civ. 8126, 2009 WL 995181, at *5 n.2 (S.D.N.Y. Apr. 13, 2009).

[24] *See Okin v. Village of Cornwall on Hudson Police Dept.*, 577 F.3d 415, 422 n.16 (2d Cir. 2008) ("Because we have held that the due process rights that Okin alleges were violated were clearly established at the time of the events in question, we have no occasion to decide whether Okin's municipal liability claims are governed by [*Young*] (stating that 'a claim for failure to train cannot be sustained unless the employees violated a clearly established federal constitutional right') *or* by [*Tenenbaum*] (vacating grant of summary judgment and remanding for ruling on claims against municipality even though individual defendants were entitled to qualified immunity because constitutional right allegedly violated was not clearly established at the time in question).") (emphasis added).

6

subjecting them to medical examinations without a hearing. The circumstances in *Young* are nearly indistinguishable from those presented here with regard to Newton's failure to train and supervise claim. *Young* precludes Newton from proceeding against the City on that theory. However, Newton also alleges that the City had a policy, custom, or practice of destroying invoices without destroying the corresponding evidence, with the result that PCD employees were unable to determine when and if evidence was destroyed if invoices for the evidence could not be located. For the reasons discussed in the January 27, 2010 Amended Opinion and Order,[25] plaintiff has offered sufficient proof under this theory of liability to withstand the City's motion for summary judgment.

The Opinion and Order filed October 13, 2009 is hereby withdrawn and replaced with an Amended Opinion and Order filed January 27, 2010. The October 13, 2009 Opinion and Order is amended as follows:

Parts III.E and IV.C are amended in accordance with this Memorandum Opinion and Order. In addition, Parts II.B, C, and E, III.D and F, and IV.A, B, and D were amended or added, and former Part IV.D. was deleted, to reflect recent developments in this case and Second Circuit law.

The Clerk of the Court is directed to withdraw the October 13, 2009

---

[25] *See Newton v. City of New York*, 07 Civ. 6211, slip op. at 39-42 (S.D.N.Y. Jan. 27, 2010).

7

Opinion (Docket no. 105) and close this motion (Docket no. 114). The Clerk of the Court is also directed to close defendants' motion for a certificate of appealability as moot (Docket no. 107).

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:	New York, New York
	January 27, 2010

## - Appearances -

**For Plaintiff:**

John Francis Schutty III, Esq.
Law Office of John F. Schutty
445 Park Avenue, 9th Floor
New York, New York 10022
(212) 836-4796

**For Defendants:**

Arthur Gabriel Larkin III
Fred Michael Weiler
Assistant Corporation Counsel
The New York City Law Department
100 Church Street
New York, New York 10007
(212) 788-1599