UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

ALAN NEWTON,

           Plaintiff,

  - against -

THE CITY OF NEW YORK; DISTRICT
ATTORNEYS MARIO MEROLA AND ROBERT T.
JOHNSON, INDIVIDUALLY, AND IN THEIR
OFFICIAL CAPACITY; ANDREA FREUND AND
VARIOUS JOHN/JANE DOES, INDIVIDUALLY
AND IN THEIR OFFICIAL CAPACITIES AS
EMPLOYEES OF THE CITY OF NEW YORK WHO
ARE/WERE ASSISTANT DISTRICT ATTORNEYS
WITHIN THE OFFICE OF THE DISTRICT
ATTORNEY, COUNTY OF BRONX; DETECTIVE
JOANNE NEWBERT, DETECTIVE PHILLIP
GALLIGAN, DETECTIVE [JOHN DOE]
HARTFIELD, DETECTIVE [JOHN DOE] RYAN,
DETECTIVE [JOHN DOE] HARRIS, POLICE
OFFICER DOUGLAS LEHO, POLICE OFFICER
WILLIAM SEAN O'TOOLE, LIEUTENANT
MICHAEL SHEEHAN, SERGEANT PATRICK J.
McGUIRE, POLICE OFFICER [JOHN DOE]
HASKINS, POLICE OFFICER [JANE DOE] KIELY,
INSPECTOR JACK J. TRABITZ AND VARIOUS
JOHN/JANE DOES, INDIVIDUALLY AND IN
THEIR OFFICIAL CAPACITIES AS EMPLOYEES
OF THE CITY OF NEW YORK WHO ARE/WERE
MEMBERS OF THE POLICE DEPARTMENT OF
THE CITY OF NEW YORK,

           Defendants.

------------------------------------------------------------ X

**MEMORANDUM
OPINION AND
ORDER**

07 Civ. 6211 (SAS)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/27/16

## SHIRA A. SCHEINDLIN, U.S.D.J.:

## I.   INTRODUCTION

For eleven years, Alan Newton was denied access to a rape kit that, once subjected to DNA testing, proved that he did not commit the crime of which he had been convicted. On July 3, 2007, Newton brought federal and state claims based on, among other things, the alleged mishandling of the rape kit against the City of New York (the "City") and additional persons in their individual capacities (the "Individual Defendants"), as well as official capacities (collectively, the "defendants"), and "various John/Jane Does." Newton now moves for leave to amend the complaint.[1] The proposed amended complaint ("PAC") repleads twelve of Newton's original sixteen claims[2] and adds nineteen new defendants

---

[1]  *See* Plaintiff's Motion for Leave to Amend the Complaint. A second motion for leave to amend was subsequently filed. *See* Plaintiff's Second Motion for Leave to Amend the Complaint. These motions are Newton's first request to amend the Complaint.

[2]  Newton repleads seven federal claims brought under section 1983: (1) unduly suggestive identification procedures against individual New York Police Department ("NYPD") defendants (claim one), *see* PAC ¶¶ 142-150; (2) false arrest and imprisonment, and malicious prosecution against individual NYPD defendants (claim two), *see id.* ¶¶ 151-165; (3) loss of material, critical criminal evidence against existing and new defendants (claim three), *see id.* ¶¶ 166-175; (4) supervisor liability against existing and new defendants (claim four), *see id.* ¶¶ 176-193; (5) supervisor liability against one existing defendant (claim five), *see id.* ¶¶ 194-211; (6) conspiracy liability against existing and new defendants (claim six), *see id.* ¶¶ 212-218; and (7) municipal liability against the City (claim seven), *see id.* ¶¶ 219-227. Newton also repleads five state law claims: (1) false arrest and

1

(the "New Defendants")[3] to the six claims regarding the loss/misplacement of the rape kit.[4] Defendants oppose the amendment on grounds of futility, statute of limitations, prejudice, and delay.[5] For the reasons that follow, Newton's motions are granted in part and denied in part.

