UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X

ALAN NEWTON,

        Plaintiff,

- against -

THE CITY OF NEW YORK; DISTRICT
ATTORNEYS MARIO MEROLA AND ROBERT T.
JOHNSON, INDIVIDUALLY, AND IN THEIR
OFFICIAL CAPACITY; ANDREA FREUND AND
VARIOUS JOHN/JANE DOES, INDIVIDUALLY
AND IN THEIR OFFICIAL CAPACITIES AS
EMPLOYEES OF THE CITY OF NEW YORK WHO
ARE/WERE ASSISTANT DISTRICT ATTORNEYS
WITHIN THE OFFICE OF THE DISTRICT
ATTORNEY, COUNTY OF BRONX; DETECTIVE
JOANNE NEWBERT, DETECTIVE PHILLIP
GALLIGAN, DETECTIVE [JOHN DOE]
HARTFIELD, DETECTIVE [JOHN DOE] RYAN,
DETECTIVE [JOHN DOE] HARRIS, POLICE
OFFICER DOUGLAS LEHO, POLICE OFFICER
WILLIAM SEAN O'TOOLE, LIEUTENANT
MICHAEL SHEEHAN, SERGEANT PATRICK J.
McGUIRE, POLICE OFFICER [JOHN DOE]
HASKINS, POLICE OFFICER [JANE DOE] KIELY,
INSPECTOR JACK J. TRABITZ AND VARIOUS
JOHN/JANE DOES, INDIVIDUALLY AND IN
THEIR OFFICIAL CAPACITIES AS EMPLOYEES
OF THE CITY OF NEW YORK WHO ARE/WERE
MEMBERS OF THE POLICE DEPARTMENT OF
THE CITY OF NEW YORK,

        Defendants.

------------------------------------------------------------------- X

AMENDED
MEMORANDUM
OPINION AND
ORDER

07 Civ. 6211 (SAS)



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/1/10

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

**I.   INTRODUCTION**

For eleven years, Alan Newton was denied access to a rape kit that, once subjected to DNA testing, proved that he did not commit the crime of which he had been convicted. On July 3, 2007, Newton brought federal and state claims based on, among other things, the alleged mishandling of the rape kit against the City of New York (the "City") and additional persons in their individual capacities (the "Individual Defendants"), as well as official capacities (collectively, the "defendants"), and "various John/Jane Does." Newton now moves for leave to amend the complaint.[1] The proposed amended complaint ("PAC") repleads twelve of Newton's original sixteen claims[2] and adds nineteen new defendants

---

[1] *See* Plaintiff's Motion for Leave to Amend the Complaint. A second motion for leave to amend was subsequently filed. *See* Plaintiff's Second Motion for Leave to Amend the Complaint. These motions are Newton's first request to amend the Complaint.

[2] Newton repleads seven federal claims brought under section 1983: (1) unduly suggestive identification procedures against individual New York Police Department ("NYPD") defendants (claim one), *see* PAC ¶¶ 142-150; (2) false arrest and imprisonment, and malicious prosecution against individual NYPD defendants (claim two), *see id.* ¶¶ 151-165; (3) loss of material, critical criminal evidence against existing and new defendants (claim three), *see id.* ¶¶ 166-175; (4) supervisor liability against existing and new defendants (claim four), *see id.* ¶¶ 176-193; (5) supervisor liability against one existing defendant (claim five), *see id.* ¶¶ 194-211; (6) conspiracy liability against existing and new defendants (claim six), *see id.* ¶¶ 212-218; and (7) municipal liability against the City (claim seven), *see id.* ¶¶ 219-227. Newton also repleads five state law claims: (1) false arrest and

(the "New Defendants")[3] to the six federal and state-law claims regarding the loss/misplacement of the rape kit.[4] To the extent that Newton's motions to amend sought to add new defendants to Newton's state-law claims, that motion has been withdrawn.[5] For the reasons that follow, Newton's motions are granted as to the federal claims.

## II. APPLICABLE LAW

"Rule 15(a) provides that, other than amendments as a matter of

---

imprisonment against existing defendants (claim eight), *see id.* ¶¶ 228-237; (2) malicious prosecution against existing defendants (claim nine), *see id.* ¶¶ 238-246; (3) negligent loss of evidence against existing and new defendants (claim ten), *see id.* ¶¶ 247-256; (4) negligent supervision against existing and new defendants (claim eleven), *see id.* ¶¶ 257-273; and (5) infliction of emotional distress against existing and new defendants (claim twelve), *see id.* ¶¶ 274-283. Newton discontinued claims originally asserted against four defendants and deletes references to claims withdrawn by Newton or dismissed by the Court. *See* 6/16/09 Declaration of John F. Schutty, Newton's counsel, filed in support of Plaintiff's Motion to Amend Complaint ¶ 15.