## II. APPLICABLE LAW

### A. Leave to Amend

"Rule 15(a) provides that, other than amendments as a matter of

---

imprisonment against existing defendants (claim eight), *see id.* ¶¶ 228-237; (2) malicious prosecution against existing defendants (claim nine), *see id.* ¶¶ 238-246; (3) negligent loss of evidence against existing and new defendants (claim ten), *see id.* ¶¶ 247-256; (4) negligent supervision against existing and new defendants (claim eleven), *see id.* ¶¶ 257-273; and (5) infliction of emotional distress against existing and new defendants (claim twelve), *see id.* ¶¶ 274-283. Newton discontinued claims originally asserted against four defendants and deletes references to claims withdrawn by Newton or dismissed by the Court. *See* 6/16/09 Declaration of John F. Schutty, Newton's counsel, filed in support of Plaintiff's Motion to Amend Complaint ("Schutty Decl.") ¶ 15.

[3] The New Defendants are assistant district attorneys ("ADAs") Stacey Edelbaum, Rafael Curbelo, John Carroll, and John Moore of the Bronx District Attorney's Office; John P. Higgins, Bruce J. Major, Donald Hackson, Gerard Nathason, George Kuttler, Bruce Kessler, Adrian Merrick, Colleen Dundas, Patricia Brandow, Walter Smith, Patrick McKeon, Anthony Russo, and David Deangelis of the NYPD Property Clerk Division; and Patricia Ryan and Patrick Buffalino of the Office of the Chief Medical Examiner.

[4] These claims are three, four, five, six, ten, and eleven.

[5] *See* Defendants Memorandum of Law in Opposition to Plaintiff's Motion for Leave to Amend the Complaint ("Def. Opp.").

course, a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."[6] "[M]otions to amend should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party."[7] "[W]hether to permit a plaintiff to amend its pleadings is a matter committed to the Court's sound discretion."[8]

Where a proposed amended complaint seeks to add new defendants, Federal Rules of Civil Procedure 20 and 21 govern.[9] Rule 21 allows for addition of parties "at any stage of the action and on such terms as are just." Rule 20(a) provides, in relevant part, that "[a]ll persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence,

---

[6] *Slayton v. American Express Co.*, 460 F.3d 215, 226 n.10 (2d Cir. 2006) (quotation marks omitted).

[7] *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008). *Accord Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008).

[8] *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (quotation omitted).

[9] *See Sly Magazine, LLC v. Weider Publ'ns LLC*, 241 F.R.D. 527, 532 (S.D.N.Y. 2007) (citing *Momentum Luggage & Leisure Bags v. Jansport, Inc.*, No. 00 Civ. 7909, 2001 WL 58000, at *1-*2 (S.D.N.Y. Jan. 23, 2001)).

or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." "In deciding whether to allow joinder, courts adhere to 'the same standard of liberality afforded to motions to amend under Rule 15.'"[10]

### B. Relation Back Doctrine

"If a complaint is amended to include an additional defendant after the statute of limitations has run, the amended complaint is not time barred if it 'relates back' to a timely filed complaint."[11]

> (1) An amendment to a pleading relates back to the date of the original pleading when: . . . (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out . . . in the original pleading; or (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.[12]

---

[10] *Sly Magazine, LLC*, 241 F.R.D. at 532 (quoting *Momentum Luggage & Leisure Bags*, 2001 WL 58000, at *2).

[11] *VKK Corp. v. National Football League*, 244 F.3d 114, 128 (2d Cir. 2001) (quoting Fed. R. Civ. P. 15(c)).

[12] Fed. R. Civ. P. 15(c).

## III. DISCUSSION

### A. Federal Claims Against the New Defendants

PAC claims three, four, five, and six bring federal section 1983 claims against the New Defendants. On January 27, 2010, I granted defendants' motion for summary judgment for Newton's federal claims against the existing Individual Defendants on qualified and absolute immunity grounds.[13] Newton admits that this holding would apply to the New Defendants as well, and seeks amendment only to preserve his rights on appeal.[14] Defendants do not oppose.[15] In light of the liberal amendment and joinder standards of Rules 15, 20, and 21, Newton's motions for leave to amend his four federal claims to add New Defendants are granted. Once the amended complaint is filed, these claims will be dismissed for the reasons set forth in the January 27 Opinion.

### B. State Law Claims Against New Defendants

PAC claims ten, eleven, and twelve bring state-law claims against the

---

[13] *See Newton v. City of New York*, No. 07 Civ. 6211, slip op. at 36-39 (S.D.N.Y. Jan. 27, 2010) ("January 27 Opinion") (amending *Newton v. City of New York*, No. 07 Civ. 6211 (S.D.N.Y. Oct. 13, 2009)). The Defendants' motion for summary judgment on Newton's claim for municipal liability against the City was denied. *See id.* at 39-42.