[3] The New Defendants are assistant district attorneys ("ADAs") Stacey Edelbaum, Rafael Curbelo, John Carroll, and John Moore of the Bronx District Attorney's Office; John P. Higgins, Bruce J. Major, Donald Hackson, Gerard Nathason, George Kuttler, Bruce Kessler, Adrian Merrick, Colleen Dundas, Patricia Brandow, Walter Smith, Patrick McKeon, Anthony Russo, and David Deangelis of the NYPD Property Clerk Division; and Patricia Ryan and Patrick Buffalino of the Office of the Chief Medical Examiner.

[4] These claims are three, four, five, six, ten, and eleven.

[5] *See* Stipulation Dismissing Common Law Tort Claims Asserted Against Certain Defendants (Docket No. 134).

2

course, a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."[6] "[M]otions to amend should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party."[7] "[W]hether to permit a plaintiff to amend its pleadings is a matter committed to the Court's sound discretion."[8]

Where a proposed amended complaint seeks to add new defendants, Federal Rules of Civil Procedure 20 and 21 govern.[9] Rule 21 allows for addition of parties "at any stage of the action and on such terms as are just." Rule 20(a) provides, in relevant part, that "[a]ll persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence,

---

[6] *Slayton v. American Express Co.*, 460 F.3d 215, 226 n.10 (2d Cir. 2006) (quotation marks omitted).

[7] *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008). Accord *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008).

[8] *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (quotation omitted).

[9] See *Sly Magazine, LLC v. Weider Publ'ns LLC*, 241 F.R.D. 527, 532 (S.D.N.Y. 2007) (citing *Momentum Luggage & Leisure Bags v. Jansport, Inc.*, No. 00 Civ. 7909, 2001 WL 58000, at *1-*2 (S.D.N.Y. Jan. 23, 2001)).

or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." "In deciding whether to allow joinder, courts adhere to 'the same standard of liberality afforded to motions to amend under Rule 15.'"[10]

## III. DISCUSSION

PAC claims three, four, five, and six bring federal section 1983 claims against the New Defendants. On January 27, 2010, I granted defendants' motion for summary judgment for Newton's federal claims against the existing Individual Defendants on qualified and absolute immunity grounds.[11] Newton admits that this holding would apply to the New Defendants as well, and seeks amendment only to preserve his rights on appeal.[12] Defendants do not oppose.[13] In light of the liberal amendment and joinder standards of Rules 15, 20, and 21, Newton's motions for

---

[10] *Id.* (quoting *Momentum Luggage & Leisure Bags,* 2001 WL 58000, at *2).

[11] *See Newton v. City of New York*, No. 07 Civ. 6211, slip op. at 36-39 (S.D.N.Y. Jan. 27, 2010) ("January 27 Opinion") (amending *Newton v. City of New York*, No. 07 Civ. 6211 (S.D.N.Y. Oct. 13, 2009)). The Defendants' motion for summary judgment on Newton's claim for municipal liability against the City was denied. *See id.* at 39-42.

[12] *See* Plaintiff's Reply Memorandum of Law in Support of Plaintiff's Second Motion to Amend the Complaint Filed July 6, 2009 at 2-3.

[13] *See* Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Leave to Amend the Complaint at 3.

leave to amend his four federal claims to add New Defendants are granted. Once the amended complaint is filed, these claims will be dismissed for the reasons set forth in the January 27 Opinion.

## IV. CONCLUSION

For the foregoing reasons, Newton's motions for leave to amend the complaint are granted as to Newton's federal claims. Newton also seeks to depose all New Defendants.[14] To the extent those depositions have not yet occurred, Newton's request is granted, but the scope is limited to the remaining claims.

The Clerk of the Court is directed to close these motions (Docket nos. 73 and 92).

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:   New York, New York
         April 1, 2010

---

[14]   See 10/19/09 Letter from Schutty to the Court.

## - Appearances -

**For Plaintiff:**

John Francis Schutty III, Esq.
Law Office of John F. Schutty
445 Park Avenue, 9th Floor
New York, New York 10022
(212) 836-4796

**For Defendants:**

Arthur Gabriel Larkin III
Fred Michael Weiler
Assistant Corporation Counsel
The New York City Law Department
100 Church Street
New York, New York 10007
(212) 788-1599