[14] *See* Plaintiff's Reply Memorandum of Law in Support of Plaintiff's Second Motion to Amend the Complaint Filed July 6, 2009 ("Pl. Reply") at 2-3.

[15] *See* Def. Opp. at 3.

New Defendants. Defendants argue that leave to add the New Defendants to these claims should be denied as time barred.[16] Newton's claims accrued on July 6, 2006, when he was released from custody.[17] As defendants point out, all state law claims against City employees were required to be commenced within one year and ninety days of that date – on or around October 6, 2008.[18] Newton counters that the relation back doctrine preserves these state-law claims.[19]

Newton satisfies the first and third elements of the relation back test. The claims arise out of same conduct, transaction, or occurrence as the claims against the existing defendants and "'[n]otice of the allegations against [the New Defendants] may be imputed to them because both they[, the Individual Defendants,] and the City are represented by the same attorney.'"[20] The third

---

[16] *See id.* at 9-12. Plaintiffs' naming of "various John/Jane Does" as defendants did not toll the statute of limitations. *See Aslanidis v. United States Lines, Inc.*, 7 F.3d 1067, 1075 (2d Cir. 1993) ("'John Doe' pleadings cannot be used to circumvent statutes of limitations. . . . Such an amendment may only be accomplished when all of the specifications of Fed.R.Civ.P. 15(c) are met.").

[17] *See* PAC ¶ 32.

[18] *See* Def. Opp. at 9 (citing *Ruggiero v. Phillips*, 292 A.D.2d 41, 44-45 (4th Dep't 2002) and Gen. Mun. Law. § 50-i).

[19] *See* Pl. Reply at 4-6.

[20] *Selinger v. City of New York*, No. 08 Civ. 2096, 2009 WL 1883782, at *4 (S.D.N.Y. June 30, 2009) (alterations omitted) (quoting *Byrd v. Abate*, 964 F. Supp. 140, 146 (S.D.N.Y. 1997) ("Notice of a lawsuit can be imputed to a new defendant state official through his attorney, when the attorney also represents the

element requires more analysis. For relation back to apply, Newton must demonstrate that, but for his mistake as to their identity, the New Defendants knew or should have known that this action would have been brought against them as well. "[T]he failure to identify individual defendants when the plaintiff knows that such defendants must be named cannot be characterized as a mistake."[21]

Newton identified three of the New Defendants – ADAs Carroll, Moore, and Curbelo – in the *original* complaint and their roles in the search for the rape kit were known at that time. For example, Carroll was alleged to have filed an affidavit in 1994 in which he stated that the rape kit could not be located despite diligent searches.[22] Newton also alleged that, at that time, his motion for DNA testing was denied only because "the rape kit . . . could not be located by . . . the Bronx District Attorney's Office" and others.[23] Moore was alleged to have transmitted "false and inaccurate" information concerning searches for the rape kit to a federal magistrate judge in 1997.[24] Curbelo was alleged to have filed with the

---

officials originally sued.")).

[21] *Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 469-70 (2d Cir. 1995), *as modified*, 74 F.3d 1366, 1367 (2d Cir. 1996).

[22] *See* Complaint ¶ 101.

[23] *Id.* ¶ 102.

[24] *Id.* ¶ 106.

7

state court a letter he received from the NYPD, which contained "many inconsistencies and illogical claims."[25] Newton's omission of these individuals as defendants cannot be attributed to a mistake. Accordingly, Newton's motions to amend the complaint to add these individuals as defendants are denied.

For the remaining fifteen New Defendants, Newton named John and Jane Does in his original complaint and sought the identities of these individuals throughout the litigation. Defendants did not produce the first witnesses and the most critical evidence relating to the mishandling of the rape kit – the Yellow Invoice that was used to track its movement – until February 4, 2009.[26] Newton claims that it was only then that he was able to identify the New Defendants and the role each played.[27] One month later, Newton notified defendants and the Court of his intention to amend the complaint.[28] It was defendants, rather than Newton, who failed to identify the New Defendants. These facts are sufficient to establish mistake.[29] The doctrine of relation back applies.[30]

---

[25] *Id.* ¶ 111.

[26] *See* Schutty Decl. ¶ 19.

[27] *See* Plaintiff's Memorandum of Law in Support of His Second Motion to Amend the Complaint at 6; Schutty Decl. ¶¶ 7, 13, 16, 19, 20.

[28] *See* 3/9/09 Letter from Schutty to the Court, Ex. A to Schutty Decl.

[29] *See Maccharulo v. Gould*, 643 F. Supp. 2d 587, 597 (S.D.N.Y. 2009) ("Where a plaintiff tries diligently during the limitations period to ascertain the

8

## C. Delay and Prejudice

Defendants assert that leave to amend should be denied due to delay and prejudice. All parties and the court have spent enormous amounts of time and resources moving towards trial in this action. Defendants note that they have produced fifteen thousand pages of documents, more than twenty witnesses for

---

identities of the intended defendants, failure to ascertain the correct names within the period combined with some 'John Doe' or other generic identification in the pleading may suffice to establish factual 'mistake' supporting relation back."); *Byrd*, 964 F. Supp. at 144-46 (holding plaintiff's late identification of officer defendant was a "mistake" under relation back doctrine where plaintiff identified officer as "John Doe" defendant, made a series of efforts to obtain officer's identity before end of limitations period, and defense counsel failed to disclose officer's identity until after limitations period had run). *Cf. Barrow*, 66 F.3d at 470, *as modified*, 74 F.3d at 1367 (refusing to find a mistake, even though plaintiff had named John Does, where plaintiff failed to make efforts to learn the individuals identities as soon as possible after the commencement of the action and promptly amending the complaint once he had the information).

[30] Newton also satisfies New York's more lenient three-prong relation back test with regard to these fifteen New Defendants. *See Buran v. Coupal*, 87 N.Y.2d 173, 178 (1995). The claims arise out of same conduct, transaction, or occurrence as the claims against the existing defendants and, based on the New Defendants' employment, each is united in interest with the City. *See Amaya v. Garden City Irrigation, Inc.*, 645 F. Supp. 2d 116, 122 (E.D.N.Y. 2009) ("The most frequently cited relationship creating a unity of interest is vicarious liability, such as between an employer and employee or a corporation and its agents.") (citing *Connell v. Hayden*, 443 N.Y.S.2d 383, 393 (2d Dep't 1981)). Furthermore, Newton did not intentionally omit these fifteen New Defendants from the original complaint. *See Beck v. Consolidated Rail Corp.*, 394 F. Supp. 2d 632, 640 (S.D.N.Y. 2005) ("As there is no indication that Plaintiffs intentionally omitted Penn Lines or Norfolk from the original complaint, the third element is satisfied.").

9

deposition, and filed two summary judgment motions.[31] They express legitimate concerns that the addition of the New Defendants more than two years after the action was filed and nearly a year after fact discovery was originally set to close will significantly delay resolution of this case.[32]

Defendants fail to acknowledge, however, that the delay is to a large extent their fault. Defendants have been slow to produce documents and witnesses and refused to cooperate with Newton's discovery requests, providing the most critical evidence and depositions as late as February 2009. Although adding the New Defendants requires that they be deposed, the depositions will be limited to Newton's state law claims. While the additional depositions will certainly be taxing on defendants, they are not so substantial as to cause undue prejudice. Accordingly, Newton may amend his complaint to add the fifteen New Defendants to the state-law claims.

## IV. CONCLUSION

For the foregoing reasons, Newton's motions for leave to amend the complaint are granted in part and denied in part. Newton also seeks to depose all

---

[31] *See* Def. Opp. at 12.

[32] *See id.*

New Defendants.[33] To the extent those depositions have not yet occurred, Newton's request is granted, but the scope is limited to the remaining claims.

The Clerk of the Court is directed to close these motions (Docket nos. 73 and 92).

SO ORDERED:

/s/ Shira A. Scheindlin

Shira A. Scheindlin
U.S.D.J.

Dated:  New York, New York
January 27, 2010

---

[33] *See* 10/19/09 Letter from Schutty to the Court.

## - Appearances -

**For Plaintiff:**

John Francis Schutty III, Esq.
Law Office of John F. Schutty
445 Park Avenue, 9th Floor
New York, New York 10022
(212) 836-4796

**For Defendants:**

Arthur Gabriel Larkin III
Fred Michael Weiler
Assistant Corporation Counsel
The New York City Law Department
100 Church Street
New York, New York 10007
(212) 788-1599